# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THICCC BOY PRODUCTIONS INC.<br><br>    Plaintiff,<br><br>    v.<br><br>KYLE SWINDELLES a/k/a YEW NEEK NESS; and DOES 1 through 10,<br><br>    Defendants. | Case No.<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff THICCC BOY PRODUCTIONS INC. ("Plaintiff"), by its undersigned attorneys, brings this Complaint against KYLE SWINDELLES a/k/a YEW NEEK NESS ("Defendant") and Does 1 through 10 (all collectively referred to as "Defendants"), for copyright infringement.

## THE PARTIES

1. Plaintiff is a Colorado corporation, with its principal place of business in Greenwood Village, Colorado.

2. Defendant is an individual, residing in Providence, Rhode Island.

3. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does 1-10, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities when ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously names Defendants is responsible in some manner or capacity for the wrongful conduct alleged herein, and that Plaintiff's loss was proximately and/or directly caused by Defendants' acts.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over the claims asserted in this action

pursuant to 28 U.S.C. §§ 1331 and 1338, as such arise under the copyright laws of the United States, 17 U.S.C. § 101, *et seq*. (the "Copyright Act"). Specifically, Plaintiff invokes a question of federal law for its claim for copyright infringement under 17 U.S.C. § 501.

5. The Court has personal jurisdiction over Defendant in that he resides in this district and has consented to personal jurisdiction pursuant to 17 U.S.C. § 512(g)(3)(D).

6. Venue of this action is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants reside in and are subject to personal jurisdiction in this judicial district.

## FACTUAL BACKGROUND

7. Plaintiff is the sole and exclusive owner of certain copyrighted works, including the following four audio-visual works (each a "Work" and collectively, the "Works"):

(a) *The Fighter and The Kid* (*TKATK*) Episode 725 ('725);

(b) *TFATK* Episode 726 ('726);

(c) *TFATK* Episode 729 ('729); and

(d) *TFATK* Episode 740 ('740).

8. Plaintiff registered the Works with the United States Copyright Office on February 22, 2022 (Registration Nos. PAu-4-122-301, PAu-4-122-303, PAu-4-122-304, and PAu-4-122-306). Copies of the copyright registration certificates are attached as Exhibit A.

9. YouTube (www.youtube.com) is an online video streaming service. The videos on the site can be viewed and listened to by users while they are connected to the internet, but the transmission of those videos does not result in a permanent copy of the video being made for offline access by the user. The videos cannot lawfully be downloaded, copied, saved, or distributed by YouTube users.

10. Plaintiff uploaded the Works to Plaintiff's YouTube channel for streaming only as follows: (a) '725 on September 7, 2021; (b) '726 on September 8, 2021; (c)'729 on September 20, 2021; and (d) '740 on October 25, 2021.

11. Other than with respect to and in connection with the public performance of the Works on Plaintiff's YouTube channel, Plaintiff has never authorized: (a) the reproduction of

any of the Works; (b) the creation of a derivative work of any of the Works; (c) the public performance or display of any of the Works; (d) the public distribution of any of the Works; or (e) the publication of any of the Works (nor has Plaintiff ever offered to a group copies of any of the Works for further distribution or public display or performance).

12. Without authorization and in violation of YouTube's terms of service, Defendant downloaded each of the Works, created derivative works of each of the Works (the "Infringing Works"), and then uploaded the Infringing Works to Defendant's YouTube Channel to be streamed.

13. On February 15, 2022 and February 16, 2022, Plaintiff sent YouTube a Digital Millennium Copyright Act ("DMCA") takedown notice pursuant to 17 U.S.C. § 512(c) with respect to each of the Infringing Works.

14. On February 18, 2022 and February 19, 2022, Defendant sent to YouTube a DMCA counter-notification pursuant to 17 U.S.C. § 512(g) with respect to each of the Infringing Works.

## CLAIM FOR RELIEF

**(For Copyright Infringement Against Defendant and Does 1-10)**

15. Plaintiff hereby incorporate the allegations set forth above in paragraphs 1 through 14 above, as though fully set forth herein.

16. Plaintiff is the sole and exclusive owner of each of the Works, which have been registered with the United States Copyright Office.

17. Without Plaintiff's license, authorization or consent, Defendant has reproduced, created derivative works, distributed and caused the public performance and display of each of the Works, thereby infringing Plaintiff's exclusive rights of copyright in each of the Works under the U.S. Copyright Act, 17 U.S.C. §§ 106(1)-(5).

18. Each unauthorized reproduction, creation of a derivative work, distribution, public performance or public display of each Work constitutes a separate and distinct act of copyright infringement.

19. Defendant did not have the right to reproduce, create derivative works or distribute any of the Works, or publicly perform or display any of the Infringing Works through YouTube or otherwise.

20. Pursuant to 17 U.S.C. § 504(b), as a direct and proximate result of Defendant's infringement of Plaintiff's copyrights, Plaintiff is entitled to recover its actual damages, including, Defendant's profits from infringement, as will be proven at trial.

21. Defendant's conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's copyrights, and ordering the Defendant to impound and destroy all copies of the Works made in violation of Plaintiff's exclusive rights.

## **DEMAND FOR JURY TRIAL**

22. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands trial by jury on all issues triable by right of jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff hereby demands judgment against Defendant, and requests the following:

A. For a preliminary and permanent injunction against Defendant, and anyone working in concert with it, from (1) further reproducing, distributing or creating derivative works of the Works, and (2) reproducing, distributing or publicly performing any of the Infringing Works;

B. Under 17 U.S.C § 503, for impoundment and destruction of all copies of the Works and Infringing Works used by Defendant in violation of Plaintiff's copyright in the Works – including all digital copies or any other means by which they could be used again by Defendant without Plaintiff's authorization – as well as all related records and documents;

C. Under 17 U.S.C. § 504(b), for actual damages and all of Defendant's profits derived from the unauthorized use of the Works;

D. For an award of pre-judgment and post-judgment interest as allowed by law;

E. For all of Plaintiff's costs; and

F. For such other and further relief as the Court deems necessary, just and proper.

Respectfully Submitted,
Thiccc Boy Productions Inc.

DATED: February 28, 2022

/s/ *Travis J. McDermott*
Travis J. McDermott (#8738)
PARTRIDGE SNOW & HAHN LLP
40 Westminster Street, Suite 1100
Providence, RI 02903
(401) 861-8217
tmcdermott@psh.com

and

Robert E. Allen *(Pro hac vice pending)*
Thomas P. Burke Jr. *(Pro hac vice pending)*
GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
(310) 553-3000
rallen@glaserweil.com
tburke@glaserweil.com