IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THICCC BOY PRODUCTIONS INC.<br><br>Plaintiff,<br><br>v.<br><br>KYLE SWINDELLES a/k/a YEW NEEK NESS; and DOES 1 through 10,<br><br>Defendants. | Case No. 1:22-cv-00090-MSM-PAS<br><br>**PLAINTIFF THICCC BOY PRODUCTIONS INC.'S MOTION TO STRIKE ANSWER OF DEFENDANT KYLE SWINDELLES a/k/a YEW NEEK NESS** |

**TO THE COURT AND TO DEFENDANT:**

**PLEASE TAKE NOTICE** that at a date and time to set by the United States District Court for the District of Rhode Island, located at 1 Exchange Terrace, Providence, RI 02903, Plaintiff Thiccc Boy Productions Inc. ("Plaintiff") will and hereby does moves this Court, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, to strike, in its entirety, the Answer filed in the above-entitled action by Defendant Kyle Swindelles ("Defendant").

Plaintiff brings this motion on the grounds that Defendant's Answer and the affirmative defense asserted therein fail to meet the standards set forth in Rule 8 of the Federal Rules of Civil Procedure by failing to: (i) "state in short and plain terms [Defendant's] defenses to each claim asserted against [him]" (Fed. R. Civ. P. 8(b)(1)(A)); (ii) "admit or deny the allegations asserted against [him] by an opposing party" (Fed. R. Civ. P. 8(b)(1)(B)); and (iii) "respond to the substance of the allegation" for each of Defendant's denials (Fed. R. Civ. P. 8(b)(2)).

The facts and legal arguments upon which this Motion to Strike is based are set forth in the accompanying Memorandum of Law.

///

///

///

2149960

1

| | |
|---|---|
| DATED: April 25, 2022 | */s/ Thomas P. Burke Jr.* <br> Robert E. Allen *(Admitted pro hac vice)* <br> Thomas P. Burke Jr. *(Admitted pro hac vice)* <br> GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP <br> 10250 Constellation Blvd., 19th Floor <br> Los Angeles, CA 90067 <br> (310) 553-3000 <br> rallen@glaserweil.com <br> tburke@glaserweil.com <br><br> and <br><br> Travis J. McDermott (#8738) <br> PARTRIDGE SNOW & HAHN LLP <br> 40 Westminster Street, Suite 1100 <br> Providence, RI 02903 <br> (401) 861-8217 <br> tmcdermott@psh.com |

## TABLE OF CONTENTS

Page

| | | |
|---|---|---|
| **I.** | STATEMENT OF FACTS | 6 |
| **II.** | ARGUMENT | 7 |
| **III.** | CONCLUSION | 12 |

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Ashcroft v. Iqbal*,
      556 U.S. 662 (2009) .................................................................................................. 10

*Bell Atlantic Corp. v. Twombly*,
      550 U.S. 544 (2007) .................................................................................................. 10

*Casaccia v. City of Rochester*, No. 6:17-CV-06323-MAT, 2019 WL 3816561 (W.D.N.Y.
      Aug. 14, 2019) ........................................................................................................... 10

*Colonial Pac. Leasing Corp. v. Eric T. Helland D.D.S., P.C.,* No. 12–cv–00803–MSK,
      2012 WL 12942268 (D. Colo. Sep. 17, 2012) .......................................................... 10

*Culinary and Serv. Emps. Union, AFL–CIO Local 555 v. Haw. Emp. Benefits Admin.,
      Inc.*,
      688 F.2d 1228 (9th Cir. 1982) .................................................................................... 7

*Dann v. Lincoln Nat. Corp.*,
      274 F.R.D. 139 (E.D. Pa. 2011) ................................................................................ 10

*F.D.I.C. v. Modular Homes, Inc.*,
      859 F.Supp. 117 (D.N.J.1994) .................................................................................... 8

*Glenside W. Corp. v. Exxon Co., U.S.A., a Div. of Exxon Corp.*,
      761 F. Supp. 1100 (D.N.J. 1991) .............................................................................. 11

*Gov't Emps. Ins. Co. v. Hamilton Health Care Ctr. P.C.*, 2017 WL 4155047 (D.N.J. Sep.
      19, 2017) (unpublished) .................................................................................. 7, 10, 11

