IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THICCC BOY PRODUCTIONS INC.<br><br>Plaintiff,<br><br>v.<br><br>KYLE SWINDELLES a/k/a YEW NEEK NESS; and DOES 1 through 10,<br><br>Defendants. | Case No. 1:22-cv-00090-MSM-PAS<br><br>**PLAINTIFF THICCC BOY PRODUCTIONS INC.'S RENEWED MOTION TO STRIKE ANSWER OF DEFENDANT KYLE SWINDELLES a/k/a YEW NEEK NESS** |

**TO THE COURT AND TO DEFENDANT:**

**PLEASE TAKE NOTICE** that at a date and time to set by the United States District Court for the District of Rhode Island, located at 1 Exchange Terrace, Providence, RI 02903, Plaintiff Thiccc Boy Productions Inc. ("Plaintiff") will and hereby does moves this Court, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, to strike, in its entirety, the Answer (ECF No. 15) filed in the above-entitled action by Defendant Kyle Swindelles ("Defendant").

Plaintiff brings this motion on the grounds that Defendant's Answer and the purported affirmative defense asserted therein fail to meet the standards set forth in Rule 8 of the Federal Rules of Civil Procedure by failing to: (i) "state in short and plain terms [Defendant's] defenses to each claim asserted against [him]" (Fed. R. Civ. P. 8(b)(1)(A)); (ii) "admit or deny the allegations asserted against [him] by an opposing party" (Fed. R. Civ. P. 8(b)(1)(B)); and (iii) "respond to the substance of the allegation" for each of Defendant's denials (Fed. R. Civ. P. 8(b)(2)).

The facts and legal arguments upon which this Motion to Strike is based are set forth in the accompanying Memorandum of Law.

///

DATED: May 11, 2022 		*/s/ Thomas P. Burke Jr.*
		Robert E. Allen *(Admitted pro hac vice)*
		Thomas P. Burke Jr. *(Admitted pro hac vice)*
		GLASER WEIL FINK HOWARD
		  AVCHEN & SHAPIRO LLP
		10250 Constellation Blvd., 19th Floor
		Los Angeles, CA 90067
		(310) 553-3000
		rallen@glaserweil.com
		tburke@glaserweil.com

		and

		Travis J. McDermott (#8738)
		PARTRIDGE SNOW & HAHN LLP
		40 Westminster Street, Suite 1100
		Providence, RI 02903
		(401) 861-8217
		tmcdermott@psh.com

## **TABLE OF CONTENTS**

Page

| | | |
|---|---|---|
| **I.** | STATEMENT OF FACTS | 1 |
| **II.** | ARGUMENT | 2 |
| **III.** | CONCLUSION | 4 |

# TABLE OF AUTHORITIES

Page

## CASES

*Barth v. United States*,
    No. 2:18-CV-00201-JAW, 2018 WL 5793845 (D. Me. Nov. 5, 2018) ............................. 3

*Culinary and Serv. Emps. Union, AFL–CIO Local 555 v.
    Haw. Emp. Benefits Admin., Inc.*, 688 F.2d 1228 (9th Cir. 1982) ...................... 3

*Dutil v. Murphy*,
    550 F.3d 154 (1st Cir. 2008) ............................................................................ 3

*Gov't Emps. Ins. Co. v. Hamilton Health Care Ctr. P.C.*,
    2017 WL 4155047 (D.N.J. Sep. 19, 2017) (unpublished) ................................. 3

*Two Men & a Truck/Int'l, Inc. v. Empire Moving & Storage Inc.*,
    No. 11-62452-CIV, 2012 WL 12863124 (S.D. Fla. Nov. 14, 2012) ................. 4

*United States v. $10,648.00 in U.S. Currency*,
    No. 11-CV-362-LM, 2012 WL 3779150 (D.N.H. Aug. 31, 2012) ..................... 3

## FEDERAL RULES

Fed. R. Civ. P. 12(f) .............................................................................................. 3

Fed. R. Civ. P. 8 ................................................................................................ 1, 2

Fed. R. Civ. P. 8(b) ............................................................................................ 3, 4

Fed. R. Civ. P. 8(b)(1) ............................................................................................ 4

Fed. R. Civ. P. 8(b)(1)(A) ...................................................................................... 1

Fed. R. Civ. P. 8(b)(1)(B) ................................................................................... 1, 4

Fed. R. Civ. P. 8(b)(2) ....................................................................................... 1, 4

**MEMORANDUM OF LAW**

I.    **STATEMENT OF FACTS**

Plaintiff commenced this action on February 28, 2022, filing a Complaint against Defendant for copyright infringement. The gist of Plaintiff's complaint is that Plaintiff owns certain copyrighted works, which Defendant infringed by downloading Plaintiff's copyrighted works, creating derivative works based thereon, and uploading such infringing derivative works to Defendant's YouTube channel for public consumption.

