**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| THICCC BOY PRODUCTIONS, INC., | : | Case No. 1:22-cv-00090-MSM-PAS |
| Plaintiff, | : | |
| v. | : | |
| KYLE SWINDELLES, *et al.*, | : | **DEFENDANT KYLE SWINDELLES' ANSWER TO PLAINTIFF'S COMPLAINT** |
| Defendants. | : | |

Now comes Defendant Kyle Swindelles, *pro se*, and hereby respectfully submits the following Answer to Plaintiff Thiccc Boy Productions, Inc.'s Complaint by stating the following:

## THE PARTIES

1. Defendant lacks information sufficient to form a belief that Plaintiff is a Colorado corporation with a principal place of business in Greenwood Village, Colorado. Information publicly available on the web site of the Colorado Secretary of State (www.coloradosos.gov) indicates that Plaintiff's primary office address is in Santa Monica, California, while having a Registered Agent in Denver, Colorado.

2. Defendant admits the allegations in Paragraph 2.

3. Defendant denies the allegations in Paragraph 3.

## JURISDICTION AND VENUE

4. Defendant admits the allegations of subject matter jurisdiction in Paragraph 4.

5. Defendant admits the allegations of personal jurisdiction in Paragraph 5.

6. Defendant admits the allegations of venue in Paragraph 6 to the extent that Defendant lives within a State within the respective District. As it relates to any

specific allegations of copyright infringement, Plaintiff has not provided information sufficient for Defendant to form a belief as to proper venue.

## FACTUAL BACKGROUND

7. Defendant lacks information sufficient to form a belief as to the allegations in Paragraph 7.

8. Defendant lacks information sufficient to form a belief as to the allegations in Paragraph 8.

9. Defendant admits the allegation in Paragraph 9 that YouTube is an online video streaming service where users can view and listen to videos on the internet. Defendant lacks information sufficient to form a belief as to the remaining allegations in Paragraph 9.

10. Defendant lacks information sufficient to form a belief as to the allegations in Paragraph 10.

11. Defendant lacks information sufficient to form a belief as to the allegations in Paragraph 11.

12. Defendant denies the allegations in Paragraph 12.

13. Defendant admits the allegation in Paragraph 13 that Plaintiff sent YouTube a DMCA takedown notice. Defendant denies, however, that the works referenced were infringing.

14. Defendant admits the allegations in Paragraph 14 that he submitted a DMCA counter-notification to YouTube. Defendant denies, however, that the works referenced were infringing.

## CLAIM FOR RELIEF

15. Defendant hereby incorporates the answers above for Paragraphs 1 through 14.

16. Defendant lacks information sufficient to form a belief as to the allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant denies any copyright infringements, and therefore denies the allegations in Paragraph 18.

19. Defendant denies any copyright infringements, and therefore denies the allegations in Paragraph 19 as moot.

20. Defendant denies any copyright infringements, and therefore denies that Plaintiff is entitled to recover any damages as alleged in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21 and denies that Plaintiff is entitled to any injunctive relief.

## AFFIRMATIVE DEFENSES

Defendant hereby asserts the following Affirmative Defenses in this case:

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff fails to state a claim against Defendant on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

1. Plaintiff has unclean hands. Plaintiff bases its claims of infringement on an alleged "ongoing investigation" performed by unnamed "above the Feds" professionals associated with Thiccc Boy Productions, Inc. Principals and employees of Plaintiff have discussed this alleged investigation publicly.

2. Principals, employees and associates of Plaintiff have issued multiple threats of copyright litigation to various parties, boasting of spending $500,000 to retain "monster lawyers" to execute said litigation, and insinuating possible fraudulent or unlawful conduct by "friends in dark places" in identifying Defendant Swindelles and other prospective defendants through its investigation.

## THIRD AFFIRMATIVE DEFENSE

1. Plaintiff's claims for relief are barred by the "Fair Use Doctrine" pursuant to Section 107 of the Copyright Act, 17 U.S.C. §107.

## FOURTH AFFIRMATIVE DEFENSE

1. Plaintiff's action is barred by the doctrine of equitable estoppel.

## FIFTH AFFIRMATIVE DEFENSE

1. Defendant's conduct was innocent, non-infringing, and not a willful infringement of copyright.

## SIXTH AFFIRMATIVE DEFENSE

1. Plaintiff has engaged in one or more acts that have misused its copyrights including but not limited to having wrongfully attempted to extend the scope of the limited monopoly granted by the Copyright Act. Defendant reserves the right to assert one or more antitrust claims.

## SEVENTH AFFIRMATIVE DEFENSE

1. Plaintiff's claims are barred to the extent they claim copyright protection in works that are immoral, illegal, obscene or libelous.

## **EIGHTH AFFIRMATIVE DEFENSE**

1. Plaintiff is barred by 17 U.S.C. Section 412 from claiming statutory damages or attorneys' fees under the Copyright Act in that any alleged acts of infringement occurred before first registration of the Plaintiff's alleged work.

WHEREFORE, Defendant prays this Honorable Court for the following relief:

1. For dismissal of the Plaintiff's action with prejudice;
2. For an order that Plaintiff shall take no relief from its complaint herein;
3. For an award of Defendant's costs herein incurred; and
4. For such further and other relief that the Court deems fair and just.

Respectfully submitted,

_____

Kyle Swindelles, Defendant, *pro se*
41 Marietta Street, 2nd Floor, Unit 4
Providence, Rhode Island 02904
Phone: (401) 230-5061
e-mail: yewneekent@gmail.com