# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THICCC BOY PRODUCTIONS INC.<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KYLE SWINDELLES a/k/a YEW NEEK NESS; and DOES 1 through 10,<br><br>　　　　Defendants. | Case No. 1:22-cv-00090-MSM-PAS<br><br>**PLAINTIFF THICCC BOY PRODUCTIONS INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM OF LAW** |

**TO THE COURT AND TO DEFENDANT:**

**PLEASE TAKE NOTICE** that at a date and time to be set by the United States District Court for the District of Rhode Island, located at 1 Exchange Terrace, Providence, Rhode Island, 02903, Plaintiff Thiccc Boy Productions Inc. will and hereby does moves this Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure for partial summary judgment on the issue of liability for copyright infringement against Defendant Kyle Swindelles.

Plaintiff brings this motion on the grounds that, due to Mr. Swindelles's failure to respond to properly served requests for admissions, all the facts necessary to establish the elements of copyright infringement and defeat Mr. Swindelles's defense of fair use are undisputed.

The facts and legal arguments upon which this motion is based are set forth in the accompany memorandum of law and statement of undisputed facts.

///

///

///

///

///

DATED: August 29, 2022        */s/ Robert E. Allen*
                              Robert E. Allen *(Admitted pro hac vice)*
                              Thomas P. Burke Jr. *(Admitted pro hac vice)*
                              GLASER WEIL FINK HOWARD AVCHEN &
                              SHAPIRO LLP
                              10250 Constellation Blvd., 19th Floor
                              Los Angeles, CA 90067
                              (310) 553-3000
                              rallen@glaserweil.com
                              tburke@glaserweil.com

                                      and

                              Travis J. McDermott (#8738)
                              PARTRIDGE SNOW & HAHN LLP
                              40 Westminster Street, Suite 1100
                              Providence, RI 02903
                              (401) 861-8217
                              tmcdermott@psh.com

## **TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................6

II. FACTS .....................................................................................................................7

III. ARGUMENT ...........................................................................................................7

    A. Summary Judgment Standard ....................................................................7

    B. By failing to respond to Plaintiff's requests for admissions, Mr. Swindelles has admitted them. ....................................................................8

    C. Summary judgment is appropriate because Mr. Swindelles has admitted all facts necessary to establish his liability for copyright infringement.........9

    D. Mr. Swindelles's admissions preclude a fair use defense......................10

IV. CONCLUSION......................................................................................................11

## **TABLE OF AUTHORITIES**

<u>Page</u>

### **FEDERAL CASES**

*An-Port, Inc. v. MBR Indus., Inc.*,
　772 F. Supp. 1301 (D.P.R. 1991) ................................................................................. 8

*Celotex Corp. v. Catrett*,
　477 U.S. 317 (1986) ...................................................................................................... 7

*F.T.C. v. Medicor LLC.*,
　217 F.Supp.2d 1048 (C.D. Cal. 2002) ........................................................................ 8

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
　499 U.S. 340 (1991) ...................................................................................................... 9

*Feldman v. Twentieth Century Fox Film Corp.*,
　723 F. Supp. 2d 357 (D. Mass. 2010) ......................................................................... 9

*Grossman v. Martin*,
　566 F. Supp. 3d 136 (D.R.I. 2021) .............................................................................. 7

*Harper & Row Publishers, Inc. v. Nation Enterprises*,
　471 U.S. 539 (1985) .................................................................................................... 11

*Iverson v. City Of Bos.*,
　452 F.3d 94 (1st Cir. 2006) .................................................................................. 8, 10

*Jalbert v. Grautski*,
　554 F. Supp. 2d 57 (D. Mass. 2008) ........................................................................... 9

*Johnson v. Gordon*,
　409 F.3d 12 (1st Cir. 2005) ......................................................................................... 9

*Lotus Dev. Corp. v. Borland Int'l, Inc.*,
　49 F.3d 807 (1st Cir. 1995) ......................................................................................... 9

*Monsarrat v. Newman*,
　28 F.4th 314 (1st Cir. 2022) ................................................................................ 10, 11

*Talley v. United States*,
　990 F.2d 695 (1st Cir. 1993) ....................................................................................... 8

*Universal City Studios Prods. LLLP v. Bigwood*,
　441 F. Supp. 2d 185 (D. Me. 2006) ............................................................................ 8

## **FEDERAL STATUTES**

17 U.S.C. § 106 ........................................................................................................................... 9

17 U.S.C. § 107 ......................................................................................................................... 10

17 U.S.C. § 410(c) ..................................................................................................................... 9

## **FEDERAL RULES**

Fed. R. Civ. P. 36(a)(3) ............................................................................................................... 8

Fed. R. Civ. P. 36(b) ................................................................................................................... 8

Fed. R. Civ. P. 56 ....................................................................................................................... 7

**MEMORANDUM OF LAW**

I.  **INTRODUCTION**[1]

This case is about Defendant Kyle Swindelles's infringement of Plaintiff Thiccc Boy Productions Inc.'s copyrights to four audiovisual works, namely, episodes of the podcast *The Fighter and The Kid*.

