**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| THICCC BOY PRODUCTIONS INC.<br><br>Plaintiff,<br><br>v.<br><br>KYLE SWINDELLES a/k/a YEW NEEK NESS; and DOES 1 through 10,<br><br>Defendants. | Case No. 1:22-cv-00090-MSM-PAS<br><br>**PLAINTIFF THICCC BOY PRODUCTIONS INC.'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Plaintiff respectfully submits the following statement of undisputed facts:

**UNDISPUTED FACTS**

1.      Plaintiff Thiccc Boy Productions, Inc. has authority to bring the above-entitled action pursuant to 17 U.S.C. § 101 *et seq.*, 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338 (copyright). [Complaint, ¶ 4.]

2.      Thiccc Boy Productions, Inc. is a Colorado corporation with its principal place of business in Greenwood Village, Colorado. [Complaint, ¶ 1.]

3.      Defendant Kyle Swindelles is an individual residing in this district in Providence, Rhode Island. [Complaint, ¶ 2; Answer, ¶ 2.]

4.      The complaint in this mater alleges that Swindelles infringed copyrights belonging to Plaintiff. [Complaint, ¶¶ 15-21.]

5.      Among the exclusive rights granted to Plaintiff under the Copyright Act are the right to reproduce its copyrighted works, prepare derivative works based upon its copyrighted works, distribute copies of its copyrighted works, and publicly display its copyrighted works. [17 U.S.C. § 106.]

6.      Each of the copyrighted works at issue is a creative expression. [*See* Declaration of Thomas P. Burke Jr. ("Burke Decl."), ¶¶ 2-7 (establishing that Mr. Swindelles did not timely

2208257

respond to requests for admissions); Burke Decl., Ex. 1 at p. 6, Request No. 15.]

7. Swindelles downloaded each of the copyrighted works at issue from YouTube. [Burke Decl., Ex. 1 at p.4, Request No. 1.]

8. Swindelles knew that downloading an audiovisual work from YouTube is a violation of YouTube's terms of service. [Burke Decl., Ex. 1 at p.5, Request No. 2.]

9. At the time that Swindelles downloaded the copyrighted works from YouTube, he knew that Plaintiff, Brendan Schaub, or another entity owned or controlled by Plaintiff or Brendan Schaub owned each of the works. [Burke Decl., Ex. 1 at p.5, Request No. 3.]

10. Swindelles stored a permanent digital copy of each of the works on his computer or external storage connected to his computer. [Burke Decl., Ex. 1 at p.5, Request No. 4.]

11. Swindelles was not authorized by Plaintiff or otherwise to reproduce any of the works including, without limitation, by downloading each of the works from YouTube. [Burke Decl., Ex. 1 at p.5, Request No. 5.]

12. Swindelles created a derivative work of each of the works at issue (hereafter referred to as the infringing materials). [Burke Decl., Ex. 1 at p.5, Request No. 6.]

13. Swindelles was not authorized by Plaintiff or otherwise to create a derivative work of any of the works. [Burke Decl., Ex. 1 at p.5, Request No. 7.]

14. Swindelles uploaded to his YouTube account a digital copy of each of the works as embodied in the infringing materials. [Burke Decl., Ex. 1 at p.5, Request No. 8.]

15. At the time that Swindelles uploaded the infringing materials to his YouTube account, each of the works was unpublished. [Burke Decl., Ex. 1 at p.5, Request No. 9.]

16. Swindelles authorized YouTube to publicly perform Plaintiff's works as embodied in the infringing materials. [Burke Decl., Ex. 1 at p.5, Request No. 10.]

17. Swindelles was not authorized by Plaintiff or otherwise to publicly perform, or to grant the right to publicly perform, any of the works. [Burke Decl., Ex. 1 at p.5, Request No. 11.]

18. Swindelles was not authorized by Plaintiff or otherwise to distribute any of the works. [Burke Decl., Ex. 1 at p.5, Request No. 12.]

2208257

19.     Swindelles monetized the infringing materials on his YouTube account. [Burke Decl., Ex. 1 at p.5, Request No. 13.]

20.     The infringing materials do not add something new to the embodied works. [Burke Decl., Ex. 1 at p.6, Request No. 14.]

21.     The infringing materials do not provide a further purpose or different character to the embodied works. [Burke Decl., Ex. 1 at p.6, Request No. 14.]

22.     The infringing materials do not alter the works with a new expression, meaning, or message. [Burke Decl., Ex. 1 at p.6, Request No. 14.]

23.     The infringing materials take more than is necessary for Swindelles's purposes in using each of the works. [Burke Decl., Ex. 1 at p.6, Request No. 16.]

24.     The infringing materials harm the market for each of the works by serving as a market replacement for them. [Burke Decl., Ex. 1 at p.6, Request No. 17.]


DATED: August 29, 2022

/s/ Robert E. Allen
Robert E. Allen (Admitted pro hac vice)
Thomas P. Burke Jr. (Admitted pro hac vice)
GLASER WEIL FINK HOWARD AVCHEN &
SHAPIRO LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
(310) 553-3000
rallen@glaserweil.com
tburke@glaserweil.com

                    and

Travis J. McDermott (#8738)
PARTRIDGE SNOW & HAHN LLP
40 Westminster Street, Suite 1100
Providence, RI 02903
(401) 861-8217
tmcdermott@psh.com

2208257