# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THICCC BOY PRODUCTIONS INC. | Case No. 1:22-cv-00090-MSM-PAS |
| Plaintiff, | |
| v. | **DECLARATION OF THOMAS P. BURKE JR. IN SUPPORT OF PLAINTIFF THICCC BOY PRODUCTIONS INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| KYLE SWINDELLES a/k/a YEW NEEK NESS; and DOES 1 through 10, | |
| Defendants. | |

## DECLARATION OF THOMAS P. BURKE JR.

I, Thomas P. Burke Jr., declare as follows:

1.    I am an attorney duly licensed to practice before all courts of the State of California and have been admitted to this Court *pro hac vice*. I am an associate at the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP, attorneys of record for Plaintiff Thiccc Boy Productions Inc. I make this declaration on my personal and firsthand knowledge and, if called and sworn as a witness, I could and would testify completely to the facts contained herein. I submit this declaration in support of Plaintiff's Motion for Partial Summary Judgment.

2.    On May 27, 2022, I directed my assistant to serve written discovery on Defendant Kyle Swindelles by FedEx. A true and correct copy of the requests for admissions served on that date, including proof of service, is attached hereto as **Exhibit 1**.

3.    By July 13, 2022, none of my colleagues nor I had received any responses to the discovery served on May 27, 2022, or any correspondence from Mr. Swindelles about the discovery. On that date, my assistant served a letter from my colleague, Robert Allen, on Mr. Swindelles by email to yewneekent@gmail.com, alerting Mr. Swindelles to his failure to respond and requesting that he provide full responses by July 22, 2022. I was copied on this email. A true and correct copy of the letter, along with the cover email, is attached hereto as **Exhibit 2**.

1

2210684.2

4.     Along with the letter, my assistant also re-served copies of the requests for admissions on Mr. Swindelles by email to yewneekent@gmail.com. An updated proof of service reflecting this updated service by email is attached hereto as **Exhibit 3**.

5.     Instead of enforcing the July 22, 2022 deadline in the letter, we elected to give Mr. Swindelles a full 30 days from July 13, 2022 to respond to the re-served discovery requests, meaning his new deadline to do so was August 12, 2022.

6.     On August 18, 2022, I served another letter from Robert Allen on Mr. Swindelles at yewneekent@gmail.com, which informed Mr. Swindelles that if we did not receive discovery responses by 5:00 p.m. Pacific on August 25, 2022, we would move for partial summary judgment on the question of liability for copyright infringement. A true and correct copy of the letter, along with the cover email, is attached hereto as **Exhibit 4**.

7.     As of today, Mr. Swindelles has not served any responses to any of the written discovery served in this case, and neither I nor any of my colleagues (to the best of my knowledge) have received any correspondence from Mr. Swindelles about the discovery.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this August 29, 2022 in Los Angeles, California.

By: _____
    Thomas P. Burke Jr.

2

2210684.2

# Exhibit 1

2210684.2

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| THICCC BOY PRODUCTIONS INC. | Case No. 1:22-cv-00090-MSM-PAS |
| Plaintiff, | |
| v. | **PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS** |
| KYLE SWINDELLES a/k/a YEW NEEK NESS; and DOES 1 through 10, | |
| Defendant. | |

Pursuant to Rules 36 of the Federal Rules of Civil Procedure, Plaintiff Thiccc Boy Productions Inc. ("Plaintiff") requests that Defendant Kyle Swindelles a/k/a Yew Neek Nesss ("Defendant") answer each of the following Requests for Admissions pursuant to the Federal Rules of Civil Procedure and the instructions and definitions below and within thirty (30) days of service.

## **DEFINITIONS**

1. All instructions, definitions, and Requests are to be construed and followed in a manner that is consistent with the Federal Rules of Civil Procedure, as interpreted by this Court, and any applicable Local Rules and Standing Orders of this Court.

2. The term "Action" shall mean the case captioned above.

3. The term "communication" means any transmission, conveyance, or exchange of information whether by written, oral, or any other means, including, but not limited to, electronic communications, text messages and electronic mail.

