# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THICCC BOY PRODUCTIONS, INC., | : | Case No. 1:22-cv-00090-MSM-PAS |
| Plaintiff, | : | |
| v. | : | |
| KYLE SWINDELLES, *et al.*, | : | **DEFENDENT KYLE SWINDELLES'** |
| Defendants. | : | **MOTION FOR SANCTIONS** |

Now comes Defendant Kyle Swindelles, *pro se*, and hereby moves this Court for an entry of an Order of Sanctions in accordance with Federal R. Civ. P. 11 against Plaintiff Thiccc Boy Productions, Inc. In accordance with Rule 11(c)(2), Plaintiff is notified that this motion will not be filed with the Court if the case is fully withdrawn with prejudice within twenty-one (21) days. A brief in support of this motion is attached.

      Respectfully submitted,

*/s/ Kyle Swindelles*

Kyle Swindelles, Defendant, *pro se*
41 Marietta Street, 2nd Floor, Unit 4
Providence, Rhode Island 02904
Phone: (401) 230-5061
e-mail: yewneekent@gmail.com

1

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR RULE 11 SANCTIONS

Rule 11(b) of the Federal Rules of Civil Procedure states that an attorney or party, to the best of their knowledge, certifies in its pleadings that:

1) It is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

2) The claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or establishing new law;

3) The factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, and

4) The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or lack of information.

A failure of any one of these four criteria warrants a sanction that "suffices to deter repetition of the conduct or comparable conduct by others similarly situated." *Fed.R. Civ.P. 11(c)(4).* In the current litigation, Plaintiff has managed to possibly fail two out of the four criteria.

### I. **Plaintiff filed this action solely to harass, silence, and intimidate Defendant with expensive, prolonged litigation.**

Defendant is a small-time online streamer and YouTube content creator in Rhode Island who comments on the worlds of gaming, comedy, radio, podcasts and other forms of popular media. Plaintiff is a California-based production studio that creates podcasts and videos reaching millions of viewers and listeners, allowing it to amass significant

advertising revenues. Podcaster Brendan P. Schaub represents himself as the principal executive of Plaintiff Thiccc Boy Productions, Inc.

In May of 2022, Schaub appeared on the "TigerBelly" podcast. Audio of the podcast was uploaded to podcast applications on May 10, 2022, and a video recording of the podcast was publicly posted to YouTube on May 12, 2022.[1] At the time of this filing, the YouTube video has just under two million views. During the discussion with hosts Khalyla Kuhn and Bobby Lee, Schaub confirmed that he had been disturbed by Kuhn's and another podcaster's allegations of his marital infidelity dating back to January of 2022.[2] The allegations spurred a storm of mockery in online forums and YouTube videos that Schaub perceived as harassment.[3] Schaub confirmed that he texted Lee on February 23, 2022, with a link to a YouTube video titled "Bobby Lee's Wife Confirms Schaub Tried Cheating on his Wife with Her."[4] He also confirmed texting to Lee that day: "[I've] been harassed for six years straight and [I've] had it. [I'm] finally going after anyone who harasses [me] online, including comics. [I] have spent half a million dollars on monster lawyers and [I] have friends in dark places who are gonna get the job done."[5]

The timeline of events with these confirmed text messages is important:

- *January 2022*: allegations of infidelity.
- *February 15-19, 2022*: Plaintiff sends Digital Millennium Copyright Act ("DMCA") takedown notices of Defendant's content to YouTube.
- *February 22, 2022*: Plaintiff's attorney registers the copyrights of four 2021 episodes of "The Fighter and the Kid" ("TFATK") with the United States Copyright Office. *See* Complaint, Exhibit A.

---

[1] https://youtu.be/QWfrsT9c8II.
[2] https://youtu.be/QWfrsT9c8II at 0:28:10.
[3] https://youtu.be/QWfrsT9c8II at 0:31:30.
[4] https://youtu.be/QWfrsT9c8II at 0:31:41.
[5] https://youtu.be/QWfrsT9c8II at 0:31:59.

- *February 23, 2022*: Schaub texts Lee threats that he is "going after anyone who harasses [me] online" with "monster lawyers" and "friends in dark places."
- *February 28, 2022*: Plaintiff files the current suit against Defendant Swindelles.

This sudden flurry of filings and threats of litigation are no coincidence; it was all a coordinated strategy with intent to use the Unites States court system to silence and intimidate.

At no time during the eighty-one minutes Schaub appeared on the TigerBelly podcast did he mention copyright infringement or protecting his intellectual property. Instead, he only confirmed that he was "going after anyone who harasses [me] online" with his "monster lawyers" and "friends in dark places." He confirmed that his standard for "harassment" against him is anyone discussing his alleged infidelity online. Counsel have attempted to cram the square peg of a frivolous vengeance suit into the round hole of a copyright infringement claim, but the client's loose lips have sunk this ship. Plaintiff's presumptive CEO has plainly stated that its only goal in filing its recent litigation is to harass, silence, and intimidate those like Defendant Swindelles who discussed his embarrassing actions online. This is as frivolous as a case can be.

