IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THICCC BOY PRODUCTIONS INC. <br><br> Plaintiff, <br><br> v. <br><br> KYLE SWINDELLES a/k/a YEW NEEK NESS; and DOES 1 through 10, <br><br> Defendants. | Case No. 1:22-cv-00090-MSM-PAS <br><br> **PLAINTIFF THICCC BOY PRODUCTIONS INC.'S RESPONSE IN OPPOSITION TO DEFENDANT KYLE SWINDELLES'S MOTION FOR SANCTIONS** |

## MEMORANDUM OF LAW

Plaintiff Thiccc Boy Productions, Inc. ("Plaintiff" or "TBP") opposes Defendant Kyle Swindelles's ("Defendant" or "Swindelles") Motion for Sanctions (the "Motion") and respectfully requests that the Court deny the Motion in its entirety. The Motion suffers from fatal evidentiary shortfalls, does not prove that any improper motives on TBP's part outweigh its proper purposes in filing its complaint, and does not establish that TBP's claim for copyright infringement is anywhere close to frivolous. Accordingly, it should be denied.

The Motion is not supported by any competent evidence, nor is it warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. The entire factual basis for the Motion consists of comments that Brendan Schaub allegedly made during a video podcast episode on YouTube. A closer watch of the podcast reveals that these comments were allegedly made by Schaub in text messages to Bobby Lee (a comedian and one host of the podcast) and these text messages were being read aloud by Khalyla Kuhn (the other host of the podcast). These alleged comments—that Brendan Schaub is "finally going after anyone who harasses [me] online, including comics" and "[I] have spent half a million dollars on monster lawyers and [I] have friends in dark places who are gonna get the job done"—are inadmissible double-hearsay. Fed. R. Evid. 801, 802, 805. Moreover, Swindelles has offered no competent evidence to prove that Schaub—who is not a party to this lawsuit—was speaking in a "representative capacity" of TBP or that these out-of-court statements otherwise are not hearsay or meet an exception to the hearsay rule. See Fed. R. Evid. 801(d)(2)(A). Finally, the podcast has not been properly authenticated and it is not clear that Swindelles is offering evidence based on personal knowledge. Fed. R. Evid. 901, 602.

Taken together, these evidentiary shortcomings pull the rug from underneath the Motion. If there is no competent evidence that TBP brought this lawsuit for any improper purpose, then Swindelles has no basis to seek sanctions under Rule 11(b)(1).

However, even if the Court accepts the Motion at face value and assumes that TBP was motivated to bring this lawsuit in part by vengeance, that would not make TBP's actions

sanctionable under Rule 11. As discussed in further detail below, TBP's claim for copyright infringement is non-frivolous. Several courts of appeal have held that even where a party's motives for filing a complaint are not entirely pure, so long as the complaint is grounded in fact and warranted by existing law (i.e., non-frivolous), the bringing of the complaint is not sanctionable under Rule 11. *See, e.g.*, *In re Kunstler*, 914 F.2d 505, 518–19 (4th Cir. 1990) ("If a complaint is not filed to vindicate rights in court, its purpose must be improper. However, if a complaint is filed to vindicate rights in court, and also for some other purpose, a court should not sanction counsel for an intention that the court does not approve, so long as the added purpose is not undertaken in bad faith and is not so excessive as to eliminate a proper purpose."); *Nat'l Ass'n of Gov't Emps., Inc. v. Nat'l Fed'n of Fed. Emps.*, 844 F.2d 216, 223 (5th Cir. 1988) ("We do not condone litigation instituted for ulterior purposes rather than to secure judgment on a well-grounded complaint in which the plaintiff sincerely believes. Yet the Rule 11 injunction against harassment does not exact of those who file pleadings an undiluted desire for just deserts."); *Sussman v. Bank of Israel*, 56 F.3d 450, 459 (2d Cir. 1995) ("A party should not be penalized for or deterred from seeking and obtaining warranted judicial relief merely because one of his multiple purposes in seeking that relief may have been improper."); *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) ("[I]t would be counterproductive to use Rule 11 to penalize the assertion of non-frivolous substantive claims, even when the motives for asserting those claims are not entirely pure.").

