IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THICCC BOY PRODUCTIONS, INC., | : | Case No. 1:22-cv-00090-MSM-PAS |
| Plaintiff, | : | |
| v. | : | |
| KYLE SWINDELLES, *et al*., | : | |
| Defendants. | : | |

**RULE 56 STATEMENT OF UNDISPUTED FACTS
IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant Kyle Swindelles respectfully submits this statement, pursuant to Local Rule Cv 56 of the United States District Court for the District of Rhode Island, in support of his motion for summary judgment. The material facts as to which there is no genuine issue to be tried are as follows:

1. Plaintiff Thiccc Boy Productions, Inc. is a Colorado corporation. *Complaint* at Paragraph 1.

2. Defendant Kyle Swindelles is an individual residing in Providence, Rhode Island. *Complaint* at ¶ 2.

3. Plaintiff owns copyrighted audio-visual works for the podcast The Fighter and the Kid ("TFATK"), including the individual episodes:

    a. TFATK Episode 725 (Sept. 7, 2021);

    b. TFATK Episode 726 (Sept. 8, 2021);

    c. TFATK Episode 729 (Sept. 20, 2021); and

    d. TFATK Episode 740 (Oct. 25, 2021). *Complaint* at ¶ 7.

4. YouTube is an online video streaming service. Videos on the site can be viewed and listened to by viewers. *Complaint* at ¶ 9.

5. Plaintiff's TFATK channel has approximately 516,000 subscribers on the YouTube media platform. Plaintiff's channel posts audio-visual episodes of the TFATK podcast. VIndividual video views of TFATK episodes can number in the multi-millions. *Swindelles Affidavit* at 4; https://www.youtube.com/c/TheFighterandTheKid.

6. Defendant Swindelles previously ran a YouTube page with approximately 20,000 subscribers. Defendant's channel posted audio-video content of Swindelles discussing news and opinion regarding gaming, comedy, radio, podcasts, and other forms of entertainment media. *Aff.* at 3.

7. On February 15, 2022, and February 16, 2022, Plaintiff sent YouTube Digital Millennium Copyright Act ("DMCA") takedown notices regarding Defendant's audio-visual content. *Complaint* at ¶ 13; *Aff.* at 6.

8. On February 18, 2022, and February 19, 2022, Defendant sent YouTube DMCA counter-notifications to dispute Plaintiff's takedown notices. *Complaint* at ¶ 14; *Aff.* at 7.

9. Due to YouTube's "three strikes rule" regarding copyright notices, Plaintiff's DMCA takedown notices resulted in YouTube eliminating Defendant's channel, cutting off access to subscribers and his previously posted videos. *Aff.* at 8.

10. On February 22, 2022, Plaintiff registered the above-named episodes of TFATK with the United States Copyright Office. *Complaint* at ¶ 8.

11. On February 28, 2022, Plaintiff filed suit for copyright infringement in this Court. *Complaint*.

12. The four episodes of TFATK named by Plaintiff have a total runtime of just over six (6) hours, fourteen (14) minutes:

   a. TFATK Episode 725 (Sept. 7, 2021): 1 hour, 25 minutes, 6 seconds[1];

   b. TFATK Episode 726 (Sept. 8, 2021): 1 hour, 48 minutes, 6 seconds[2];

   c. TFATK Episode 729 (Sept. 20, 2021): 1 hour, 21 minutes, 34 seconds[3]; and

   d. TFATK Episode 740 (Oct. 25, 2021): 1 hours, 39 minutes, 32 seconds[4].

13. Defendant Swindelles' YouTube videos had a runtime of approximately four (4) to eight (8) minutes each. *Aff.* at 10.

14. Defendant's YouTube videos featured audio-visual clips of Swindelles talking with short clips of TFATK video interspersed throughout. These videos were likely around fifty percent (50%) clips of Swindelles and fifty percent (50%) short clips of TFATK. *Aff.* at 11.

