IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THICCC BOY PRODUCTIONS INC.<br><br>Plaintiff,<br><br>v.<br><br>KYLE SWINDELLES a/k/a YEW NEEK NESS; and DOES 1 through 10,<br><br>Defendants. | Case No. 1:22-cv-00090-MSM-PAS<br><br>**PLAINTIFF THICCC BOY PRODUCTIONS INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION | 5 |
| II. | FACTS | 5 |
| III. | ARGUMENT | 6 |
| | a. Through the RFAs, Defendant has already admitted that each of the four fair use factors weighs against a finding of fair use. | 6 |
| | b. Defendant admits in his Motion that he is unable to prove fair use. | 8 |
| | c. By Failing to Dispute TBP's MSJ SUF, Defendant further admitted that he cannot prove fair use. | 9 |
| | d. Regardless of Defendant's repeated admissions, Defendant presents no evidence that Defendant's use of the Original Works constitutes fair use. | 10 |
| | e. Regardless of Defendant's repeated admissions and Defendant failure to present any admissible evidence, all of the fair use factors weigh against fair use, or, at a minimum, there would be genuine issues of material fact that preclude the granting of the Motion. | 11 |
| | 1. Purpose and Character of the Use. | 11 |
| | 2. Nature of the Copyrighted Work. | 13 |
| | 3. Amount and Substantiality of the Portion Copied. | 13 |
| | 4. Effect on the Potential Market for the Copyrighted Work. | 14 |
| | 5. Balance of the Four Factors | 14 |
| IV. | CONCLUSION | 14 |

## TABLE OF AUTHORITIES

### CASES

*Andy Warhol Found. for Visual Arts, Inc. v. Goldsmith*, 11 F.4th 26 (2d Cir. 2021) ..................... 8

*Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569 (1994) ....................................................... 8, 14

*CMM Cable Rep, Inc. v. Ocean Coast Prop., Inc.*, 97 F.3d 1504 (1st Cir. 1996) ......................... 10

*Comerica Bank & Trust, N.A. v. Habib*, 433 F. Supp. 3d 79 (D. Mass. 2020) ............................. 12

*Dr. Seuss Enters., L.P. v. Comicmix LLC*, 372 F. Supp. 3d 1101 (S.D. Cal. 2019) ..................... 12

*Dr. Seuss Enters., L.P. v. Comicmix LLC*, 983 F.3d 443 (9th Cir. 2020) ..................................... 12

*Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc.*, 109 F.3d 1394 (9th Cir. 1997) ..................... 8

*Elvis Presley Enters. v. Passport Video,* 349 F.3d 622 (9th Cir. 2003) ....................................... 11

*Equals Three, LLC v. Jukin Media, Inc.,* 139 F. Supp. 3d 1094 (C.D. Cal. 2015) ........................ 12

*F.T.C. v. Medicor LLC.*, 217 F. Supp. 2d 1048 (C.D. Cal. 2002) ................................................... 6

*FDIC v. Anchor Props.*, 13 F.3d 27 (1st Cir. 1994) ........................................................................ 7

*Gonzalez Otero v. Instituto Oftálmico de Bayamon*, 2008 WL 11503816 (D.P.R. Sep. 29, 2008) ........................................................................................................................... 7, 8

*Harper & Row Publishers, Inc. v. Nation Enters.,* 471 U.S. 539 (1985) ............................... 11, 13

*In re Carney*, 258 F.3d 415 (5th Cir. 2001) ................................................................................... 7

*In re Walsh*, 2010 WL 2612733 (Bankr. D. Mass. Jun. 24, 2010) ................................................. 8

*Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ.*, 209 F.3d 18 (1st Cir. 2000) ........................................................................................................................................ 7

*Lucasfilm Ltd. v. Ren Ventures*, 2018 WL 5310831 (N.D. Cal. June 29, 2018) .......................... 12

