IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THICCC BOY PRODUCTIONS INC.<br><br>Plaintiff,<br><br>v.<br><br>KYLE SWINDELLES a/k/a YEW NEEK NESS; and DOES 1 through 10,<br><br>Defendants. | Case No. 1:22-cv-00090-MSM-PAS<br><br>**PLAINTIFF THICCC BOY PRODUCTIONS INC.'S STATEMENT OF DISPUTED FACTS IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

PRELIMINARY STATEMENT

Pursuant to LR Cv 56(a)(3), Plaintiff Thicc Boy Productions Inc. ("TBP") respectfully submit this statement of disputed facts in response to Defendant's Statement of Undisputed Facts and in opposition to Defendant's Motion for Summary Judgment. All evidentiary objections made below are made pursuant to Fed. R. Civ. P. 56(c)(2).

RESPONSES AND OBJECTIONS

1. Plaintiff Thiccc Boy Productions, Inc. is a Colorado corporation. Complaint at Paragraph 1.

    **Response:** Undisputed.

2. Defendant Kyle Swindelles is an individual residing in Providence, Rhode Island. Complaint at ¶ 2.

    **Response:** Undisputed.

3. Plaintiff owns copyrighted audio-visual works for the podcast The Fighter and the Kid ("TFATK"), including the individual episodes:

    a. TFATK Episode 725 (Sept. 7, 2021);

    b. TFATK Episode 726 (Sept. 8, 2021);

    c. TFATK Episode 729 (Sept. 20, 2021); and

    d. TFATK Episode 740 (Oct. 25, 2021). Complaint at ¶ 7.

    **Response:** Undisputed.

4. YouTube is an online video streaming service. Videos on the site can be viewed and listened to by viewers. Complaint at ¶ 9.

    **Response:** Undisputed.

5. Plaintiff's TFATK channel has approximately 516,000 subscribers on the YouTube media platform. Plaintiff's channel posts audio-visual episodes of the TFATK podcast. Individual video views of TFATK episodes can number in the multi-millions. Swindelles Affidavit at 4; https://www.youtube.com/c/TheFighterandTheKid.

    **Response:** Disputed. Defendant's alleged "facts" are unsupported by admissible evidence in the record. Fed. R. Civ. P. 56(c)(1)(B), 56(c)(2). Defendant's affidavit does not comply with Fed. R. Civ. P. 56(c)(4) in that it is not made with personal knowledge, and is not properly sworn or signed under penalty of perjury as required by 17 U.S.C. § 1746. Accordingly, Defendant's affidavit constitutes inadmissible hearsay "and not cognizable relative to the pending Motion for Summary Judgment." *Richardson v. Whitmarsh Corp.*, 2009 WL 107001125, at *3 (D.R.I. Dec. 8, 2009) (striking plaintiff's affidavit); *see also Bennett v. Saint-Gobain Corp.*, 507 F.3d 23, 29 (1st Cir. 2007) ("It is black-letter law that hearsay evidence cannot be considered on summary judgment." (internal citation omitted)). TBP also objects that Defendant's contentions with respect to the number of subscribers and viewers are not material to any of the claims or defenses at issue in this litigation. Fed. R. Evid. 401.

6. Defendant Swindelles previously ran a YouTube page with approximately 20,000 subscribers. Defendant's channel posted audio-video content of Swindelles discussing news and opinion regarding gaming, comedy, radio, podcasts, and other forms of entertainment media. Aff. at 3.

   **Response:** Disputed. Defendant's alleged "facts" are unsupported by admissible evidence in the record. Fed. R. Civ. P. 56(c)(1)(B), 56(c)(2). Defendant's affidavit does not comply with Fed. R. Civ. P. 56(c)(4) in that it is not made with personal knowledge, and is not properly sworn or signed under penalty of perjury as required by 17 U.S.C. § 1746. Accordingly, Defendant's affidavit constitutes inadmissible hearsay "and not cognizable relative to the pending Motion for Summary Judgment." *Richardson v. Whitmarsh Corp.*, 2009 WL 107001125, at *3 (D.R.I. Dec. 8, 2009) (striking plaintiff's affidavit); *see also Bennett v. Saint-Gobain Corp.*, 507 F.3d 23, 29 (1st Cir. 2007) ("It is black-letter law that hearsay evidence cannot be considered on summary judgment." (internal citation omitted)). TBP also objects that Defendant's contentions with respect to the number of subscribers are not material to any of the claims or defenses at issue in this litigation. Fed. R. Evid. 401.

7. On February 15, 2022, and February 16, 2022, Plaintiff sent YouTube Digital Millennium Copyright Act ("DMCA") takedown notices regarding Defendant's audiovisual content. Complaint at ¶ 13; Aff. at 6.

