IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THICCC BOY PRODUCTIONS, INC., | : | Case No. 1:22-cv-00090-MSM-PAS |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **DEFENDANT'S REPLY** |
| KYLE SWINDELLES, *et al*., | : | **TO PLAINTIFF'S OBJECTION** |
| | : | **TO DEFENDANT'S MOTION** |
| Defendants. | : | **FOR SUMMARY JUDGMENT** |

I.  **INTRODUCTION**

It is common to invoke the Biblical account of David and Goliath when a powerful corporation pursues litigation against an average, low-profile individual. The comparison is not apt for this case, however, as the Philistine giant intended to back up his challenges with a fight. The lessons of the Book of Samuel would have lost impact, though, if the story were hundreds of pages of Goliath complaining that he should win automatically due to David's lack of armor, or that the sling was unfair under the rules of single combat, or maybe the giant religiously listened to David's podcast and ran to Saul to plead that David's jokes show he is a really bad guy.

Thiccc Boy Productions issued the current challenge by filing this lawsuit but has now spent almost nine months fleeing from the merits of the case in an attempt to prevail on false facts. When this *pro se* Defendant correctly notes that this Court has authority to set deadlines and consider evidence in the pursuit of truthful facts and the administration of justice, the Plaintiff handwaves such ideals away. This action was filed for reasons far different than copyright protection. Plaintiff claims to dispute Defendant's facts yet provides no alternative facts to actually dispute anything. Plaintiff also twists the law and

1

precedents in an egregious way while demanding that the Court ignore its own authority and be unnecessarily rigid in applying procedural rules. This action must end. Defendant has met the elements for full summary judgment, and Plaintiff has failed to adequately counter them.

## II. DEFENDANT HAS PROVIDED RELEVANT, ADMISSABLE AND UNDISPUTED EVIDENCE TO SUPPORT HIS MOTION.

Plaintiff attempts to dispute the facts of this case, but offers no facts to counter the accuracy of Defendant's submissions. Instead, Plaintiff continues to rely on procedural arguments, avoiding the facts like a vampire presented with heads of garlic. Plaintiff is correct that I initially submitted an affidavit that was not sworn and properly notarized. That is my mistake for confusing the standards for signatures on electronic filings with affidavit standards. These things are not familiar to me. But nonetheless, I will submit a fully sworn and notarized corrected affidavit to cure this error.

Plaintiff will still contend that my sworn testimony is inadmissible hearsay, especially in regard to the content of my videos. I made the videos. I did not watch someone else's videos and try to describe them to the court. I used my personal knowledge of the works I made and gave testimony as to the specific elements I put in those videos. That is direct evidence, not hearsay. Just because Thiccc Boy's litigation strategy involved filing four DMCA takedowns with YouTube to ensure my channel would get cancelled under the "three strikes rule" does not mean they also get to silence my personal knowledge.

Clearly, Plaintiff is unable to counter my facts about the videos in any way. If they truly believed my statements to be inaccurate, they could have offered copies of the allegedly infringing videos and pointed out where I got it wrong. They declined to do so because they know I am right. Or, more interestingly, they do not have copies of the

2

videos either. Plaintiff has previously stated that to establish copyright infringement, a plaintiff need prove only two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. If Plaintiff does not have copies of the works it claims infringed its own, that means this lawsuit was filed by a plaintiff who possessed no evidence of one of the core components of its claim. If this is the case, Defendant asks that this Court take a closer look at Defendant's previously filed *Motion for Sanctions*. Otherwise, Plaintiff can stop hiding from the merits and present the allegedly infringing videos to support its claims.

### III.    DEFENDANT HAS NEVER ADMITTED THAT HE IS UNABLE TO PROVE FAIR USE.

Plaintiff continues to beat the drum that it should be handed a baseless legal victory because a *pro se* defendant responded to its inaccurate Requests for Admission form with a Motion for Sanctions. This Court can decide whether laughably false admissions typed up by an associate in a Los Angeles office should substitute for the actual testimony of the Defendant. Not surprisingly, those admissions were all bland legalese that covered Plaintiff's wish list of technical legal conclusions without even attempting to establish the actual facts of what happened. Those were not my words, and they are entirely inaccurate.

Thiccc Boy Productions then makes the false assertion that Defendant admits he is unable to prove fair use because he did not provide evidence for the fourth factor of fair use ["the effect of the use upon the potential market for or value of the copyrighted work." 17 U.S.C. § 107(4)]. Here, Plaintiff confuses the nature of how courts balance the four factors of fair use, cherry-picking a few words from copyright cases out of

3

California and New York to give an erroneous impression about how the fourth factor should be applied in this case.

