## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THICCC BOY PRODUCTIONS, INC., | : | Case No. 1:22-cv-00090-MSM-PAS |
| Plaintiff, | : | |
| v. | : | |
| KYLE SWINDELLES, *et al.*, | : | |
| Defendants. | : | |

### DEFENDANT KYLE SWINDELLES' RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

Defendant Kyle Swindelles responds and objects to Plaintiff's Request for Admissions as set forth below. The following responses are made solely for the purposes of this action. Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court.

No incidental or implied admissions are intended by these responses. The fact that Defendant has objected or responded to any Request shall not be deemed an admission that Defendant accepts or admits the existence of any facts set forth assumed by such Request or that such objection or response constitutes admissible evidence. The fact that Defendant has responded to part or all of any Request is not intended to and shall not be construed to be a waiver by Defendant of any part of any objection to any Request.

### GENERAL OBJECTIONS

1.  Defendant objects to the Requests to the extent that they require Defendant to produce information not within his possession, custody, or control.

3

2. Defendant objects to the Requests to the extent they seek information or documents that are available to Plaintiff and are exclusive to Plaintiff.

3. Defendant objects to the Requests to the extent they seek legal conclusions and/or would require Defendant to reach a legal conclusion to prepare a response.

4. Defendant objects to the Requests to the extent they are argumentative, prejudicial, improper, incorrect, vague, and/or ambiguous.

5. Defendant objects to the Requests to the extent that certain definitions imply legal conclusions.

## RESPONSES

**REQUEST NO. 1:** Defendant downloaded each of the Works from YouTube.

*RESPONSE TO REQUEST NO. 1:* Denied. I did not download the Works described in the Plaintiff's Complaint from YouTube. TFATK clips are available in many other places on the internet other than YouTube.

**REQUEST NO. 2:** Defendant knew that downloading an audio-visual work from YouTube is in violation of YouTube's terms of service.

*RESPONSE TO REQUEST NO. 2:* Admitted; this is why I did not download the Works described in the Plaintiff's Complaint from YouTube.

**REQUEST NO. 3:** At the time Defendant downloaded each of the Works from YouTube, Defendant knew that Plaintiff, Brendan Schaub, or another entity owned or controlled by Plaintiff or Brendan Schaub, owned each of the Works.

*RESPONSE TO REQUEST NO. 3:* Defendant objects to the Request as it includes a factual conclusion ("Defendant downloaded each of the Works from YouTube") that is

not supported anywhere in the record. Defendant also objects to the Request because it asks Defendant to confirm information that was exclusive to the Plaintiff.

**REQUEST NO. 4:** Defendant stored a permanent digital copy of each of the Works on Defendant's computer (or external storage connected to Defendant's computer).

*RESPONSE TO REQUEST NO. 4:* Denied. I never permanently stored the Works described in Plaintiff's Complaint on my computer or connected storage.

**REQUEST NO. 5:** Defendant was not authorized by Plaintiff or otherwise to reproduce any of the Works (including, without limitation, by downloading each of the Works from YouTube).

*RESPONSE TO REQUEST NO. 5:* Defendant objects to the Request as it includes a factual conclusion or implication ("by downloading each of the Works from YouTube") that is not supported anywhere in the record. Otherwise, Defendant admits that Plaintiff did not authorize reproduction of the Works by Defendant.

**REQUEST NO. 6:** Defendant created a derivative work of each of the Works.

*RESPONSE TO REQUEST NO. 6:* Denied. I did not create derivative works. I created original works of criticism that made fair use of other works.

**REQUEST NO. 7:** Defendant was not authorized by Plaintiff or otherwise to create a derivative work of any of the Works.

*RESPONSE TO REQUEST NO. 7:* Defendant objects to the Request as irrelevant as Defendant did not make derivative works. Defendant also objects to the Request as it asks me to reach a legal conclusion that I am not qualified to make. Otherwise, Plaintiff did not give Defendant authorization to create any derivative works.

**REQUEST NO. 8:** Defendant uploaded to Defendant's YouTube account a digital copy of each of the Works as embodied in the Infringing Materials.

***RESPONSE TO REQUEST NO. 8:*** Defendant objects to the Request as the term "Infringing Materials" implies a legal conclusion that is not supported anywhere in the record. Defendant objects to the Request as ambiguous as Plaintiff has not identified which particular works of Defendant it considers to be "Infringing Materials." Otherwise, the Request is denied as I did not upload copies of the Works described in Plaintiff's Complaint to YouTube.

**REQUEST NO. 9:** At the time Defendant uploaded each of the Infringing Materials to YouTube, each of the Works was published.

