IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THICCC BOY PRODUCTIONS, INC., | : | Case No. 1:22-cv-00090-MSM-PAS |
| Plaintiff, | : | |
| v. | : | **DEFENDANT'S** |
| | : | **MEMORANDUM IN** |
| KYLE SWINDELLES, *et al*., | : | **OPPOSITION TO PLAINTIFF'S** |
| | : | **MOTION FOR A STATUS** |
| Defendants. | : | **CONFERENCE** |

Plainitiff Thiccc Boy Productions, Inc., moves this Court for a seemingly innocuous status conference and extension of the discovery window for the parties. I assume such requests would normally go unopposed, but Plaintiff has made it clear that its only goals in this action are delays and ever-increasing costs. Defendant properly served a discovery request for production on Plaintiff's counsel on November 18, 2022, and then served Interrogatories and a Request for Admission on December 4, 2022. Plaintiff's counsel simply ignored the November discovery request, and then sent impotent responses refusing to answer the December discovery requests on two primary arguments: (1) that an individual who serves as the owner, CEO, COO, and CFO of Thiccc Boy Productions and publicly admits that he is responsible for the filing of this suit is not subject to discovery in this case; and (2) that Plaintiff is refusing to give substantive answers because it believes the requests were "not properly served under Fed. R. Civ. P. 5(a)."

Plaintiff has already shown that it wants no consideration of actual facts or the merits of this case, and it continues to make a mockery of the process by now refusing to provide discovery. The local rules of this very Court state that "[s]ervice of discovery by

1

electronic means is permitted." LR Cv 26(e). The same Fed. R. Civ. P. 5 that Plaintiff hides behind then says, "If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." Fed. R. Civ. P. 5(b)(1). I electronically served all discovery requests (with confirmed read receipts) on Plaintiff's attorney in accordance with these rules. That Plaintiff thinks it can now ignore requests and obfuscate any and all discoverable evidence with unsupported blanket objections shows how unserious this action really is. Plaintiff has no intentions of complying with discovery or doing any of this process in good faith, so an extension of the timelines is just more opportunity to harass me and prolong this process.

  I object to Plaintiff's motion not just because it is an attempt to waste more time and money and keep my YouTube channel deactivated, but also because it should be moot. This Court has enough admissible evidence to rule in favor of my Motion for Summary Judgment. The previous filings have established that neither party possesses copies of the allegedly infringing videos[1], so the "best evidence rule" should apply. Article X of the Federal Rules of Evidence generally requires an original copy of a document or video to be admitted, but outlines procedures for when the original is not available. A party may provide "secondary evidence" if it can establish an acceptable reason for why the original item is not available. Fed. R. Evid. 1004. This is known as the "best evidence rule." In this case, the original videos are not available because of Plaintiff's admitted actions of filing DMCA strikes on Defendant's videos to ensure that YouTube would deactivate his page. Since those were the only copies of the videos, they are no longer available. Defendant then properly offered the secondary evidence (or best

---

[1] In fact, this lawsuit has dragged on for over 10 months and Plaintiff has yet to even name which four of Defendant's hundreds of previous YouTube videos allegedly infringed its copyrights.

2

evidence) of a sworn affidavit that details the contents and characteristics of the original videos based upon his direct personal knowledge as the creator of the videos. The evidence included in that affidavit established that to the extent Defendant used portions of any of Plaintiff's works, the uses would fall under lawful fair use. Plaintiff has been wholly unable to rebut the substance of this best evidence.

## CONCLUSION

The time has come for this circus to end. Maybe the television court dramas I watched in the past were inaccurate, but I sincerely thought that offering false fact patterns to a court, filing lawsuits without basic evidence, and doing nothing but harass the other side were bad things that are not supposed to happen. Plaintiff continues to act in bad faith, offering no legitimate evidence to the Court and refusing to provide any discovery. After a rocky start, I have approached this process in good faith and have offered facts supported by admissible evidence to this Court. I hope that is enough to end this coordinated nightmare.

Respectfully submitted,

*Kyle Swindelles*

Kyle Swindelles, Defendant, *pro se*
41 Marietta Street, 2nd Floor, Unit 4
Providence, Rhode Island 02904
Phone: (401) 230-5061
e-mail: yewneekent@gmail.com