*Greenberg v. Guzman*,
      No. CV1400866BROFFMX, 2014 WL 12569375 (C.D. Cal. July 10, 2014) ............. 9, 10

*Huertas v. U.S. Dep't of Educ.*,
      No. CIV.08-3959 RBK/JS, 2009 WL 2132429 (D.N.J. July 13, 2009) ............................ 8

*Nat'l Rest. Ass'n Educ. Found. v. Shain*, 287 F.R.D. 83 (D.D.C. 2012) ...................................... 10

*Two Men & a Truck/Int'l, Inc. v. Empire Moving & Storage Inc.*,
      No. 11-62452-CIV, 2012 WL 12863124 (S.D. Fla. Nov. 14, 2012) ................................ 9

*United States v. Consol. Coal Co.*,
      No. 89–2124, 1991 WL 333694 (W.D.Pa. July 5, 1991) ................................................ 11

*United States v. Consolidation Coal Co.*,
      Civ. No. 89–2124, 1991 WL 333694 (W.D.Pa. Jul.5, 1991) ........................................... 8

2149960

## **FEDERAL STATUTES**

17 U.S.C. § 107.................................................................................................................... 11

## **FEDERAL RULES**

Fed. R. Civ. P. 12(f)........................................................................................................... 7, 8

Fed. R. Civ. P. 8................................................................................................................. 6, 7

Fed. R. Civ. P. 8(b)......................................................................................................... 8, 9, 10

Fed. R. Civ. P. 8(b)(1)............................................................................................................ 8

Fed. R. Civ. P. 8(b)(1)(A).................................................................................................. 7, 10

Fed. R. Civ. P. 8(b)(1)(B)................................................................................................. 7, 9, 12

Fed. R. Civ. P. 8(b)(2)..................................................................................................... 7, 8, 9, 12

Fed. R. Civ. P. 8(b)(3)......................................................................................................... 8, 9

## **MEMORANDUM OF LAW**

I. **STATEMENT OF FACTS**

Plaintiff commenced this action on February 28, 2022, filing a Complaint against Defendant for copyright infringement. The gist of Plaintiff's complaint is that Plaintiff owns certain copyrighted works, which Defendant infringed by downloading Plaintiff's copyrighted works, creating derivative works based thereon, and uploading such infringing derivative works to Defendant's YouTube channel for public consumption.

Plaintiff alleges that Plaintiff registered the four works at issue with the United States Copyright Office on February 22, 2022—i.e., Registration Nos. PAu-4-122-301, PAu-4-122-303, PAu-4-122-304, and PAu-4-122-306 (collectively, the "Works"). *See* Complaint (ECF No. 1) at ¶¶ 7–8. Plaintiff further alleges that Plaintiff uploaded the Works to Plaintiff's YouTube channel for streaming only. *Id*. at ¶ 10. Plaintiff complains that Defendant infringed the Works by downloading each of the Works, creating derivative works based thereon, and uploading the infringing derivative works to Defendant's own YouTube channel, where they were publicly performed. *Id*. at ¶ 12. Based on these allegations, Plaintiff asserts a claim for copyright infringement against Defendant. *Id*, at ¶¶ 15–21.

Plaintiff's Complaint identified the parties (Complaint [ECF No. 1] at ¶¶ 1–3), set forth the bases for the court's jurisdiction and the propriety of venue in this Court (*id.* at ¶¶ 4–6), alleged the facts underlying Plaintiff's causes of action (*id.* at ¶¶ 7–14), stated a claim against Defendant for Copyright Infringement (*id.* at ¶¶ 15–21), demanded a jury trial (*id.* at ¶ 22), and requested affirmative relief (*id.* at p. 4).

In response, Defendant filed a cursory two-sentence answer stating, in sum: "I deny the allegations made by the plaintiff that I committed copyright infringement; all my videos fall under the fair use guidelines. I ask that this case be dismissed as the plaintiff has not listed or provided evidence as to how I committed copyright infringement, thank you." *See* Answer (ECF No. 8). This response falls far short of the requirements of Rule 8 by failing to do any of the following: (i) to "state in short and plain terms [Defendant's] defenses to each claim asserted

against [him]" (Fed. R. Civ. P. 8(b)(1)(A)); (ii) to "admit or deny the allegations asserted against [Defendant] by [Plaintiff]" (Fed. R. Civ. P. 8(b)(1)(B)); and (iii) to "respond to the substance of the allegation" in each of Defendant's denials (Fed. R. Civ. P. 8(b)(2)).