Plaintiff alleges that Plaintiff registered the four works at issue with the United States Copyright Office on February 22, 2022—i.e., Registration Nos. PAu-4-122-301, PAu-4-122-303, PAu-4-122-304, and PAu-4-122-306 (collectively, the "Works"). *See* Complaint (ECF No. 1) at ¶¶ 7–8. Plaintiff further alleges that Plaintiff uploaded the Works to Plaintiff's YouTube channel for streaming only. *Id.* at ¶ 10. Plaintiff complains that Defendant infringed the Works by downloading each of the Works, creating derivative works based thereon, and uploading the infringing derivative works to Defendant's own YouTube channel, where they were publicly performed. *Id.* at ¶ 12. Based on these allegations, Plaintiff asserts a claim for copyright infringement against Defendant. *Id.* at ¶¶ 15–21.

Plaintiff's Complaint identified the parties (*id.* at ¶¶ 1–3), set forth the bases for the court's jurisdiction and the propriety of venue in this Court (*id.* at ¶¶ 4–6), alleged the facts underlying Plaintiff's causes of action (*id.* at ¶¶ 7–14), stated a claim against Defendant for Copyright Infringement (*id.* at ¶¶ 15–21), demanded a jury trial (*id.* at ¶ 22), and requested affirmative relief (*id.* at p. 4).

In response, Defendant filed a cursory two-sentence answer. *See* Answer (ECF No. 8). This response fell far short of the requirements of Rule 8 by failing to do any of the following: (i) to "state in short and plain terms [Defendant's] defenses to each claim asserted against [him]" (Fed. R. Civ. P. 8(b)(1)(A)); (ii) to "admit or deny the allegations asserted against [Defendant] by [Plaintiff]" (Fed. R. Civ. P. 8(b)(1)(B)); and (iii) to "respond to the substance of the allegation" in each of Defendant's denials (Fed. R. Civ. P. 8(b)(2)).

During the Rule 16 conference on April 26, 2022, the Court and the parties discussed Defendant's deficient filing. Defendant indicated that he was proceeding pro se, and the Court emailed the Defendant form "Pro Se 3 – The Defendant's Answer to the Complaint" (the "Form Answer") and instructed the Defendant to fill it out and file it no later than May 9, 2022. Text Order, April 25, 2022.

Defendant filed the Form Answer via ECF on May 9, 2022 (ECF No. 5) (the "New Answer"). The New Answer is deficient for the following reasons:

1. <u>Defendant did not answer any of the allegations in the Complaint</u>. Section II.A of the Form Answer specifically instructed Defendant to "[o]n a separate page or pages, write a short and plain statement of the answer to the allegations in the complaint. Number the paragraphs. The answer should correspond to each paragraph of the complaint . . . ." Defendant provided no such document.

2. <u>Defendant did not present any cognizable defenses to the Claims for Relief</u>. Defendant left Section II.B of the Form Answer (as well as Section II.C) blank, except in response to Section II.B.5, stated "The manner of serving the defendant with the summons and complaint was insufficient because (briefly explain) fair use [sic]."

3. <u>Defendant did not include pages 6 or 7 of the Form Answer.</u>

4. <u>Defendant did not complete Section III of the Form Answer, Certification and Closing</u>. This Section required Defendant to certify the answer pursuant to Rule 11, including signing and dating it.

For the foregoing reasons, and those that follow, Plaintiff respectfully requests that the Court strike Defendant's New Answer in its entirety, without leave to amend.

II. **ARGUMENT**

Defendant's Answer should be stricken in its entirety because Defendant failed to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure and cannot, in good faith, deny all of the allegations in Plaintiff's Complaint. Moreover, Defendant's apparent

assertion that Plaintiff's manner of serving Defendant with the summons and complaint was insufficient because of "fair use" is nonsensical, is not supported by existing law and thus is violative of Rule 11.