Mr. Swindelles has chosen to treat this lawsuit about as seriously as he treats the exclusive rights granted to copyright owners by the Copyright Act. Plaintiff diligently pursued discovery, which included requests for admissions going to the heart of Plaintiff's claim and Mr. Swindelles's asserted defense of fair use. Plaintiff gave Mr. Swindelles three separate opportunities to respond to its written discovery before filing this motion:

1. On May 27, when it originally served the discovery requests;
2. On July 13, when it sent a letter informing Mr. Swindelles of the consequences of his failure to respond but nevertheless granting him another opportunity to do so; and
3. On August 18, when it informed Mr. Swindelles that if it did not receive prompt responses, it would file this motion.

To date, Mr. Swindelles has failed to respond to Plaintiff's discovery or any of its letters. Instead of responding to the discovery requests—or, at the very least, calling or emailing counsel for Plaintiff to request a reasonable extension of time to do so—Mr. Swindelles took to his livestream after receiving both the July 13 and August 18 letters. During his livestreams, Mr. Swindelles displayed the letters on screen, read from them, and derisively dismissed them. He referred to Plaintiff's counsel as "the big fancy Jewish law firm of Brendan Schaub," hurled expletives and slurs at Plaintiff's lawyers, and accused one of "f**king lying, like the Jew you are."

---

[1] For the facts underlying the Introduction, see generally the Declarations of Thomas P. Burke Jr. and Jesse B. Levin, filed concurrently herewith.

In its August 18 letter, Plaintiff gave Mr. Swindelles until August 25 to respond to the written discovery served three months before. He has had a total of 91 days to respond to Plaintiff's requests for admissions and, after two additional warnings from Plaintiff, he has not done so. As a result, all of Plaintiff's requests for admissions are deemed admitted. Plaintiff therefore seeks summary judgment on Mr. Swindelles's liability for copyright infringement based on his admissions. Because the requests for admissions sought to have Mr. Swindelles admit or deny the elements of a claim for copyright infringement, on the one hand, and an affirmative defense of fair use, on the other, Plaintiff is now able to establish Mr. Swindelles's liability for copyright infringement as a matter of law.

## II.   FACTS

The relevant facts are set forth in the statement of undisputed facts ("SUF") filed in conjunction with this motion and incorporated by reference herein.

## III.   ARGUMENT

### A.   Summary Judgment Standard

"Summary judgment is proper when the pleadings, discovery, and affidavits, show that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Grossman v. Martin*, 566 F.Supp.3d 136, 142 (D.R.I. 2021) (quoting Fed. R. Civ. P. 56). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If this initial burden of production is met, then the nonmoving party must "go beyond the pleadings" and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324. The nonmoving party "may defeat a summary judgment motion by demonstrating, through submissions of evidentiary quality, that a trialworthy issue persists. Withal, a measure of factual specificity is required; a conglomeration of conclusory allegations, improbable inferences, and unsupported speculation is insufficient to discharge the nonmovant's

burden." *Iverson v. City Of Bos.*, 452 F.3d 94, 98 (1st Cir. 2006) (internal citations and quotation marks omitted).

    **B.**  **By failing to respond to Plaintiff's requests for admissions, Mr. Swindelles has admitted them.**

  Mr. Swindelles failed to respond to Plaintiff's requests for admissions, which Plaintiff served by FedEx on May 27, 2022, and then again by email on July 13, 2022. By the plain language of Rule 36, each request is deemed admitted. Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."); Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."); *see also Talley v. United States*, 990 F.2d 695, 698 (1st Cir. 1993) ("An admission under Fed.R.Civ.P. 36(a) is, by the terms of the rule, binding on the party making the admission and cannot be contradicted."); *F.T.C. v. Medicor LLC.*, 217 F.Supp.2d 1048, 1053 (C.D. Cal. 2002) ("Failure to timely respond to requests for admissions results in automatic admission of the matters requested. No motion to establish the admissions is needed because Federal Rule of Civil Procedure 36(a) is self executing.") (internal citations omitted).

  Based on these admissions, Plaintiff is entitled to summary judgment on the issue of liability for copyright infringement. *Universal City Studios Prods. LLLP v. Bigwood*, 441 F.Supp.2d 185, 187 (D. Me. 2006) ("summary judgment can be properly granted on facts that are admitted because a party failed to respond to a request for admission.") (citations omitted); *An-Port, Inc. v. MBR Indus., Inc.*, 772 F.Supp. 1301, 1305 (D.P.R. 1991) ("The facts admitted either by the Court or by the parties themselves constitute the law of the case for all legal purposes. These facts can be, and usually are, the basis for summary judgment pursuant to Fed.R.Civ.P. 56.") (citations omitted).