2165756

4.      The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

5.      The term "Copy" means to reproduce, create a derivative work, display or perform publicly, or distribute a copyrighted work, in whole or in part.

6.      The term "DAM" means a digital asset management system, digital rights management system or content management system used to manage assets, such as photographs in a digital format.

7.      The terms "Defendant," refers to Defendant, Kyle Swindelles a/k/a Yew Neek Ness., and includes any persons or entities controlled by or acting on behalf of Defendant, including without limitation the staff employed and/or contracted by Defendant, and all past and present licensees, agents, predecessors, subsidiaries, parent companies, or affiliated companies and its agents, officers, directors, employees, and representatives.

8.      The term "including" shall be construed broadly, as "including but not limited to" or "including without limitation."

9.      The terms "indicate", "refer to", "related to", "refers to", "relates to", "referring to", or "relating to" or "regarding" shall mean, in addition to the customary and usual meaning, discussing, reflecting, assessing, recording, evidencing, constituting, or in any way logically or factually connected with the matter discussed.

10.     The term "Infringing Materials" means, individually and collectively, any Document that Copies or otherwise exploits any of the Works, including, without limitation, any audio-visual work that incorporates any of the Works as a derivative work or otherwise.

11.     The term "Linked Website" means any Website that is referred, linked, advertised, mentioned or recommended to be visited by Defendant, including, without limitation,

2165756                                   2

through Defendant's social media posts (including but not limited to posts on YouTube, Twitter, Facebook, Instagram, or Twitch, and any social media post from an account owned, controlled or affiliated with Defendant), Concerning Brendan Shaub.

12. The term "person" or "persons" means any natural persons, proprietorships, partnerships, agencies, firms, corporations, boards, associations, authorities, commissions, joint ventures, independent establishments, government agencies or corporations, federal or otherwise, any divisions or subsidiaries thereof, and any group or combination acting as an entity.

13. The term "Plaintiff" refers to Plaintiff Thiccc Boy Productions Inc., as well as its past and present licensees, agents, predecessors, subsidiaries, parent companies, or affiliated companies and its agents, officers, directors, employees, and representatives.

14. The terms "reflecting," "referring," "relating to" or any derivation thereof means, without limitation, being in any way legally, logically, or factually connected with the matter discussed.

15. The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

16. The term "Website" means any web page accessible on the Internet, either directly through the world wide web or through computer or mobile application, including, without limitation, all social media platforms (e.g., Facebook, Instagram and Twitter) and all streaming platforms (e.g., YouTube, Twitch and tiktok).

17. The term "Works" means all photographs and audio-visual works created and owned by Plaintiff.

18. The present tense includes the past and future tenses and vice-versa. The singular includes the plural and the plural includes the singular. "All" means "any and all"; "any" means

2165756

3

"any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

stated in the conjunctive, it shall also be taken in the disjunctive, and vice-versa.

19.     Whenever and wherever appropriate, the singular or plural form of any word contained in a particular Request shall also be interpreted in the plural or singular form so as to require the broadest possible production in response to any given request. Each Request is to be construed independently and not in reference to any other request for the purpose of limiting any response.

**INSTRUCTIONS**

A.     These Requests for Admission are submitted pursuant to Federal Rule of Civil Procedure 36 and the information sought must be given by Defendant under oath.  The answers must be served upon Plaintiff's attorneys within thirty (30) days from the date the Requests for Admission are served.

B.     In responding to the requests, Defendant must make a diligent effort to ascertain what person(s) have facts, information and knowledge which would enable the respondent(s) to respond fully and to make a diligent and comprehensive search of all records, files and writings in the Defendant's possession, custody or control, or otherwise available to the Defendants or their representatives, which would enable the respondent(s) to respond fully.

C.     If these requests for admission are objected to in part, a complete response to all portions of the request not objected to must be provided.

**REQUESTS FOR ADMISSIONS**

**REQUEST NO. 1.**  Defendant downloaded each of the Works from YouTube.

2165756                                              4

**REQUEST NO. 2.**  Defendant knew that downloading an audio-visual work from YouTube is in violation of YouTube's terms of service.