To support a finding of frivolousness, some degree of fault is required, but the fault need not be a wicked or subjectively reckless state of mind; rather, an individual must "at the very least, be culpably careless to commit a violation." *Roger Edwards, LLC v. Fiddes & Son Ltd.*, 437 F.3rd 140 (1st Cir. 2006); quoting *Young v. City of Providence ex. rel Napolitano*, 404 F.3rd 33, at 39. In the instant case, Plaintiff has far surpassed the "culpably careless" standard; Plaintiff's lead executive has publicly confessed to millions

4

of viewers and listeners that he is using this Court solely to attack his perceived enemies. This bad faith action cannot stand.

## II. Plaintiff's claims are not warranted by existing law.

In its Complaint, Plaintiff points to four original works registered by Thiccc Boy, Inc., in pursuing its claims of copyright infringement:

1. TFATK Episode 725, Sept. 7, 2021: 1 hour, 25 minutes, 6 seconds.
2. TFATK Episode 726, Sept. 8, 2021: 1 hour, 48 minutes, 6 seconds.
3. TFATK, Episode 729, Sept. 20, 2021: 1 hour, 21 minutes, 34 seconds.
4. TFATK Episode 740, Oct. 25, 2021: 1 hour, 39 minutes, 32 seconds.

Plaintiff did not specify which of Defendant's videos allegedly infringed any of these works, though the Complaint did mention the Digital Millennium Copyright Act ("DMCA") takedown notices Plaintiff logged with YouTube to block Defendant's content. *See* Complaint, 13-14.

From what Defendant can glean from the vague Complaint, Plaintiff appears to be referencing videos that are approximately four to eight minutes in length and include visual and audio recordings of Defendant's commentary interspersed with short clips of TFATK. Defendant has previously raised the affirmative defense of Fair Use under Section 107 of the Copyright Act, 17 U.S.C. §107, and intends to elaborate on that defense if needed. Considering, however, that Defendant will easily make successful claims of Fair Use for short video snippets of broadcasts that span many hours, the frivolousness of this case is only further highlighted. The existing law does not support the assertion that Defendant's short clips infringed Plaintiff's works, and everyone on the Plaintiff's side knows that. Plaintiff assumed it could overwhelm Defendant with near-unlimited resources and "monster lawyers" to crush a small online content creator. The

law does not support Plaintiff's claims and does not support such abuse of the American court system.

## APPLICABLE LAW AND ARGUMENT

A Court's inherent power gives it the authority to impose "a sanction for abuse of the judicial process, or, in other words, for bad faith conduct in litigation. *Farmer v. Banco Popular of N.Am.,* 791 F.3d 1246, 1256 (10th Cir. 2015). The Supreme Court has described the "narrowly defined circumstances [in which] federal courts have inherent power to assess attorney's fees against counsel" as involving actions taken "bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991).

Federal law also provides that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The court need not find that an attorney subjectively acted in bad faith, rather, "any conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court is sanctionable." *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1202 (10th Cir. 2008). The statute makes attorneys potentially liable for harm caused "because of" unreasonable and vexatious multiplication of proceedings." 28 U.S.C. § 1927.

As a *pro se* party, Defendant Swindelles has not incurred any attorney's fees. Defendant has, however, incurred other costs and damages directly related to Plaintiff's frivolous legal actions. Plaintiff has sought to interfere with Defendant's ability to monetize his own original works on YouTube, and his earning ability has been negatively

impacted by Plaintiff's principals and employees publicly making outlandish allegations regarding child abuse and pedophilia online. Plaintiff knows Defendant is *pro se* and has struggled with the formal rules of civil procedure. Yet Plaintiff has continued with relentless legal attacks, filing multiple motions intended to prolong litigation and drive up expenses. Plaintiff knows its claims lack legal footing but intends to crush and silence Defendant with its "monster lawyers" and resources.

Monetary sanctions, together with a strong warning against any future conduct is appropriate. Ultimately, Plaintiff should not be allowed to continue blocking Defendant's original works and forcing him to incur costs necessary to respond to its frivolous claims. Plaintiff's principal executive has publicly admitted that his litigation strategy is taken in bad faith and for frivolous, vengeful reasons. This Court should not be a party to Plaintiff's revenge campaign.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court enter an Order of Sanctions against Plaintiff and award to Defendant the reasonable costs and expenses incurred in responding to Plaintiff's frivolous claims, impose monetary sanctions appropriate to deter such future actions, and any other relief that this court deems just and proper.

Respectfully submitted,

*Kyle Swindelles*

Kyle Swindelles, Defendant, *pro se*
41 Marietta Street, 2nd Floor, Unit 4
Providence, Rhode Island 02904
Phone: (401) 230-5061
e-mail: yewneekent@gmail.com

## **CERTIFICATE OF SERVICE**

This is to certify that on July 18, 2022, I electronically transmitted the foregoing *Defendant Kyle Swindelles' Motion for Sanctions* to the below interested parties at the e-mail addresses provided to the Court. In accordance with Fed.R. Civ.P. 11(c)(2) and 26, I will file this motion with the Court no earlier than August 8, 2022, if Plaintiff fails to take the requested corrective action.

| | |
|---|---|
| Robert E. Allen, Esq. | rallen@glaserweil.com |
| Thomas P. Burke, Jr., Esq. | tburke@glaserweil.com |
| Travis J. McDermott, Esq. | tmcdermott@psh.com |

*/s/ Kyle Swindelles*