The *Kunstler* court's analysis, in explaining that a court must apply an objective standard of reasonableness in determining the existence of an improper purpose, is particularly applicable here:

> [I]t is not enough that the injured party subjectively believes that a lawsuit was brought to harass, or to focus negative publicity on the injured party; instead, such improper purposes must be derived from the motive of the signer in pursuing the suit. An opponent in a lawsuit, particularly a defendant, will nearly always subjectively feel that the lawsuit was brought for less than proper purposes; plaintiffs and defendants are not often on congenial terms at the time a suit is brought. However, a court must ignore evidence of the injured party's subjective beliefs and look for more objective evidence of the signer's purpose.

*In re Kunstler*, 914 F.2d at 518–19. Unsurprisingly, Swindelles feels that this lawsuit has been brought to "harass, silence, and intimidate" him. Motion at 4. But his feelings do not make it so. The mere possibility that TBP may have impure motives in bringing this lawsuit does not outweigh the fact that it is pursuing a factually grounded, well-pleaded claim of copyright infringement. The Court should decline to impose any sanctions under Rule 11(b)(1).

Swindelles has also alleged that the complaint is frivolous, and therefore sanctions are merited under Rule 11(b)(4). This argument is on even shakier grounds. To establish copyright infringement, a plaintiff must prove only two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991). TBP has attached four copyright registration certificates to its complaint, thereby establishing the first element. 17 U.S.C. § 410(c). And it has alleged that Swindelles, without authorization, reproduced, created derivative works, distributed, and publicly performed or publicly displayed copies of TBP's works on his YouTube channel in violation of 17 U.S.C. § 106. *See* Complaint (ECF No. 1) at ¶¶ 7–21. Furthermore, as explained in TBP's Motion for Partial Summary Judgment (ECF No. 21), these facts are now conclusively established: by failing to respond to timely served requests for admissions, Swindelles has admitted both elements of copyright infringement and that he cannot establish a fair use defense. *See* ECF No. 21 at 8–11.

"A claim is frivolous when it is either not well-grounded in fact or unwarranted by existing law or a good faith argument for an extension, modification or reversal of existing law." *In re Ames*, 993 F.3d 27, 34 (1st Cir. 2021) (citation omitted). Swindelles's Motion falls far short of proving that TBP's copyright infringement claim is frivolous and, indeed, TBP's Motion for Partial Summary Judgment—and Swindelles's failure to oppose that motion—prove the opposite.

Swindelles appears convinced that his use of TBP's works was fair, and he is entitled to that opinion. But fair use is an affirmative defense for which its proponent—Swindelles—bears the burden of proof. *Monsarrat v. Newman*, 28 F.4th 314, 321 (1st Cir. 2022). A plaintiff is

generally not obligated to anticipate and plead around a defendant's affirmative defenses. *See Dennett v. Archuleta*, 982 F. Supp. 2d 166, 169 (D.R.I. 2013). Thus, to the extent that Swindelles's fair use defense has merit, that is for him to prove, and he has yet to do so. TBP ought not be sanctioned for electing not to carry Swindelles's burden for him.

For the foregoing reasons, Plaintiff Thiccc Boy Productions, Inc. respectfully requests that the Court deny Defendant Kyle Swindelles's Motion for Sanctions in its entirety.

Respectfully Submitted,
Thiccc Boy Productions Inc.

DATED: September 27, 2022

/s/ Robert E. Allen
Robert E. Allen *(Admitted pro hac vice)*
Thomas P. Burke Jr. *(Admitted pro hac vice)*
GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
(310) 553-3000
rallen@glaserweil.com
tburke@glaserweil.com

and

Travis J. McDermott (#8738)
PARTRIDGE SNOW & HAHN LLP
40 Westminster Street, Suite 1100
Providence, RI 02903
(401) 861-8217
tmcdermott@psh.com

5