15. Swindelles was often critical of TFATK in his videos. He made fun of TFATK's on-air personalities and gave updates and opinions based upon his knowledge of entertainment media and what was shown in the TFATK clips. *Aff.* at 12.

16. Viewership of Swindelle's video fluctuated significantly, from a few thousand views to hundreds of thousands. Most videos trended toward the lower end of that scale. *Aff.* at 5.

17. Defendant Swindelles has never posted full episodes or lengthy clips of TFATK online. *Aff.* at 11.

---

[1] https://youtu.be/tmxp_I7XmlA
[2] https://youtu.be/PGx8vfPE6cc
[3] https://youtu.be/jnjlNHektdw
[4] https://youtu.be/_kzcXjJuv2A

Respectfully submitted,

*Kyle Swindelles*

Kyle Swindelles, Defendant, *pro se*
41 Marietta Street, 2nd Floor, Unit 4
Providence, Rhode Island 02904
Phone: (401) 230-5061
e-mail: yewneekent@gmail.com

# AFFIDAVIT OF KYLE SWINDELLES

STATE OF RHODE ISLAND    )
                         ) ss.
COUNTY OF PROVIDENCE     )

KYLE SWINDELLES, having first been duly cautioned and sworn, deposes and says that:

1. I reside in the state of Rhode Island.

2. I am an online content creator posting audio and video content on digital platforms such as YouTube, Twitch, and various podcast distribution sites. My content usually covers gaming, comedy, radio, podcasts, and other forms of popular entertainment.

3. Prior to February of 2022, I ran a YouTube channel that had amassed approximately 20,000 subscribers. My videos addressed news, opinion, and criticism of popular media, including podcasts such as The Fighter and the Kid ("TFATK").

4. TFATK is available in audio and video form on numerous places on the internet. The TFATK YouTube channel currently has approximately 516,000 subscribers.

5. The views of videos on my YouTube channel would fluctuate often; videos could receive a few thousand views or several hundred thousand views. Most videos trended toward the lower end of that scale. TFATK, however, has often garnered views in the multi-millions for single videos.

6. On February 15 and 16, 2022, I received notice from YouTube of four separate Digital Millennium Copyright Act ("DMCA") takedown notices filed by Thiccc Boy Productions, Inc.

7. On February 18 and 19, 2022, I sent DMCA counter-notifications to YouTube in an attempt to stop what I believed were frivolous takedown notices from Thiccc Boy Productions, Inc.

8. Because YouTube has a "three strikes" policy regarding copyright claims, my entire channel was disabled by YouTube and I lost access to all of the videos and subscribers associated with that channel soon after the takedown notices.

9. I did not have back-up files of the allegedly infringing videos. I have been unable to access the four videos associated with the litigation initiated by Thiccc Boy Productions, Inc. since my YouTube channel was closed.

10. My recollection is that each of the videos was between four (4) and eight (8) minutes long and primarily discussed the TFATK podcast. The video content was clips of myself talking about TFATK and its on-air personalities interspersed with short clips

      of the TFATK podcast.

11. In total, each video was likely about fifty percent (50%) clips of myself talking and fifty percent (50%) clips of TFATK. I have never posted or distributed full episodes or lengthy clips of TFATK online.

12. My videos were often critical of TFATK. I many times commented that the podcast was unfunny or that its on-air personalities may have engaged in bad behaviors. My commentary was based upon what was depicted and said in TFATK clips in addition to my knowledge of comedy, radio, and podcasting news. In sum, I would often make fun of TFATK based upon the clips used in my videos. This was usually done for comedic effect.

13. The loss of my previous YouTube channel and the litigation initiated by Thiccc Boy Productions, Inc. has negatively impacted me in many ways.

    FURTHER AFFIANT SAYETH NAUGHT.

*Kyle Swindelles*
_____
Kyle Swindelles

    On this _____ day of _____, 2022, before me personally appeared Kyle Swindelles, to me known to be the person described herein who executed the foregoing instrument and acknowledged that he voluntarily executed the same.

_____
Notary Public