*Monge v. Maya Magazines, Inc.*, 688 F.3d 1164 (9th Cir. 2012) ................................................. 12

*Monsarrat v. Newman*, 28 F.4th 314 (1st Cir. 2022) ....................................................... 5, 12, 13

*O'Connell v. Hyatt Hotels*, 357 F.3d 152 (1st Cir. 2004) ............................................................... 8

*Rogers v. Koons*, 960 F.2d 301 (2d Cir. 1992) ............................................................................ 13

*Ruiz Rivera v. Riley*, 209 F.3d 24 (1st Cir. 2000) .......................................................................... 7

*Society of Holy Transfiguration Monastery, Inc. v. Gregory*, 689 F.3d 29 (1st Cir. 2012) .......... 13

*Talley v. United States*, 990 F.2d 695 (1st Cir. 1993) .................................................................. 6

*Thornhill v. Perry*, 2007 WL 2028594 (E.D. Cal. July 9, 2007) .................................................... 7

*Vil v. Poteau*, 2013 WL 3878741 (D. Mass. Jul. 26, 2013) ........................................................... 9

*Zimmerman v. Cambridge Credit Counseling Corp.*, 529 F. Supp. 2d 254 (D. Mass. 2008) ........ 7

**STATUTES**

17 U.S.C. 101 ................................................................................................................................ 13

**RULES**

Fed. R. Civ. P. 36(a)(3) .................................................................................................................. 6

LR Cv 56(a)(3) ............................................................................................................................... 9

LR Cv7(a)(3) .................................................................................................................................. 9

**MEMORANDUM OF LAW**

Plaintiff Thicc Boy Productions Inc. ("TBP") respectfully submit this Memorandum of Law in opposition to Defendant Kyle Swindelles a/k/a Yew Neekness ("Defendant")'s motion for summary judgment (the "Motion").

## I.  INTRODUCTION

Defendant argues that he is entitled to summary judgment because his copying of TBP's videos (the "Original Works") constitute fair use.  Fair use is an affirmative defense, for which Defendant has the burden of proof.  *Monsarrat v. Newman*, 28 F.4th 314, 321 (1st Cir. 2022).  But Defendant cannot prove fair use for at least five reasons.  First, as outlined in TBP's motion for summary judgment (ECF 21) ("TBP's MSJ"), Defendant has already admitted via requests for admissions ("RFAs") that each of the four fair use factors weighs against a finding of fair use in this case (ECF 21 at 10-11; ECF 21-2 at 8-9).  Second, Defendant admits in the Motion that he has no evidence as to the fourth fair use factor, thereby precluding his ability to prove fair use.  Third, Defendant failed to oppose TBP's MSJ or dispute any of the material facts stated in TBP's statement of undisputed facts in support of its motion for summary judgment (ECF 21-1) ("TBP's MSJ SUF"), which constitute further admissions by Defendant that all of the fair use factors weigh against finding of fair use.  Fourth, even if Defendant had not repeatedly admitted that he was not entitled to a fair use defense, Defendant presents no evidence in the Motion that Defendant's infringing videos (the "Infringing Videos") constitute fair use.  Fifth, even if Defendant had not repeatedly admitted that he was not entitled to a fair use defense and even if Defendant had presented evidence that the Infringing Videos constituted fair use, all of the fair use factors weigh against fair use, or, at a minimum, there would be genuine issues of material fact that preclude the granting of the Motion.

## II.  FACTS

The relevant facts are set forth in the statement of disputed facts ("SDF") and in TBP's statement of undisputed facts ("SUF") filed in conjunction with this opposition and incorporated by reference herein.