   **Response:** Undisputed. TBP objects that Defendant's contentions with respect to DMCA takedowns are not material to any of the claims or defenses at issue in this litigation. Fed. R. Evid. 401.

8. On February 18, 2022, and February 19, 2022, Defendant sent YouTube DMCA counternotifications to dispute Plaintiff's takedown notices. Complaint at ¶ 14; Aff. at 7.

   **Response:** Undisputed. TBP objects that Defendant's contentions with respect to DMCA

takedowns are not material to any of the claims or defenses at issue in this litigation. Fed. R. Evid. 401.

9. Due to YouTube's "three strikes rule" regarding copyright notices, Plaintiff's DMCA takedown notices resulted in YouTube eliminating Defendant's channel, cutting off access to subscribers and his previously posted videos. Aff. at 8.

    **Response:** Disputed. Defendant's alleged "facts" are unsupported by admissible evidence in the record. Fed. R. Civ. P. 56(c)(1)(B), 56(c)(2). Defendant's affidavit does not comply with Fed. R. Civ. P. 56(c)(4) in that it is not made with personal knowledge, and is not properly sworn or signed under penalty of perjury as required by 17 U.S.C. § 1746. Accordingly, Defendant's affidavit constitutes inadmissible hearsay "and not cognizable relative to the pending Motion for Summary Judgment." *Richardson v. Whitmarsh Corp.*, 2009 WL 107001125, at *3 (D.R.I. Dec. 8, 2009) (striking plaintiff's affidavit); *see also Bennett v. Saint-Gobain Corp.*, 507 F.3d 23, 29 (1st Cir. 2007) ("It is black-letter law that hearsay evidence cannot be considered on summary judgment." (internal citation omitted)). TBP also objects that Defendant's contentions with respect to YouTube's "three strikes rule" is not material to any of the claims or defenses at issue in this litigation. Fed. R. Evid. 401.

10. On February 22, 2022, Plaintiff registered the above-named episodes of TFATK with the United States Copyright Office. Complaint at ¶ 8.
    **Response:** Undisputed.

11. On February 28, 2022, Plaintiff filed suit for copyright infringement in this Court. Complaint.
    **Response:** Undisputed.

12. The four episodes of TFATK named by Plaintiff have a total runtime of just over six (6) hours, fourteen (14) minutes:

   a. TFATK Episode 725 (Sept. 7, 2021): 1 hour, 25 minutes, 6 seconds;

   b. TFATK Episode 726 (Sept. 8, 2021): 1 hour, 48 minutes, 6 seconds;

   c. TFATK Episode 729 (Sept. 20, 2021): 1 hour, 21 minutes, 34 seconds; and

   d. TFATK Episode 740 (Oct. 25, 2021): 1 hours, 39 minutes, 32 seconds.

   **Response:** Disputed. Defendant's alleged "facts" are unsupported by admissible evidence in the record. Fed. R. Civ. P. 56(c)(1)(B).

13. Defendant Swindelles' YouTube videos had a runtime of approximately four (4) to eight (8) minutes each. Aff. at 10.

   **Response:** Disputed. Defendant's alleged "facts" are unsupported by admissible evidence in the record. Fed. R. Civ. P. 56(c)(1)(B), 56(c)(2). Defendant's affidavit does not comply with Fed. R. Civ. P. 56(c)(4) in that it is not made with personal knowledge, and is not properly sworn or signed under penalty of perjury as required by 17 U.S.C. § 1746. Accordingly, Defendant's affidavit constitutes inadmissible hearsay "and not cognizable relative to the pending Motion for Summary Judgment." *Richardson v. Whitmarsh Corp.*, 2009 WL 107001125, at *3 (D.R.I. Dec. 8, 2009) (striking plaintiff's affidavit); *see also Bennett v. Saint-Gobain Corp.*, 507 F.3d 23, 29 (1st Cir. 2007) ("It is black-letter law that hearsay evidence cannot be considered on summary judgment." (internal citation omitted)).

14. Defendant's YouTube videos featured audio-visual clips of Swindelles talking with short clips of TFATK video interspersed throughout. These videos were likely around fifty percent (50%) clips of Swindelles and fifty percent (50%) short clips of TFATK. Aff. At 11.