First, Plaintiff cites *Dr. Seuss*, 109 F.3d at 1400. Its objection quotes most of a full paragraph of this decision, but then leaves out the determinative language at the end. The true ending of Plaintiff's quote from *Dr. Seuss* is:

> …we conclude that 'it is impossible to deal with the fourth factor except by recognizing that a silent record on an important factor bearing on fair use disentitle[s] the proponent of the defense,' **Penguin and Dove, to relief from the preliminary injunction.** (emphasis added)

In *Dr. Seuss*, the court examined the factors under the standard for a preliminary injunction from *Big Country Foods, Inc. v. Board of Educ.*, 868 F.2d 1085 (9th Cir. 1989), which is not the same as the standard for summary judgment used here. More importantly, that court also found the use of the copyrighted work to be "non-transformative," a significant distinguishing factor that will be explained more fully below.

Both parties have cited to *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569 (1994). In this Supreme Court case about controversial rap group 2 Live Crew's parodic version of Roy Orbison's song "Oh, Pretty Woman," the lower court had ruled against the rap group, stating that the fair use factors favored Orbison's music publisher. The Court reversed and remanded, making nuanced distinctions about "transformative" works and derivative markets that may be affected by a parody. Despite Plaintiff's tortured portrayal of this decision, it still strongly favors Defendant and his motion for summary judgment.

4

The bottom line is that the more transformative a work is under the first fair use factor, the less possibility of market harm under the fourth factor. As the Court in *Campbell* stated:

> But when, on the contrary, the second use is transformative, market substitution is at least less certain, and market harm may not be so readily inferred. Indeed, as to parody pure and simple, it is more likely that the new work will not affect the market for the original in a way cognizable under this factor, that is, by acting as a substitute for it ("supersed[ing] [its] objects"). See Leval 1125; Patry & Perlmutter 692, 697-698. This is so because the parody and the original usually serve different market functions. Bisceglia, ASCAP, Copyright Law Symposium, No. 34, at 23.
> *Campbell*, at 591.

What caused the Court to rule that 2 Live Crew was "silent" on the fourth fair use factor was that their song was both a parody song **and** a rap song. 2 Live Crew offered uncontroverted statements that their song had no effect on the original market for "Oh, Pretty Woman" as an obvious parody, but failed to offer anything about the effect on the derivative market for possible licensed **rap** versions of Orbison's tune. *Campbell*, at 593. For that reason, the Court denied 2 Live Crew's fair use defense, but remanded the issue for further evidence.

In the current case, Swindelles has offered far more on-point evidence than 2 Live Crew did. As the parties have established, the episodes of The Fighter and the Kid and Swindelles' videos were both audiovisual works on YouTube. In that respect, they exist in the same market of audiovisual works, but the transformative nature of Swindelles' criticism videos puts his work in a different market as well. As well-established by *Campbell* and in Defendant's motion for summary judgment, a derivative market for such criticism does not exist. If Thiccc Boy would like to present evidence that it intends to license derivative works about how it is painfully unfunny and its CEO possibly cheats

on his wife, they may do so and get closer to having an arguable case. Otherwise, its arguments are all red herrings.

Lastly, Plaintiff represents to this Court that the burden of proof on market harm falls solely on Defendant, offering an incomplete quote from *Andy Warhol Found. for Visual Arts, Inc. v. Goldsmith*, 11 F.4th 26, 53 (2d Cir. 2021). The first sentence of Plaintiff's quote is shown below with the full first sentence from the decision below it.

> **Plaintiff's quote**: "we have never held that the rightsholder bears the burden of showing actual market harm."
> **What *Warhol* actually says**: "While our prior cases have suggested that the rightsholder bears some initial burden of identifying relevant markets, we have never held that the rightsholder bears the burden of showing actual market harm."

Obviously, Plaintiff seeks to conceal that court's acknowledgment of its burden to identify the relevant markets for its work. This Court can draw its own conclusions on why a party continually tries to hide the ball on law and facts while feigning the pursuit of a legitimate copyright action. Defendant's motion for summary judgment provided a truncated laundry list of recent federal copyright cases that were dismissed prior to trial due to fair use. None of those courts required highly technical market analyses to reach that result, and several of them relied upon whether the plaintiff in the case had established the relevant markets for its work. Here, Thiccc Boy has left the record silent on relevant markets for its works, and Defendant has shown all the factors for the fair use defense. As this Court and the Court of Appeals agreed earlier this year, such conditions make a case ripe for dismissal. *See Monsarrat v. Newman*, 28 F.4th 314 (1st Cir. 2022).