***RESPONSE TO REQUEST NO. 9:*** Defendant objects to the Request as the term "Infringing Materials" implies a legal conclusion that is not supported anywhere in the record. Defendant objects to the Request as ambiguous as Plaintiff has not identified which particular works of Defendant it considers to be "Infringing Materials." Defendant also objects to the Request as it asks me to reach a legal conclusion that I am not qualified to make.

**REQUEST NO. 10:** Defendant authorized YouTube to publicly perform the Works as embodied in the Infringing Materials.

***RESPONSE TO REQUEST NO. 10:*** Defendant objects to the Request as the term "Infringing Materials" implies a legal conclusion that is not supported anywhere in the record. Defendant objects to the Request as ambiguous as Plaintiff has not identified which particular works of Defendant it considers to be "Infringing Materials." Defendant

also objects to the Request as it is ambiguous and appears to use undefined legal terms to reach a legal conclusion.

**REQUEST NO. 11:** Defendant was not authorized by Plaintiff or otherwise to publicly perform (or authorize Defendant to grant the right to publicly perform) any of the Works.

*RESPONSE TO REQUEST NO. 11:* Defendant objects to the Request as it is ambiguous and appears to use undefined legal terms to reach a legal conclusion. Otherwise, Plaintiff did not authorize Defendant to "publicly perform" the Works.

**REQUEST NO. 12:** Defendant was not authorized by Plaintiff or otherwise to distribute (including, without limitation, by uploading to websites) any of the Works (either alone or as embodied in the Infringing Materials).

*RESPONSE TO REQUEST NO. 12:* Defendant objects to the Request as the term "Infringing Materials" implies a legal conclusion that is not supported anywhere in the record. Defendant objects to the Request as ambiguous as Plaintiff has not identified which particular works of Defendant it considers to be "Infringing Materials." Otherwise, Plaintiff did not authorize distribution of the Works.

**REQUEST NO. 13:** Defendant monetized the Infringing Materials on Defendant's YouTube account.

*RESPONSE TO REQUEST NO. 13:* Defendant objects to the Request as the term "Infringing Materials" implies a legal conclusion that is not supported anywhere in the record. Defendant objects to the Request as ambiguous as Plaintiff has not identified which particular works of Defendant it considers to be "Infringing Materials."

**REQUEST NO. 14:** The Infringing Materials do not add something new to the embodied Works, do not provide a further purpose or different character to the embodied Works, nor alter the Works with new expression, meaning or message.

*RESPONSE TO REQUEST NO. 14:* Defendant objects to the Request as the term "Infringing Materials" implies a legal conclusion that is not supported anywhere in the record. Defendant objects to the Request as it is ambiguous and appears to use undefined legal terms to reach a legal conclusion. Defendant objects to the Request as ambiguous as Plaintiff has not identified which particular works of Defendant it considers to be "Infringing Materials." Otherwise, Defendant denies the request as Defendant's audio-visual works are original and transformative, being far shorter and adding audio-visual elements of criticism not present in the original Works, adding critical opinions not present in the original Works, and altering any works with new messages and criticisms about the original Works.

**REQUEST NO. 15:** Each of the Works are creative expressions.

*RESPONSE TO REQUEST NO. 15:* Admitted, to the extent that the Plaintiff's works are not immoral, illegal, obscene, libelous, or make use of the copyrighted material of other performers or entities.

**REQUEST NO. 16:** The Infringing Materials take more than is necessary for Defendant's purpose in using each of the Works.

*RESPONSE TO REQUEST NO. 16:* Defendant objects to the Request as the term "Infringing Materials" implies a legal conclusion that is not supported anywhere in the record. Defendant objects to the Request as ambiguous as Plaintiff has not identified

8

which particular works of Defendant it considers to be "Infringing Materials." Otherwise, denied.

**REQUEST NO. 17:** The Infringing Materials harm the market for each of the Works by serving as a market replacement for them.

*RESPONSE TO REQUEST NO. 17:* Defendant objects to the Request as the term "Infringing Materials" implies a legal conclusion that is not supported anywhere in the record. Defendant objects to the Request as ambiguous as Plaintiff has not identified which particular works of Defendant it considers to be "Infringing Materials." Defendant objects to the Request as it seeks legal conclusions that are based upon information that is exclusive to the Plaintiff. Defendant also objects to the Request as it is ambiguous and appears to use undefined legal terms to reach a legal conclusion. Otherwise, denied because Defendant's works are sufficiently transformative so that they do not affect the market for the original audio-visual Works, and are works of criticism for which courts have recognized there exists no derivative market.

Respectfully submitted,

*Kyle Swindelles*

Kyle Swindelles, Defendant, *pro se*
41 Marietta Street, 2nd Floor, Unit 4
Providence, Rhode Island 02904
e-mail: yewneekent@gmail.com