For the foregoing reasons, and those that follow, Plaintiff respectfully requests that the Court strike Defendant's Answer in its entirety.

## II.     ARGUMENT

Defendant's Answer should be stricken in its entirety because Defendant failed to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure and cannot, in good faith, deny all of the allegations in Plaintiff's Complaint. Moreover, Defendant's apparent assertion of the affirmative defense of fair use fails to give Plaintiff any information or notice about the purported defense, rendering it completely insufficient.

Rule 12(f) of the Federal Rules of Civil Procedure authorizes a Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) authorizes courts to strike pleadings in whole or in part. *See*, *e.g.*, *Barth v. United States*, No. 2:18-CV-00201-JAW, 2018 WL 5793845, at *1 (D. Me. Nov. 5, 2018), aff'd, No. 18-2199, 2020 WL 5904427 (1st Cir. May 5, 2020) (granting a defendant's motion to strike a complaint in its entirety pursuant to Rule 12(f) for failing to comply with Rule 8(a)); *see also Culinary and Serv. Emps. Union, AFL–CIO Local 555 v. Haw. Emp. Benefits Admin., Inc.*, 688 F.2d 1228, 1232 (9th Cir. 1982) ("The district court has authority under Rule 12(f) to strike a pleading, in whole or in part...."). Importantly, the authority to strike pleadings pursuant to Rule 12(f) extends to "pleadings that fail to meet the standards set forth under Rule 8(b)." *See Gov't Emps. Ins. Co. v. Hamilton Health Care Ctr. P.C.*, No. CV 17-0674, 2017 WL 4155047, at *1 (D.N.J. Sept. 19, 2017) (unpublished).

Defendant filed his Answer as a pro se defendant and courts generally "hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects." *Dutil v. Murphy*, 550 F.3d 154, 158 (1st Cir. 2008). But Defendant's pro se status does not exempt him

form the Rules of Civil procedure. See, e.g., *United States v. $10,648.00 in U.S. Currency*, No. 11-CV-362-LM, 2012 WL 3779150, at *4 (D.N.H. Aug. 31, 2012). Therefore, a court may order a pro se defendant to file an amended pleading that meets the requirements of Rule 8(b). *See id.* (ordering a pro se defendant to amend her answer for failing to comply with Rule 8).

Affirmative defenses should also be stricken pursuant to Rule 12(f) when they are legally insufficient, which "saves time and expense by making it unnecessary to litigate defenses that will not affect the outcome of the case." *Huertas v. U.S. Dep't of Educ.*, No. CIV.08-3959 RBK/JS, 2009 WL 2132429, at *1 (D.N.J. July 13, 2009). For this reason, "[d]efenses that are nothing more than bare bones conclusory allegations can be stricken." *Id*. at *2 (quoting *F.D.I.C. v. Modular Homes, Inc.*, 859 F.Supp. 117, 120–21 (D.N.J. 1994); *citing also United States v. Consolidation Coal Co.*, Civ. No. 89–2124, 1991 WL 333694, at *3–4 (W.D.Pa. Jul.5, 1991).)

Federal Rule of Civil Procedure 8(b) sets forth the requirements for a response to a complaint. In responding to a complaint, a defendant must "(A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). Moreover, any denial "must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2). A defendant that "intends in good faith to deny ***all the allegations of a pleading--including the jurisdictional grounds***--may do so by a general denial"; otherwise, the answering defendant "must either specifically deny designated allegations or generally deny all except those specifically admitted." Fed. R. Civ. P. 8(b)(3) (emphasis added).