Rule 12(f) of the Federal Rules of Civil Procedure authorizes a Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) authorizes courts to strike pleadings in whole or in part. *See*, *e.g.*, *Barth v. United States*, No. 2:18-CV-00201-JAW, 2018 WL 5793845, at *1 (D. Me. Nov. 5, 2018), *aff'd*, No. 18-2199, 2020 WL 5904427 (1st Cir. May 5, 2020) (granting a defendant's motion to strike a complaint in its entirety pursuant to Rule 12(f) for failing to comply with Rule 8(a)); *see also Culinary and Serv. Emps. Union, AFL–CIO Local 555 v. Haw. Emp. Benefits Admin., Inc.*, 688 F.2d 1228, 1232 (9th Cir. 1982) ("The district court has authority under Rule 12(f) to strike a pleading, in whole or in part...."). Importantly, the authority to strike pleadings pursuant to Rule 12(f) extends to "pleadings that fail to meet the standards set forth under Rule 8(b)." *See Gov't Emps. Ins. Co. v. Hamilton Health Care Ctr. P.C.*, No. CV 17-0674, 2017 WL 4155047, at *1 (D.N.J. Sept. 19, 2017) (unpublished).

Defendant filed his Answer as a pro se defendant and courts generally "hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects." *Dutil v. Murphy*, 550 F.3d 154, 158 (1st Cir. 2008). But Defendant's pro se status does not exempt him form the Rules of Civil procedure. *See, e.g.*, *United States v. $10,648.00 in U.S. Currency*, No. 11-CV-362-LM, 2012 WL 3779150, at *4 (D.N.H. Aug. 31, 2012). The Court has already ordered the Defendant to file an amended pleading that meets the requirements of Rule 8(b) and Defendant has failed to do so. And aside from stating only "fair use" in Section II.B.5 of the New Answer, Defendant has asserted no other defenses, affirmative or otherwise, to the claims for relief in the Complaint.

Federal Rule of Civil Procedure 8(b) sets forth the requirements for a response to a complaint—a defendant must "(A) state in short and plain terms its defenses to each claim

asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). Plaintiff's Complaint consisted of 21 paragraphs—14 of which alleged background facts and 7 of which asserted a claim for copyright infringement against Defendant. *See* Complaint (ECF No. 1). Defendant's New Answer failed to admit or deny any of Plaintiff's allegations or assert any defenses. *See* New Answer (ECF No. 15).

This Court already ordered the Defendant to comply with Rule 8(b) and "admit or deny the allegations asserted against" him (Fed. R. Civ. P. 8(b)(1)(B)) and any such denial "must fairly respond to the substance of the allegation" (Fed. R. Civ. P. 8(b)(2)). Defendant's response fails to meet these requirements. Courts have routinely stricken cursory and conclusory answers like Defendant's for failing to satisfy the requirements of Rule 8(b). *See, e.g., Two Men & a Truck/Int'l, Inc. v. Empire Moving & Storage Inc.*, No. 11-62452-CIV, 2012 WL 12863124, at *2-3 (S.D. Fla. Nov. 14, 2012) (granting motion to strike defendant's one-sentence answer because it "wholly fails to satisfy the requirements of Rule 8(b)," since "it cannot be said to be a 'good faith' denial of 'all the allegations of [the] pleading' under 8(b)(3)" and entering default final judgment against defendant); *see also Gov't Emps. Ins.*, 2017 WL 4155047, at *2 (striking conclusory answers that failed to conform to procedural rules without leave to amend).

### III.   CONCLUSION

For all of the reasons set forth above, Plaintiff respectfully requests that Defendant's New Answer be stricken in its entirety without leave to amend and that the Court instruct the clerk to enter default against Defendant Kyle Swindelles.

                                        Respectfully submitted,
                                        Thiccc Boy Productions Inc.

DATED: May 11, 2022                    */s/ Thomas P. Burke Jr.*
                                        Robert E. Allen *(Admitted pro hac vice)*
                                        Thomas P. Burke Jr. *(Admitted pro hac vice)*
                                        GLASER WEIL FINK HOWARD
                                          AVCHEN & SHAPIRO LLP
                                        10250 Constellation Blvd., 19th Floor
                                        Los Angeles, CA 90067

        (310) 553-3000
        rallen@glaserweil.com
        tburke@glaserweil.com

    and

        Travis J. McDermott (#8738)
        PARTRIDGE SNOW & HAHN LLP
        40 Westminster Street, Suite 1100
        Providence, RI 02903
        (401) 861-8217
        tmcdermott@psh.com