**C.    Summary judgment is appropriate because Mr. Swindelles has admitted all facts necessary to establish his liability for copyright infringement.**

The Copyright Act grants the owner of an audiovisual work the following exclusive rights:

> (1) to reproduce the copyrighted work in copies or phonorecords;
>
> (2) to prepare derivative works based upon the copyrighted work;
>
> (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending; [and]
>
> (4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly[.]

17 U.S.C. § 106. To establish copyright infringement, a plaintiff need prove only two elements: (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. *Johnson v. Gordon*, 409 F.3d 12, 17 (1st Cir. 2005); *see also Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Jalbert v. Grautski*, 554 F.Supp.2d 57, 67 (D. Mass. 2008) ("For the purposes of federal copyright law, copying is a shorthand reference to the act of infringing any of the copyright owner's five exclusive rights set forth at 17 U.S.C. § 106.") (cleaned up).

Regarding the first element—ownership of a valid copyright—Plaintiff has obtained and attached to its complaint registration certificates for each of the four works at issue. "A certificate of copyright registration is prima facie evidence of ownership of a valid copyright." *Feldman v. Twentieth Century Fox Film Corp.*, 723 F.Supp.2d 357, 363 (D. Mass. 2010); 17 U.S.C. § 410(c) ("In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate."); *see also Lotus Dev. Corp. v. Borland Int'l, Inc.*, 49 F.3d 807, 813 (1st Cir. 1995), *aff'd,* 516 U.S. 233 (1996). Thus, the burden shifts to Mr. Swindelles to demonstrate why the copyrights are not valid. *Lotus*, 49 F.3d at 813. Mr. Swindelles will be unable to demonstrate a genuine issue for trial on this point.

*Iverson*, 452 F.3d at 98 ("[A] conglomeration of conclusory allegations, improbable inferences, and unsupported speculation is insufficient to discharge the nonmovant's burden.").

The second element of copyright infringement—"copying" of original elements of the works—is established through Mr. Swindelles's admissions. *See generally* SUF, ¶¶ 6-18. First, Mr. Swindelles admitted that the works are creative expressions. *Id.*, ¶ 6. Next, he admitted that he downloaded copies of the works from YouTube to his computer, that he created derivatives of the works, that he publicly performed the works, and that he distributed the works. *Id.*, ¶¶ 7, 12, 14, 16. He also admitted that he knew that he did not own the works and that he was not authorized by Plaintiff or otherwise to copy the works. *Id.*, ¶¶ 9, 11, 13, 17. Finally, he admitted he monetized the infringing derivative works that he created on his YouTube channel. *Id.*, ¶ 19.

Plaintiff has thus shown that Mr. Swindelles has infringed its copyrights to the four works at issue as a matter of law.

### D. Mr. Swindelles's admissions preclude a fair use defense.

Mr. Swindelles's failure to respond to Plaintiff's requests for admissions has also resulted in the foreclosure of a fair use defense. *See generally*, SUF ¶¶ 19-24. Fair use is an affirmative defense for which its proponent bears the burden of proof. *Monsarrat v. Newman*, 28 F.4th 314, 321 (1st Cir. 2022). There are four statutory factors that a court must consider in evaluating a fair use defense: "(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work." 17 U.S.C. § 107.

Mr. Swindelles has admitted that each of the factors weighs against a finding of fair use in this case: he admitted that he monetized the infringing derivative works that he created (i.e., his use was of a commercial nature) [SUF, ¶ 19]; that he did not "transform" the works [SUF, ¶¶ 20-22]; that Plaintiff's works are creative expressions [SUF, ¶ 6]; that he took more of the works than necessary for his purposes in using the works [SUF, ¶ 23]; and that his infringing derivative

works harm the market for the original works by serving as a market replacement [SUF, ¶ 24]. *See generally Monsarrat*, 28 F.4th at 321–25 (analyzing each factor). The last factor—the effect upon the market—"is undoubtedly the single most important element of fair use." *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 566 (1985). Because Mr. Swindelles's admissions are binding, he cannot plausibly argue in opposition that his use of Plaintiff's copyrighted works was fair.

## IV. CONCLUSION

Plaintiff Thiccc Boy Productions, Inc. respectfully requests that the Court grant summary judgment its favor and against Defendant Kyle Swindelles on Plaintiff's claim for copyright infringement regarding the audiovisual works listed in paragraph 7 of the Complaint, whose certificates of registration are attached to the Complaint as Exhibit A. At this time, Plaintiff seeks judgment only on the question of Defendant's liability for copyright infringement, and will seek judgment on the issue of damages after further discovery and in subsequent proceedings.

Respectfully Submitted,
Thiccc Boy Productions Inc.

DATED: August 29, 2022

*/s/ Robert E. Allen*
Robert E. Allen *(Admitted pro hac vice)*
Thomas P. Burke Jr. *(Admitted pro hac vice)*
GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
(310) 553-3000
rallen@glaserweil.com
tburke@glaserweil.com

and

Travis J. McDermott (#8738)
PARTRIDGE SNOW & HAHN LLP
40 Westminster Street, Suite 1100
Providence, RI 02903
(401) 861-8217
tmcdermott@psh.com