**REQUEST NO. 3.**  At the time Defendant downloaded each of the Works from YouTube, Defendant knew that Plaintiff, Brendan Shaub, or another entity owned or controlled by Plaintiff or Brendan Shaub, owned each of the Works.

**REQUEST NO. 4.**  Defendant stored a permanent digital copy of each of the Works on Defendant's computer (or external storage connected to Defendant's computer).

**REQUEST NO. 5.**  Defendant was not authorized by Plaintiff or otherwise to reproduce any of the Works (including, without limitation, by downloading each of the Works from YouTube).

**REQUEST NO. 6.**  Defendant created a derivative work of each of the Works.

**REQUEST NO. 7.**  Defendant was not authorized by Plaintiff or otherwise to create a derivative work of any of the Works.

**REQUEST NO. 8.**  Defendant uploaded to Defendant's YouTube account a digital copy of each of the Works as embodied in the Infringing Materials.

**REQUEST NO. 9.**  At the time Defendant uploaded each of the Infringing Materials to YouTube, each of the Works was unpublished.

**REQUEST NO. 10.**  Defendant authorized YouTube to publicly perform the Works as embodied in the Infringing Materials

**REQUEST NO. 11.**  Defendant was not authorized by Plaintiff or otherwise to publicly perform (or authorize Defendant to grant the right to publicly perform) any of the Works.

**REQUEST NO. 12.**  Defendant was not authorized by Plaintiff or otherwise to distribute (including, without limitation, by uploading to Websites) any of the Works (either alone or as embodied in the Infringing Materials).

**REQUEST NO. 13.**  Defendant monetized the Infringing Materials on Defendant's YouTube account.

2165756                                                    5

**REQUEST NO. 14.**  The Infringing Materials do not add something new to the embodied Works, do not provide a further purpose or different character to the embodied Works, nor alter the Works with new expression, meaning or message.

**REQUEST NO. 15.**  Each of the Works are creative expressions.

**REQUEST NO. 16.**  The Infringing Materials take more than is necessary for Defendant's purpose in using each of the Works.

**REQUEST NO. 17.**  The Infringing Materials harm the market for each of the Works by serving as a market replacement for them.

Respectfully submitted,

DATED:  May 27, 2022

*/s/ Robert E. Allen*
Robert E. Allen *(Admitted pro hac vice)*
Thomas P. Burke Jr. *(Admitted pro hac vice)*
GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
(310) 553-3000
rallen@glaserweil.com
tburke@glaserweil.com

and

Travis J. McDermott (#8738)
PARTRIDGE SNOW & HAHN LLP
40 Westminster Street, Suite 1100
Providence, RI 02903
(401) 861-8217
tmcdermott@psh.com

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, 19th Floor, Los Angeles, California 90067.

On May 27, 2022, I served the foregoing document(s) described as **PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS** on the interested parties to this action by delivering a copy thereof in a sealed envelope addressed to each of said interested parties at the following address(es):

Kyle Swindelles a/k/a Yew Neek Ness
41 Marietta St., Apt. 2
Providence, RI 02904-2342

☐ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☒ **(BY OVERNIGHT DELIVERY)** I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows: I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on May 27, 2022 at Los Angeles, California.

*Aurora Gomez*
Aurora Gomez

7

**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS**

# Exhibit 2

2210684.2

# Glaser Weil

10250 Constellation Blvd.
19th Floor
Los Angeles, CA 90067
310.553.3000 TEL
310.556.2920 FAX

Robert E. Allen

**Direct Dial**
310.282.6280
**Direct Fax**
310.785.3580
**Email**
rallen@glaserweil.com

July 13, 2022

<u>VIA E-MAIL AND FIRST CLASS MAIL</u>

Kyle Swindelles
41 Marietta Street
2nd Floor, Unit 4
Providence, RI 02904
yewneekent@gmail.com