III.  ARGUMENT

   a. **Through the RFAs, Defendant has already admitted that each of the four fair use factors weighs against a finding of fair use.**

Defendant failed to respond to the RFAs, which TBP served by FedEx on May 27, 2022, and then again by email on July 13, 2022.  Even after TBP notified Defendant multiple times (as late as August 18, 2022) that he needed to respond to the RFAs, not only did Defendant not respond, but instead publicly stated on his podcast that he was not going to respond and mocked, derided and made antisemitic remarks about TBP's counsel.  (TBP MSJ, ECF 21 at 6, ECF 21-2 at 1-2; ECF 21-3 at 1-2).

By the plain language of Rule 36, each request is deemed admitted. Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."); *see also Talley v. United States*, 990 F.2d 695, 698 (1st Cir. 1993) ("An admission under Fed.R.Civ.P. 36(a) is, by the terms of the rule, binding on the party making the admission and cannot be contradicted."); *F.T.C. v. Medicor LLC.*, 217 F. Supp. 2d 1048, 1053 (C.D. Cal. 2002) ("Failure to timely respond to requests for admissions results in automatic admission of the matters requested. No motion to establish the admissions is needed because Federal Rule of Civil Procedure 36(a) is self executing.") (internal citations omitted).

Specifically, Defendant admitted that:  (1) each of the Original Works were unpublished (ECF 21-2 at 8, Request No. 9); (2) Defendant monetized the Infringing Videos on Defendant's YouTube account (*Id.*, Request No. 13); (3) The Infringing Videos do not add something new to the Original Works, do not provide a further purpose or different character to the Original Works, nor alter the Original Works with new expression, meaning or message (*Id.* at 9, Request No. 14); (4) Each of the Original Works are creative expressions (*Id.*, Request No. 15); (5) The Infringing Videos take more than is necessary for Defendant's purpose in using each of the

Original Works (*Id.*, Request No. 16); and (6) The Infringing Videos harm the market for each of the Original Works by serving as a market replacement for them (*Id.*, Request No. 17).[1]

Without providing any evidence, Defendant argues in the Motion that this Court should grant him a longer period to respond to the RFAs. (Mot. at 10).[2] Specifically, Defendant argues he should have additional time to respond because he is a pro se litigant. First, Defendant is not a typical pro se litigant—Defendant admitted that he "got help behind the scenes from lawyers, who just file the proper s**t I need filed, the way it needs to be filed." ECF 21-3 at 2. Second, Defendant's "pro se status does not free a litigant in a civil case of the obligation to comply with procedural rules." *Ruiz Rivera v. Riley*, 209 F.3d 24, 28 n.2 (1st Cir. 2000); *FDIC v. Anchor Props.*, 13 F.3d 27, 31 (1st Cir. 1994) ("We have consistently held that a litigant's pro se status [does not] absolve him from compliance with [either] the Federal Rules of Civil Procedure [or] a district court's procedural rules.") (alterations in original). This applies equally to requests for admissions. *Zimmerman v. Cambridge Credit Counseling Corp.*, 529 F. Supp. 2d 254, 266 (D. Mass. 2008) (citing *Thornhill v. Perry*, 2007 WL 2028594, *3 (E.D. Cal. July 9, 2007) (denying pro se litigant permission to withdraw admissions)). Third, the only authority Defendant cites is a case having nothing to do with requests for admissions. *Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ.*, 209 F.3d 18, 23 (1st Cir. 2000) (*complaints* drafted by non-lawyers are to be construed with some liberality).

Additionally, Defendants fail to provide any evidence explaining why he did not respond despite three notices from TBP or which of the RFAs he would deny if given a chance to respond after not doing so for six months. But of most concern, Defendant knew about the deadline, chose to ignore it, and then engaged publicly in hateful speech toward TBP's counsel. Courts in

---

[1] As discussed in Section III(e) below, these RFAs negate the possibility of each of the fair use factors.