**Response:** Disputed. Defendant's alleged "facts" are unsupported by admissible evidence in the record. Fed. R. Civ. P. 56(c)(1)(B), 56(c)(2). Defendant's affidavit does not comply with Fed. R. Civ. P. 56(c)(4) in that it is not made with personal knowledge, and is not properly sworn or signed under penalty of perjury as required by 17 U.S.C. § 1746. Accordingly, Defendant's affidavit constitutes inadmissible hearsay "and not cognizable relative to the pending Motion for Summary Judgment." *Richardson v. Whitmarsh Corp.*, 2009 WL 107001125, at *3 (D.R.I. Dec. 8, 2009) (striking plaintiff's affidavit); *see also Bennett v. Saint-Gobain Corp.*, 507 F.3d 23, 29 (1st Cir. 2007) ("It is black-letter law that hearsay evidence cannot be considered on summary judgment." (internal citation omitted)). TBP also objects that Defendant's contentions on the content of Defendant's YouTube videos are inadmissible because the original recordings (or duplicate) are required in order to prove their content. Fed. R. Evid. 1002, 1003.

15. Swindelles was often critical of TFATK in his videos. He made fun of TFATK's on-air personalities and gave updates and opinions based upon his knowledge of entertainment media and what was shown in the TFATK clips. Aff. at 12.

**Response:** Disputed. Defendant's alleged "facts" are unsupported by admissible evidence in the record. Fed. R. Civ. P. 56(c)(1)(B), 56(c)(2). Defendant's affidavit does not comply with Fed. R. Civ. P. 56(c)(4) in that it is not made with personal knowledge, and is not properly sworn or signed under penalty of perjury as required by 17 U.S.C. § 1746. Accordingly, Defendant's affidavit constitutes inadmissible hearsay "and not cognizable relative to the pending Motion for Summary Judgment." *Richardson v. Whitmarsh Corp.*, 2009 WL 107001125, at *3 (D.R.I. Dec. 8, 2009) (striking plaintiff's affidavit); *see also Bennett v. Saint-Gobain Corp.*, 507 F.3d 23, 29 (1st Cir. 2007) ("It is black-letter law that hearsay evidence cannot be considered on summary judgment." (internal citation omitted)). TBP also objects that Defendant's contentions with respect to what Defendant "often" does are not material to any of the claims or defenses at issue in

this litigation—only what Defendant did in the Infringing Videos is relevant. Fed. R. Evid. 401.

16. Viewership of Swindelle's video fluctuated significantly, from a few thousand views to hundreds of thousands. Most videos trended toward the lower end of that scale. Aff. at 5.

    **Response:** Disputed. Defendant's alleged "facts" are unsupported by admissible evidence in the record. Fed. R. Civ. P. 56(c)(1)(B), 56(c)(2). Defendant's affidavit does not comply with Fed. R. Civ. P. 56(c)(4) in that it is not made with personal knowledge, and is not properly sworn or signed under penalty of perjury as required by 17 U.S.C. § 1746. Accordingly, Defendant's affidavit constitutes inadmissible hearsay "and not cognizable relative to the pending Motion for Summary Judgment." *Richardson v. Whitmarsh Corp.*, 2009 WL 107001125, at *3 (D.R.I. Dec. 8, 2009) (striking plaintiff's affidavit); *see also Bennett v. Saint-Gobain Corp.*, 507 F.3d 23, 29 (1st Cir. 2007) ("It is black-letter law that hearsay evidence cannot be considered on summary judgment." (internal citation omitted)). TBP also objects that Defendant's contentions with respect to the fluctuations of viewership of Defendant's "video" are not material to any of the claims or defenses at issue in this litigation. Fed. R. Evid. 401.

17. Defendant Swindelles has never posted full episodes or lengthy clips of TFATK online. Aff. at 11.

    **Response:** Disputed. Defendant's alleged "facts" are unsupported by admissible evidence in the record. Fed. R. Civ. P. 56(c)(1)(B), 56(c)(2). Defendant's affidavit does not comply with Fed. R. Civ. P. 56(c)(4) in that it is not made with personal knowledge, and is not properly sworn or signed under penalty of perjury as required by 17 U.S.C. § 1746. Accordingly, Defendant's affidavit constitutes inadmissible hearsay "and not cognizable relative to the pending Motion for Summary Judgment." *Richardson v. Whitmarsh Corp.*, 2009 WL 107001125, at *3 (D.R.I. Dec. 8, 2009) (striking plaintiff's affidavit); *see also Bennett v. Saint-Gobain Corp.*, 507 F.3d 23, 29 (1st Cir. 2007) ("It is

black-letter law that hearsay evidence cannot be considered on summary judgment." (internal citation omitted)).

DATED: November 9, 2022

*/s/ Robert E. Allen*
Robert E. Allen *(Admitted pro hac vice)*
GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
(310) 553-3000
rallen@glaserweil.com
tburke@glaserweil.com

and

Travis J. McDermott (#8738)
PARTRIDGE SNOW & HAHN LLP
40 Westminster Street, Suite 1100
Providence, RI 02903
(401) 861-8217
tmcdermott@psh.com