## IV. **PLAINTIFF ADMITS THAT IT INITIATED THIS ACTION NOT TO PROTECT ITS COPYRIGHTS, BUT TO ATTACK AND SILENCE DEFENDANT.**

In a 2021 filing with the California Secretary of State, the business entity "BRENDANSCHAUBMMMA" listed Brendan Schaub as its CEO, Secretary, and CFO. *See attached documents*. Two weeks later, the entity name "BRENDANSCHAUBMMA" was changed to "Thiccc Boy Productions Inc.," with Brendan Schaub signing as the authorized corporate officer. *See attached*. Brendan Schaub routinely presents himself as the principal executive of Thiccc Boy Productions in numerous public fora. For all intents and purposes, Brendan Schaub is Thiccc Boy Productions, Inc.

Luckily for this court, Schaub publicly discussed this lawsuit on the May 16, 2022, episode (titled "Cain Velazquez Denied Bail Twice") of his audiovisual podcast "The Schaub Show." While discussing a contemporary event of an MMA analyst accused of drug use, he said:

> Yeah, that's the thing with like, y'know, defamation of character stuff like that. Even like the narrative on me, which I don't talk about with, y'know, I have a lawsuit against this YouTuber who's a small-time YouTuber. If you don't know the background, you're like, 'oh, it's this guy who's big in the space suing this smaller guy.' No, no, I don't give a f**k. If you wanna criticize my fight picks or my stand-up, my podcasts, that's what, I'm a public figure. I signed up for that. That stuff does not bother me. But when you start slandering my name, stealing content, and creating this false narrative of cheating on my wife and doing all this crazy sh*t and defamatory stuff, and using content and the click-bait stuff like that, for years. Well then, we're not playing the same game, man. Then I have to do something. If you made an entire career off defamation, I have to do something.[1]

---

[1] https://youtu.be/dvJ-iVOt7iY at 0:43:58.

Schaub did not end his admissions there, further explaining:

> If you wanna say, 'oh, he has the sh*ttiest fight picks, or he's bad at English, or, y'know, I didn't like his stand-up, I think Louis CK is better.' Well, no sh*t, dude. That's all good. But then when you start going down that dark road, man. You start going down, y'know, these, these click-baity things that are defamation of character, for years, years, years, years, hundreds of videos. For years? Well, now you got my attention. That's where this goes."[2]

Schaub then bluntly explained his motivations for filing the lawsuit against Kyle Swindelles:

> How many people are critical? I don't give a, that doesn't bother me, be critical. That's what I signed up for. But the defamation, now you got my attention. Start doing this evil stuff, I'm gonna come for you, man. That's what's happening.[3]

Schaub closed out his rant about this action by stating, "you start messing with my business and my family, trust me, I'm gonna come for you."[4]

These admissions by Plaintiff show that this litigation was never really about copyright infringement. As Schaub plainly states, he believed Swindelles was defaming his character, possibly hurting his family situation and business ventures, and he wanted to silence him; it was never about the copyright content of the videos, but about the content of what Swindelles was saying. That he obtained legal advice not to pursue defamation of character claims and to devise a flimsy copyright infringement strategy is irrelevant. Paired with Schaub's prior documented threats to other podcasters about "going after anyone who harasses [me] online" with "monster lawyers" and "friends in

---

[2] https://youtu.be/dvJ-iVOt7iY at 0:45:40.
[3] https://youtu.be/dvJ-iVOt7iY at 0:46:17.
[4] https://youtu.be/dvJ-iVOt7iY at 0:46:31.

dark places" (threats Schaub made just days prior to filing this lawsuit), the sham is fully exposed.

## CONCLUSION

This case presents no genuine issues of material fact for the court or a jury to decide, and summary judgment for defendant is a common way for this type of case to end. Defendant's use of the works was fair use, and Plaintiff has failed to substantively counter any of his assertions. For the foregoing reasons, Defendant respectfully requests that this Court grant summary judgment for Defendant Kyle Swindelles.

Respectfully submitted,

*Kyle Swindelles*

Kyle Swindelles, Defendant, *pro se*
41 Marietta Street, 2nd Floor, Unit 4
Providence, Rhode Island 02904
Phone: (401) 230-5061
e-mail: yewneekent@gmail.com

## CERTIFICATE OF SERVICE

This is to certify that on November 16, 2022, I electronically transmitted the foregoing to the below interested parties at the e-mail addresses provided to the Court.