Plaintiff's Complaint consisted of 21 paragraphs—14 of which alleged background facts and 7 of which asserted a claim for copyright infringement against Defendant. *See* Complaint [ECF No. 1], *passim*. Defendant's two-sentence answer failed to admit or deny any of Plaintiff's allegations and instead generally denied that Defendant "committed copyright infringement," argued that Defendant's videos "fall under the fair use guidelines," and asked that the case be dismissed. *See* Answer (ECF No. 8). However, a general denial is permitted under Rule 8(b)(3) only where a party "intends in good faith to deny all the allegations of a pleading--including the

jurisdictional grounds[.]" Fed. R. Civ. P. 8(b)(3); *see also Greenberg v. Guzman*, No. CV1400866BROFFMX, 2014 WL 12569375, at *2 (C.D. Cal. July 10, 2014) ("Rule 8(b)(3) does permit an answer in the form of a general denial, but only if it 'intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds....' Fed. R. Civ. P. 8(b)(3).").

Defendant's Answer contests only the allegations that he committed copyright infringement. *See* Answer (ECF No. 8) ("I deny the allegations made by the plaintiff that I committed copyright infringement; all my videos fall under the fair use guidelines.") Defendant does not appear to challenge Plaintiff's general allegations of fact or Copyright Registrations, the Court's jurisdiction, that this Court is the proper venue for the adjudication of the parties' dispute, that Defendant copied each of the Works, that Defendant created derivative works or that Defendant uploaded those derivative works to YouTube, where he caused them to be publicly performed. Defendant *cannot* in good faith deny the entirety of Plaintiff's complaint—he cannot, for example, deny that this court has subject matter jurisdiction over the parties' dispute under the Copyright Act. *See*, *e.g.*, *Greenberg*, 2014 WL 12569375, at *2 (rejecting a general denial answer because "[d]efendant cannot in good faith deny that jurisdiction is proper in this case."). Therefore, Defendant cannot answer Plaintiff's complaint via a general denial answer pursuant to Rule 8(b)(3).

Because Defendant cannot, in good faith, deny all of the allegations in Plaintiff's Complaint, Defendant must comply with Rule 8(b) and "admit or deny the allegations asserted against" him (Fed. R. Civ. P. 8(b)(1)(B)) and any such denial "must fairly respond to the substance of the allegation" (Fed. R. Civ. P. 8(b)(2)). Defendant's two-sentence response fails to meet these requirements. Courts have routinely stricken cursory and conclusory answers like Defendant's for failing to satisfy the requirements of Rule 8(b). *See*, *e.g.*, *Two Men & a Truck/Int'l, Inc. v. Empire Moving & Storage Inc.*, No. 11-62452-CIV, 2012 WL 12863124, at *2 (S.D. Fla. Nov. 14, 2012) (granting motion to strike defendant's one-sentence answer because it "wholly fails to satisfy the requirements of Rule 8(b)," since "it cannot be said to be a 'good

faith' denial of 'all the allegations of [the] pleading' under 8(b)(3)"); *Greenberg v. Guzman*, No. CV1400866BROFFMX, 2014 WL 12569375, at *2 (C.D. Cal. July 10, 2014) (collecting cases and noting that "[c]ourts have routinely found one-sentence answers in the form of a general denial to be impermissible for lack of good faith."); *Casaccia v. City of Rochester*, No. 6:17-CV-06323-MAT, 2019 WL 3816561, at *10 (W.D.N.Y. Aug. 14, 2019) (granting motion to strike an answer that consisted entirely of a general denial because the complaint contained allegations that "clearly should have been admitted"); *Nat'l Rest. Ass'n Educ. Found. v. Shain*, 287 F.R.D. 83, 87 (D.D.C. 2012) (noting that "defendants' [one-sentence] general denial … would be subject to a motion to strike under Fed.R.Civ.P. 12(f)" because it shows a lack of good faith); *see also Gov't Emps. Ins.*, 2017 WL 4155047, at *2 (striking conclusory answers that failed to conform to procedural rules and because general denials failed to provide context as to what information in a detailed complaint Defendants responded to); *Colonial Pac. Leasing Corp. v. Eric T. Helland D.D.S., P.C.*, No. 12–cv–00803–MSK, 2012 WL 12942268, at *1 (D. Colo. Sep. 17, 2012) (striking an answer that "fails to admit or deny the factual allegations of the Complaint" and merely asserts affirmative defenses).