Re:    Case No. 1:22-cv-00090-MSM-PAS
       *Thiccc Boy Productions Inc. v. Kyle Swindelles aka Yew Neek Ness*
       <u>Failure to Respond to Discovery Served on May 27, 2022</u>

Dear Mr. Swindelles:

I am writing about your failure to timely respond to the written discovery served by my client, Thiccc Boy Productions Inc., by FedEx on May 27, 2022. On that date, Thiccc Boy served its First Set of Requests for Admissions, First Set of Requests for Production, and First Set of Interrogatories. These requests were served by overnight delivery and your deadline to respond was June 30, 2022.[1] That deadline has come and gone with no response from you. Indeed, as of today, we have received no communication whatsoever from you about these requests.

Your failure to respond violates Federal Rules of Civil Procedure 33(b), 34(b)(2), and 36(a)(3). With respect to the Requests for Admissions, your failure to respond has resulted in the admission of each of the matters requested per Rule 36(a)(3). This rule is automatic and self-executing. This means that the matters requested in Thiccc Boy's First Set of Requests for Admissions have been "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).

Nevertheless, as a gesture of good faith, we are willing to give you an additional nine calendar days from the date of this letter to admit or deny, without objections, the matters requested in the First Set of Requests for Admissions. If we do not receive these responses by the end of the day on **Friday, July 22, 2022**, we will proceed as if each of the matters has been admitted.

---

[1] The requests were sent via FedEx with tracking number 776984002736 and were delivered on May 31, 2022 at 10:52 a.m. local time.

Kyle Swindelles
July 13, 2022
Page 2


Please note that the deadline for you to object to the Requests for Admissions under Rule 36(a)(5) has passed and that this good faith extension does not grant you the opportunity to make any objections, all of which have been waived.

Regarding the Requests for Production and Interrogatories, your failure to timely respond has waived all objections and may subject you to sanctions under Rule 37. However, before we seek further relief, we will again give you the opportunity to provide complete responses and produce relevant documents by the end of the day on **Friday, July 22, 2022**. Once again, your deadline to object to these Requests for Production and Interrogatories has passed and all objections have been waived; if your responses include any objections they will have no legal effect.

We note that pursuant to Judge McElroy's Pretrial Scheduling Order (ECF No. 20), "[n]o discovery motions shall be filed until after the party in good faith tries to resolve the matter with opposing counsel. If that does not resolve the dispute, the party must first have an informal conference with the Court …." Please consider this letter our attempt to informally resolve the matter of your untimely responses without involving the Court. However, if you continue to ignore our requests and fail to respond by the July 22 deadline, we will promptly seek an informal conference with the Court and pursue all available remedies, including sanctions.

For your convenience, I have included copies of the discovery requests with this letter. Please contact me at the phone number or email address listed above if you have any questions.


Sincerely,

/s/ Robert E. Allen

ROBERT E. ALLEN
of GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP

REA:tb
Enclosures

cc:   Jesse B. Levin, Esq.
      Thomas P. Burke Jr., Esq.

2195484.1

## Thomas Burke

| | |
|---|---|
| **From:** | Aurora Gomez |
| **Sent:** | Wednesday, July 13, 2022 11:12 AM |
| **To:** | yewneekent@gmail.com |
| **Cc:** | Robert Allen; Thomas Burke; Jesse Levin |
| **Subject:** | Thiccc Boy Productions Inc. v. Kyle Swindelles aka Yew Neek Ness |
| **Attachments:** | 2022-07-13 Letter to Kyle Swindelles.pdf; Interrogatories(2166875.1).pdf; Request for Production(2166874.1).pdf; Requests for Admission(2166873.1).pdf |

Attached please find letter dated July 13, 2022, to Kyle Swindelles including discovery requests, in the above-referenced matter.  Hard copy to follow by mail.

Regards,

Aurora



**Aurora Gomez | Legal Assistant to: Lawrence Hadley, Esq. |  Robert Allen, Esq. | Thomas Burke, Esq. | Stephen Underwood, Esq. | Jason Linger, Esq.**
10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067
Main: 310.553.3000 Ext. 3367 | Fax: 310.556.2920
E-Mail: agomez@glaserweil.com | www.glaserweil.com

This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

1

# Exhibit 3

2210684.2

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, 19th Floor, Los Angeles, California 90067.