[2] A motion for summary judgment is not the proper vehicle for withdrawing or amending a request for admission. *Gonzalez Otero v. Instituto Oftálmico de Bayamon*, 2008 WL 11503816, at *2 (D.P.R. Sep. 29, 2008) (citing *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001) ("[A] deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b).").

this circuit "consider a party's lack of diligence," "the presence of improper conduct" and "that party's lack of reasonable explanation for untimely discovery responses" as reasons to deny withdrawal or amendment of admissions. *Zimmerman*, 529 F. Supp.2d at 265-66. Defendant's indifference to his obligation to respond to the RFAs undermines the possibility of withdrawal "due to the fact that such conduct is incongruous with the showing of diligence required to establish good cause." *Gonzalez Otero*, 2008 WL 11503816, at *3 (citing *O'Connell v. Hyatt Hotels*, 357 F.3d 152, 155 (1st Cir. 2004)); *see also In re Walsh*, 2010 WL 2612733, at *8 (Bankr. D. Mass. Jun. 24, 2010) (denying request for leave to late file responses to admissions).

Defendant also argues that TBP's RFAs "fall outside the scope of discovery." (Mot. at 10). Defendant, however, refers to only one RFA: Request No. 17 ("The Infringing Videos harm the market for each of the Original Works by serving as a market replacement for them."). Defendants cite no evidence or authority for its proposition that Request No. 17 was improper.

**b. Defendant admits in his Motion that he is unable to prove fair use.**

Defendant acknowledges that he "does not have access to information regarding the market for [TBP's] works or their market replacements." (Mot. at 11). This admission in the Motion is fatal to Defendant's fair use affirmative defense. "Since fair use is an affirmative defense, [defendants] must bring forward favorable evidence about relevant markets. Given their failure to submit evidence on this point, instead confining 'themselves to uncontroverted submissions that there was no likely effect on the market for the original,' we conclude that . . . a silent record on an important factor bearing on fair use disentitle[s] the proponent of the defense." *Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc.*, 109 F.3d 1394, 1400 (9th Cir. 1997); *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 580 (1994) ("it is impossible to deal with the fourth factor [effect on potential market] except by recognizing that a silent record on an important factor bearing on fair use disentitled the proponent of the defense"); *Andy Warhol Found. for Visual Arts, Inc. v. Goldsmith*, 11 F.4th 26, 53 (2d Cir. 2021) (affirming that the burden of proof of this factor resides on the secondary user—"we have never held that the rightsholder bears the burden of showing actual market harm. Nor would we so hold. Fair use is

an affirmative defense; as such, the ultimate burden of proving that the secondary use does not compete in the relevant market is appropriately borne by the party asserting the defense: the secondary user."); *Vil v. Poteau*, 2013 WL 3878741, at *6 (D. Mass. Jul. 26, 2013).

### c. By Failing to Dispute TBP's MSJ SUF, Defendant further admitted that he cannot prove fair use.

Separate from the RFAs, TBP filed its TBP's MSJ SUF on August 29, 2022 (ECF 21-1), which included the following undisputed facts: (1) Each of the Original Works is a creative expression (*Id.* at 2, No. 6); (2) At the time that [Defendant] uploaded the Infringing Videos to his YouTube account, each of the Original Works was unpublished (*Id.* at 2, No. 15); (3) Defendant monetized the Infringing Videos on his YouTube account (*Id.*, No. 19); (4) The Infringing Videos do not add something new to the Original Works (*Id.*, No. 20); (5) The Infringing Videos do not provide a further purpose or different character to the Original Works (*Id.*, No. 21); (6) The Infringing Videos do not alter the Original Works with new expression, meaning or message (*Id.*, No. 22); (7) The Infringing Videos take more than is necessary for Defendant's purpose in using each of the Original Works (*Id.*, No. 23); and (8) The Infringing Videos harm the market for each of the Original Works by serving as a market replacement for them (*Id.*, No. 24).[3]