Robert E. Allen, Esq.        rallen@glaserweil.com
Travis J. McDermott, Esq.    tmcdermott@psh.com

Case 1:22-cv-00090-MSM-PAS   Document 30   Filed 11/16/22   Page 10 of 15 PageID #: 206



**California Secretary of State**
Electronic Filing



FILED
Secretary of State
State of California

## Corporation - Statement of Information

| | |
|---|---|
| Entity Name: | BRENDANSCHAUBMMA |
| Entity (File) Number: | C4114303 |
| File Date: | 09/03/2021 |
| Entity Type: | Corporation |
| Jurisdiction: | COLORADO |
| Document ID: | GW29150 |

**Detailed Filing Information**

1. Entity Name: BRENDANSCHAUBMMA

2. Business Addresses:
   a. Street Address of Principal Office in California:
   
   b. Mailing Address:
   1299 Ocean Avenue, Ste 333
   Santa Monica, California 90401
   United States of America
   
   c. Street Address of Principal Executive Office:
   6161 So. Akron Way
   Greenwood Village, Colorado 80111
   United States of America

3. Officers:
   a. Chief Executive Officer:
   Brendan Schaub
   1299 Ocean Avenue, Ste 333
   Santa Monica, California 90401
   United States of America
   
   b. Secretary:
   Brendan Schaub
   1299 Ocean Avenue, Ste 333
   Santa Monica, California 90401
   United States of America

Document ID: GW29150

Use bizfile.sos.ca.gov for online filings, searches, business records, and resources.

# California Secretary of State
## Electronic Filing

Officers (cont'd):

   c. Chief Financial Officer:

Brendan Schaub
1299 Ocean Avenue, Ste 333
Santa Monica, California 90401
United States of America

4. Director:

Not Applicable

Number of Vacancies on the Board of Directors:

Not Applicable

5. Agent for Service of Process:

Lawrence Goodfriend
1299 Ocean Avenue, Ste 333
Santa Monica, California 90401
United States of America

6. Type of Business:

entertainment

By signing this document, I certify that the information is true and correct and that I am authorized by California law to sign.

Electronic Signature: Erika A Easter

Use bizfile.sos.ca.gov for online filings, searches, business records, and resources.

Document ID: GW29150



**Secretary of State**
**Amended Statement by Foreign Corporation**
(Name Change ONLY)

**ASDC**

**IMPORTANT** — Read Instructions before completing this form.

**Additional Requirements:**

- **Certificate Showing the Name Change:** If the legal name of the foreign corporation has changed in the state, foreign country or place of formation, this form **must be submitted** with a current certificate issued by the government agency where the foreign corporation was formed that certifies the change of name and includes both the old and new corporate name. (California Corporations Code section 2107.) **Note:** A certified copy of the name change amendment does not meet California statutory requirements.

- **Certificate of Name Approval (Insurers ONLY):** If the foreign corporation is subject to the Insurance Code as an insurer, this form also **must be submitted** with a Certificate of Name Approval issued by the California Insurance Commissioner. (California Corporations Code section 2106.5.)

**Filing Fee –** $30.00

**Copy Fees –** First page $1.00; each attachment page $0.50; Certification Fee - $5.00 plus copy fees



**FILED**
Secretary of State
State of California
A0950159
Filing Number
09/17/2021
Filing Date

This Space For Office Use Only

**1. Corporate Name**   (Enter the **exact** name of the foreign corporation as it is recorded with the California Secretary of State.)

BrendanSchaubMMA

**2. New Corporate Name**   (Enter the new name of the foreign corporation. **Note:** The certificate from the government agency where the corporation was formed, as noted in the "Additional Requirements" section above, is not required if legal corporate name has not changed and you are merely filing this form to delete or change a "doing business as" name.)

Thiccc Boy Productions Inc.

**3. Jurisdiction**   (Enter the state, foreign country or place where this corporation is formed – **must match** the jurisdiction on the records of the California Secretary of State.)

**4. 7-Digit Secretary of State File Number**

Colorado

C4114303

**5. Read and Sign Below**   (See Instructions. Office or title not required. Do not use a computer generated signature.)

I am a corporate officer and am authorized to sign on behalf of the foreign corporation.

_[signature]_
Signature

Brendan Schaub
Type or Print Name

ASDC (REV 05/2017)

2017 California Secretary of State
www.sos.ca.gov/business/be

OFFICE OF THE SECRETARY OF STATE
OF THE STATE OF COLORADO

# CERTIFICATE OF DOCUMENT FILED

I, Jena Griswold, as the Secretary of State of the State of Colorado, hereby certify that, according to the records of this office, the attached document is a true and complete copy of the

Articles of Amendment

with Document # 20211232123 of
Thiccc Boy Productions Inc.