      Defendant's Answer also fails to satisfy pleading standards for affirmative defenses. Defendant's Answer states that "all [his] videos fall under the fair use guidelines." *See* Answer (ECF No. 8). Rule 8(b) obligates a party responding to a pleading to "state in short and plain terms its defenses to each claim asserted against it[.]" Fed. R. Civ. P. 8(b)(1)(A). However, an affirmative defense is not properly pled where, as here, "it fails to give the plaintiff fair notice of the nature of the defense." *Greenberg v. Guzman*, No. CV1400866BROFFMX, 2014 WL 12569375, at *1 (C.D. Cal. July 10, 2014).

      While courts are split on whether the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) apply to affirmative defenses, "even before *Twombly* and *Iqbal*, affirmative defenses had to provide the plaintiff with fair notice of the nature of the defense." *See, e.g.*, *Dann v. Lincoln Nat. Corp.*, 274 F.R.D. 139, 145 (E.D. Pa. 2011) (citing, *United States v. Consol. Coal Co.*, No. 89–2124, 1991 WL 333694,

at *4 (W.D.Pa. July 5, 1991)). A motion to strike "will therefore be granted when a defense is legally insufficient under any set of facts which may be inferred from the allegations of the pleading." *Glenside W. Corp. v. Exxon Co., U.S.A., a Div. of Exxon Corp.*, 761 F. Supp. 1100, 1115 (D.N.J. 1991).

Defendant's conclusory statement that his use of the Works falls under the "fair use guidelines" fails to give Plaintiff any information or notice concerning the affirmative defense. Even assuming that the "fair use guidelines" to which Defendant refers are the permitted purposes identified in the Copyright Act, Defendant fails to offer Plaintiff any information or notice of the factual and legal bases for his contentions. Fair Use is codified in 17 U.S.C. § 107, which provides that "the fair use of a copyrighted work … for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright." Defendant neither refers to this statute nor does he specify the factual bases for his affirmative defense or what legal grounds he will argue.

Defendant does not allege, for example, that he copied the Works for criticism, news reporting, scholarship, or any other grounds that justify a claim of fair use. Instead, Defendant leaves Plaintiff and the Court guessing as to what facts and what legal rationale might arguably support Defendant's purported affirmative defense. Defendant's affirmative defense should be stricken in its entirety for being bare and conclusory, for failing to respond to Plaintiff's allegations, and for failing to provide Plaintiff any information or notice concerning this potential defense. *See*, *e.g.*, *Gov't Emps. Ins.*, 2017 WL 4155047, at *2.

Because Defendant's Answer fails to meet the standards set forth in Rule 8(b), Plaintiff respectfully requests that Defendant's Answer be stricken in its entirety and that Defendant be ordered to file an amended answer that admits or denies each of Plaintiff's allegations of fact and states in short and plain terms the nature of Defendant's defenses to Plaintiff's copyright infringement claim.

### III. <u>CONCLUSION</u>

Defendant's Answer to Plaintiff's Complaint should be stricken in its entirety because: (i) Defendant cannot, in good faith, deny every allegation in Plaintiff's Complaint pursuant to Rule 8(b)(3); (ii) Defendant fails to satisfy the requirements set forth in Rule 8(b)(1)(B) to admit or deny the allegations asserted against Defendant; (iii) Defendant's denial failed to "fairly respond to the substance of" the allegations in Plaintiff's complaint as is required by Rule 8(b)(2); and (iv) Defendant's affirmative defense fails to apprise Plaintiff of the factual or legal bases underlying Defendant's cursory reference to "the fair use guidelines." For all of these failures, Plaintiff respectfully requests that Defendant's answer be stricken in its entirety.

Respectfully Submitted,
Thiccc Boy Productions Inc.

DATED: April 25, 2022

*/s/ Thomas P. Burke Jr.*
Robert E. Allen *(Admitted pro hac vice)*
Thomas P. Burke Jr. *(Admitted pro hac vice)*
GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
(310) 553-3000
rallen@glaserweil.com
tburke@glaserweil.com

and

Travis J. McDermott (#8738)
PARTRIDGE SNOW & HAHN LLP
40 Westminster Street, Suite 1100
Providence, RI 02903
(401) 861-8217
tmcdermott@psh.com