On July 13, 2022, I served the foregoing document(s) described as **PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS** on the interested parties to this action by delivering a copy thereof in a sealed envelope addressed to each of said interested parties at the following address(es):

Kyle Swindelles a/k/a Yew Neek Ness
41 Marietta Street, 2nd Floor, Unit 4
Providence, RI 02904-2342
e-mail: yewneekent@gmail.com

☐ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☒ **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth above.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on July 13, 2022, at Los Angeles, California.

*Aurora Gomez*
Aurora Gomez

7

2202101.1

# Exhibit 4

2210684.2

# Glaser Weil

10250 Constellation Blvd.
19th Floor
Los Angeles, CA 90067
310.553.3000 TEL
310.556.2920 FAX

Robert E. Allen

**Direct Dial**
310.282.6280
**Direct Fax**
310.785.3580
**Email**
rallen@glaserweil.com

August 18, 2022

<u>VIA E-MAIL AND FIRST CLASS MAIL</u>

Kyle Swindelles
41 Marietta Street
2nd Floor, Unit 4
Providence, RI 02904
yewneekent@gmail.com

Re: Case No. 1:22-cv-00090-MSM-PAS
  *Thiccc Boy Productions Inc. v. Kyle Swindelles aka Yew Neek Ness*
  <u>Failure to Respond to Discovery Re-Served on July 13, 2022</u>

Dear Mr. Swindelles:

On July 13, 2022, I sent you a letter informing you of your failure to respond to written discovery requests served on behalf of my client, Thiccc Boy Productions Inc., delivered to you on May 31. Counting from July 13, you had until August 12 to respond. Once again, this deadline has come and gone with no direct communication from you about these requests.

You may be under the impression that you do not need to respond to requests that do not come directly from the court. This is a mistaken impression. As explained in my previous letter, your failure to respond to our discovery requests violates the Federal Rules of Civil Procedure and may have grave consequences for your defense in this lawsuit.

I am writing to inform you that if you do not provide complete written responses to these discovery requests by 5:00 p.m. Pacific on **<u>Thursday, August 25, 2022</u>**, we will move for summary judgment on the question of your liability for copyright infringement.

Once again, I am attaching copies of the discovery requests with this letter. Please contact me at the phone number or email address listed above if you have any questions.

Kyle Swindelles
August 18, 2022
Page 2


Sincerely,

*/s/ Robert E. Allen*

ROBERT E. ALLEN
of GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP

REA:tb
Enclosures

cc:   Jesse B. Levin, Esq.
      Thomas P. Burke Jr., Esq.

2195484.1

## Thomas Burke

| | |
|---|---|
| **From:** | Thomas Burke |
| **Sent:** | Thursday, August 18, 2022 7:31 PM |
| **To:** | 'yewneekent@gmail.com' |
| **Cc:** | Robert Allen; Jesse Levin |
| **Subject:** | Thiccc Boy v. Kyle Swindelles - Letter from Robert Allen re Discovery |
| **Attachments:** | 2022-08-18 - Letter to K Swindelles from R Allen.pdf; Interrogatories(2166875.1).pdf; Request for Production(2166874.1).pdf; Requests for Admission(2166873.1).pdf |

Mr. Swindelles,

I am attaching a letter from my colleague, Robert Allen, regarding your failure to respond to discovery in Case No. 1:22-cv-00090-MSM-PAS, *Thiccc Boy Productions Inc. v. Kyle Swindelles aka Yew Neek Ness*. A hard copy will follow by U.S. mail.

Sincerely,

Tom Burke

**GlaserWeil**

**Thomas Burke | Associate**
10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067
Main: 310.553.3000 | Direct: 310.556.7807 | Fax: 310.843.2607
E-Mail: tburke@glaserweil.com | www.glaserweil.com



This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.