Defendant did not file an opposition to TBP's MSJ, nor did Defendant either file a statement of material facts or dispute TBP's MSJ SUFs, which documents were due by September 12, 2022. LR Cv7(a)(3) (any response to a motion "must be filed within 14 days after service of the motion unless the Court shortens or extends the time."). As a result of Defendant's failure to expressly deny TBP's MSJ SUFs, each is deemed admitted and thereby preclude Defendant from asserting a fair use defense. LR Cv 56(a)(3) ("For purposes of a motion for summary judgment any fact alleged in the movant's Statement of Undisputed Facts shall be deemed admitted unless expressly denied or otherwise controverted by a party objecting to the

---

[3] As discussed in section III(e) below, these RFAs negate the possibility of each of the fair use factors.

motion."); *see also CMM Cable Rep, Inc. v. Ocean Coast Prop., Inc.*, 97 F.3d 1504, 1527 (1st Cir. 1996) (With respect to a similar local rule: "A party opposing a summary judgment motion must file a statement of the material facts which are in dispute and, unless controverted by the opposing party's statement of material facts, the material facts properly included in the moving party's statement will be deemed to be admitted.")

### d. Regardless of Defendant's repeated admissions, Defendant presents no evidence that Defendant's use of the Original Works constitutes fair use.

It is Defendant's burden to prove that he is entitled to a fair use defense. Defendant, however, presents no evidence of the Infringing Videos. Indeed, Defendant admits that he does not have a copy of his four Infringing Videos. (Affidavit of Kyle Swindelles, ECF 26 at 5, ¶ 9). Further, Defendant admits that he (1) does not know how long each of the Infringing Videos were; (2) how much of each Infringing Video consisted of an Original Work; or (3) whether the Infringing Videos at issue were critical of TBP. (*Id.* at 5-6, ¶¶ 10-12). Without Defendant presenting the Infringing Videos as evidence to the Motion, the court cannot compare TBP's Original Works with the Infringing Videos, thereby precluding Defendant from proving that any of the fair use factors favor Defendant.

Further, Defendant presents no relevant evidence in support of the Motion at all. (SDF 5-9, 12-17). To the contrary, the evidence conclusively shows that Defendant is not entitled to a fair use defense: (1) the Infringing Videos are non-transformative and commercial (SUF 20-23); (2) the Original Works are creative and unpublished (SUF 18-19); (3) Defendant took more than was necessary for his purposes (SUF 24); and (4) the Infringing Videos harm the market for the Original Works, servicing as a market replacement for them (SUF 25).

> **e. Regardless of Defendant's repeated admissions and Defendant failure to present any admissible evidence, all of the fair use factors weigh against fair use, or, at a minimum, there would be genuine issues of material fact that preclude the granting of the Motion.**

Preliminarily, whether the copying of the Original Works in the Infringing constitutes fair use is a mixed question of law and fact. *Harper & Row Publishers, Inc. v. Nation Enters.,* 471 U.S. 539, 560 (1985). Consequently, courts only address fair use when no material facts are in dispute. Defendant acknowledges in the Motion that he does not possess all relevant facts, yet asks this court to find that the copying of the Original Works constitutes fair use based on conjecture and speculation. That is improper and does not satisfy his burden of proof. Turning to the four fair use factors in section 107 of the Copyright Act, Defendant has failed to meet its burden with respect to each of them.

### 1. Purpose and Character of the Use.

***Transformation***. Without any evidence, Defendant claims that the Infringing Videos are works of criticism and therefore transformative.[4] Indeed, Defendant's "recollection" was that the Infringing Videos were "clips of myself talking about TFATK and its on-air personalities interspersed with short clips to the TFATK podcast." (Swindelles Aff., ECF 26 at 5-6, ¶ 10). Even under Defendant's recollection, Defendant cannot prove transformation because Defendant cannot show how much of the Infringing Videos contain the Original Works and how much is Defendant's voiceovers. Indeed, "voice-overs do not necessarily transform a work. There must be real, substantial condensation of the materials . . . and not merely the facile use of scissors; or extracts of the essential parts, constituting the chief value of the original work." *Elvis Presley Enters. v. Passport Video,* 349 F.3d 622, 628-29 (9th Cir. 2003) overruled on other grounds as stated in *Flexible Lifeline Sys., Inc. v. Precision Lift, Inc*., 654 F.3d 989, 995 (9th Cir. 2011) (per