Colorado Corporation

(Entity ID # 20091568598)

consisting of 2 pages.

This certificate reflects facts established or disclosed by documents delivered to this office on paper through 09/16/2021 that have been posted, and by documents delivered to this office electronically through 09/17/2021 @ 14:49:37.

I have affixed hereto the Great Seal of the State of Colorado and duly generated, executed, and issued this official certificate at Denver, Colorado on 09/17/2021 @ 14:49:37 in accordance with applicable law. This certificate is assigned Confirmation Number 13447372.



*Jena Griswold*
Secretary of State of the State of Colorado

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*End of Certificate\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Notice: A certificate issued electronically from the Colorado Secretary of State's Web site is fully and immediately valid and effective. However, as an option, the issuance and validity of a certificate obtained electronically may be established by visiting the Validate a Certificate page of the Secretary of State's Web site, http://www.sos.state.co.us/biz/CertificateSearchCriteria.do entering the certificate's confirmation number displayed on the certificate, and following the instructions displayed. Confirming the issuance of a certificate is merely optional and is not necessary to the valid and effective issuance of a certificate. For more information, visit our Web site, http://www.sos.state.co.us/ click "Businesses, trademarks, trade names" and select "Frequently Asked Questions."*



Document must be filed electronically.
Paper documents are not accepted.
Fees & forms are subject to change.
For more information or to print copies
of filed documents, visit www.sos.state.co.us.

Colorado Secretary of State
Date and Time: 03/06/2021 01:07 PM
ID Number: 20091568598

Document number: 20211232123
Amount Paid: $25.00

ABOVE SPACE FOR OFFICE USE ONLY

## Articles of Amendment
filed pursuant to §7-90-301, et seq. and §7-110-106 of the Colorado Revised Statutes (C.R.S.)

1. For the entity, its ID number and entity name are

    ID number  20091568598
    *(Colorado Secretary of State ID number)*

    Entity name  BrendanSchaubMMA.

2. The new entity name (if applicable) is  Thiccc Boy Productions Inc.  .

3. *(If the following statement applies, adopt the statement by marking the box and include an attachment.)*
    ☐ This document contains additional amendments or other information.

4. If the amendment provides for an exchange, reclassification or cancellation of issued shares, the attachment states the provisions for implementing the amendment.

5. *(**Caution**: Leave blank if the document does not have a delayed effective date. Stating a delayed effective date has significant legal consequences. Read instructions before entering a date.)*

    *(If the following statement applies, adopt the statement by entering a date and, if applicable, time using the required format.)*

    The delayed effective date and, if applicable, time of this document is/are _____.
    *(mm/dd/yyyy hour:minute am/pm)*

**Notice**:

Causing this document to be delivered to the Secretary of State for filing shall constitute the affirmation or acknowledgment of each individual causing such delivery, under penalties of perjury, that such document is such individual's act and deed, or that such individual in good faith believes such document is the act and deed of the person on whose behalf such individual is causing such document to be delivered for filing, taken in conformity with the requirements of part 3 of article 90 of title 7, C.R.S. and, if applicable, the constituent documents and the organic statutes, and that such individual in good faith believes the facts stated in such document are true and such document complies with the requirements of that Part, the constituent documents, and the organic statutes.

This perjury notice applies to each individual who causes this document to be delivered to the Secretary of State, whether or not such individual is identified in this document as one who has caused it to be delivered.

6. The true name and mailing address of the individual causing the document to be delivered for filing are

    | Kohn | Gary | P | |
    |---|---|---|---|
    | (Last) | (First) | (Middle) | (Suffix) |

    7120 Arizona Avenue,
    *(Street name and number or Post Office Box information)*
    Suite A

    | Los Angeles | CA | 90045 |
    |---|---|---|
    | (City) | (State) | (Postal/Zip Code) |

    | CA | United States |
    |---|---|
    | (Province – if applicable) | (Country – if not US) |

*(If the following statement applies, adopt the statement by marking the box and include an attachment.)*

☐ This document contains the true name and mailing address of one or more additional individuals causing the document to be delivered for filing.

**Disclaimer:**

This form/cover sheet, and any related instructions, are not intended to provide legal, business or tax advice, and are furnished without representation or warranty. While this form/cover sheet is believed to satisfy minimum legal requirements as of its revision date, compliance with applicable law, as the same may be amended from time to time, remains the responsibility of the user of this form/cover sheet. Questions should be addressed to the user's legal, business or tax advisor(s).