---

[4] In both the RFAs and TBP's MSJ SUFs, Defendant admitted that the Infringing Videos do not add something new to the Original Works, do not provide a further purpose or different character to the Original Works, and do alter the Original Works with new expression, meaning or message.

curiam) (internal citations omitted); *Comerica Bank & Trust, N.A. v. Habib*, 433 F. Supp. 3d 79, 93 (D. Mass. 2020) (clips not transformative when "play[ed] without much interruption, [and t]he purpose of showing these clips likely [went] beyond merely making a reference for a biography, but instead serve[d] the same intrinsic entertainment value that is protected by Plaintiffs' copyrights." (quoting *Elvis Presley Enters*., 349 F.3d at 628-29)); *see also Monge v. Maya Magazines, Inc*., 688 F.3d 1164, 1174 (9th Cir. 2012) ("neither minor cropping nor the inclusion of headlines or captions transformed the copyrighted works"); *Lucasfilm Ltd. v. Ren Ventures*, 2018 WL 5310831, at *4 (N.D. Cal. June 29, 2018) (same).

In support of its argument that the Infringing Videos were transformative, Defendant cites to only one case—*Equals Three, LLC v. Jukin Media, Inc.,* a district court case from the Central District of California. 139 F. Supp. 3d 1094 (C.D. Cal. 2015). Although Defendant refers to *Equals Three* as a "seminal case," it has been cited in only *one* other case, *Dr. Seuss Enters., L.P. v. Comicmix LLC*, 372 F. Supp. 3d 1101, 1120-21 (S.D. Cal. 2019) (finding *Equals Three* instructive in concluding use at issue was transformative). Tellingly, the Ninth Circuit reversed, in relevant part, *Comicmix*, finding the defendant's use was not transformative. 983 F.3d 443, 453 (9th Cir. 2020). But *Equals Three* confirms (and Defendant acknowledges on page 6 of the Motion) that if Defendant's narration is minimal, his use of the Original Works is not transformative. Defendant presents no evidence as to the extent of his narration, as required by his burden of proving each of the fair use factors, thereby precluding a finding that Defendant's use was transformative.

**Commerciality**. Defendant admits in the Motion that his use of the Infringing Videos was commercial. (Mot. at 5). "As the Supreme Court has explained, '[t]he fact that a publication was commercial as opposed to nonprofit ... tends to weigh against a finding of fair use, although commercial gain alone is not dispositive." *Monsarrat*, 28 F.4th at 322 (internal citations omitted). Consequently, the first factor weighs against fair use.

### 2. Nature of the Copyrighted Work.

The second factor requires the court "to consider two elements: (1) whether the [original works] are factual or creative, and (2) whether the [original works] have previously been published." *Society of Holy Transfiguration Monastery, Inc. v. Gregory*, 689 F.3d 29, 61 (1st Cir. 2012). Defendant admits in the Motion that the Original Works are creative. (Mot. at 7). As stated in the Complaint, each of the Original Works are unpublished. (ECF 1 at 2-3, ¶ 11); *see* 17 U.S.C. 101 (definition of publication: "A public performance or display of a work does not of itself constitute publication.").[5] Defendant does not argue or present evidence to the contrary. Consequently, the second factor weighs against fair use.

### 3. Amount and Substantiality of the Portion Copied.

Defendant acknowledges that he copied the Original Works verbatim into his Infringing Videos. (Mot. at 3). "Typically, copying an entire work verbatim will militate against a finding of fair use." *Monsarrat*, 28 F.4th at 324 (internal citation omitted). In order for verbatim copying to constitute fair use, Defendant must not have copied "more than necessary to further the purpose and character of the use." *Id.* (internal citation omitted); *Gregory*, 689 F.3d at 62 ("It is not fair use when more of the original is copied than necessary." (quoting *Rogers v. Koons*, 960 F.2d 301, 311 (2d Cir. 1992)).[6] Defendant presents no evidence that he did not take more than was necessary of the Original Works when copying them into the Infringing Videos. Instead, Defendant argues that his "use of a few minutes" of the Original Works "taken over six (6) hours of podcasts is entirely reasonable. Putting aside the fact that Defendant presents no evidence as to the length of the Infringing Videos or the amount taken from the Original Works, the inquiry is "not affixed by cold calculations of the percentage of a work used versus unused." *Gregory*, 689 F.3d at 62; *Harper & Row Publishers, Inc. v. Nation Enters.,* 471 U.S. 539, 565 (1985) ("[N]o plagiarist can excuse the wrong by showing how much of his work he did not

---

[5] In both the RFAs and TBP's MSJ SUFs, Defendant admitted that each of the Original Works are creative and unpublished.

[6] In both the RFAs and TBP's MSJ SUFs, Defendant admitted that he took more than was necessary for his purpose in using each of the Original Works.

pirate." (internal citation omitted)). Accordingly, Defendant's failure to provide any evidence as to the amount or substantiality of what he has taken precludes a finding that this factor weighs in Defendant's favor. Consequently, the third factor weighs against fair use.

### 4. Effect on the Potential Market for the Copyrighted Work.

As discussed in Section III(b) above, Defendant admits in the Motion that he has no evidence to prove the fourth factor, thereby precluding a finding of fair use.[7] Nevertheless, Defendant argues, without evidence, that there can be no effect on the potential market of the Original Works because there is "no derivative market for critical works." (Mot. at 9). Defendant is wrong and cites *Campbell* incorrectly for this faulty conclusion. In *Campbell*, the Supreme Court recognized that a new work may affect multiple marketplaces of the original work, and the court must evaluate all protectible markets for derivative works of the original. 510 U.S. at 592. The new work in *Campbell* "comprises not only parody but also rap music, and the derivative market for rap music is a proper focus of enquiry." *Id.* at 592-93. Because the defendant presented no evidence on the potential market harm to the protectible markets for derivative works, the Court concluded that "a silent record on an important factor bearing on fair use disentitled the proponent of the defense, 2 Live Crew, to summary judgment." *Id.* at 594. Here, Defendant admits that he has no evidence of the effect on the market of, for example, a non-critical highlight reel of the Original Works, thereby disentitling him to summary judgment.

### 5. Balance of the Four Factors

Defendant has not met its burden with respect to any of the four fair use factors, as a matter of law. Accordingly, Defendant has failed to show that Defendant' copying of the Original Works was not an infringement of TBP's copyrights.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff Thicc Boy Productions Inc. respectfully request that the Court deny Defendant's Motion for Summary Judgment.

---

[7] In both the RFAs and TBP's MSJ SUFs, Defendant admitted that the Infringing Videos harm the market for each of the Original Works by serving as a market replacement for them.

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | Thiccc Boy Productions Inc. |
| DATED: November 9, 2022 | */s/ Robert E. Allen* |
|  | Robert E. Allen *(Admitted pro hac vice)* |
|  | GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP |
|  | 10250 Constellation Blvd., 19th Floor |
|  | Los Angeles, CA 90067 |
|  | (310) 553-3000 |
|  | rallen@glaserweil.com |
|  | and |
|  | Travis J. McDermott (#8738) |
|  | PARTRIDGE SNOW & HAHN LLP |
|  | 40 Westminster Street, Suite 1100 |
|  | Providence, RI 02903 |
|  | (401) 861-8217 |
|  | tmcdermott@psh.com |