# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THICCC BOY PRODUCTIONS INC. | Case No. 1:22-cv-00090-MSM-PAS |
| Plaintiff, | |
| v. | **PLAINTIFF THICCC BOY PRODUCTIONS INC.'S REPLY IN SUPPORT OF MOTION FOR A STATUS CONFERENCE** |
| KYLE SWINDELLES a/k/a YEW NEEK NESS; and DOES 1 through 10, | |
| Defendants. | |

  Defendant Kyle Swindelles' Opposition is an opposition in name only. Swindelles does not take issue with holding a status conference with the Court and parties to discuss a resolution of Thiccc Boy's pending motion for summary judgment (ECF No. 21) and an extension of the fact discovery window, which expired on January 9, 2023. As such, Thiccc Boy's motion for a status conference should be granted and a conference to discuss these issues should be held as soon as possible, subject to the Court's availability.

  Rather than discuss the status conference, Swindelles' brief discusses a litany of topics that are not relevant to this motion, ranging from Thiccc Boy's responses and objections to Swindelles' discovery requests and how Swindelles attempted to serve those requests, to the best evidence rule, fair use, and the deactivation of his YouTube channel. None of these topics needs to be considered here. Swindelles' fair use defense is an issue that is pending as part of summary judgment briefing (ECF Nos. 25 (Swindelles' Motion), 27 (Thiccc Boy's Opposition), 30 (Swindelles' Reply)). Moreover, Swindelles has not attempted to initiate any meet-and-confer with Thiccc Boy to discuss his discovery requests. Nor has Swindelles filed any motion to compel responses to his discovery.

  To the extent Swindelles' criticisms are to be considered, they are all without merit.

  First, Swindelles refers to the fact that Thiccc Boy objected to his Requests for

Admission because they were directed to "Brendan P. Schaub," among various other objections. Thiccc Boy's objection was proper, as Mr. Schaub is not a party to this action. Fed. R. Civ. P. 36(a) states: "A party may serve on ***any other party*** a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)[.]" Thus, requests for admission may not be served on non-parties. *See N.H. Motor Transp. Ass'n v. Rowe*, 324 F. Supp. 2d 231, 237 n.5 (D. Me. 2004) ("nonparties are not required … to respond to requests for admission under Fed. R. Civ. P. 36."); *Mora v. Univ. of New Mexico Hosps.*, 2022 WL 3345626, at *2 (D.N.M. Aug. 12, 2022) ("non-parties are not subject to interrogatories or requests for admission"); *Bussiere v. Kokor*, 2016 WL 3185056, at *2 (E.D. Cal. June 8, 2016); ("Plaintiff may not serve requests for admission on [a] non-party Dr. Krishan"). Thiccc Boy was not required to Swindelles' Requests for Admission.

Second, Swindelles argues that service of his discovery was properly made. Not so. Swindelles only emailed his requests to Thiccc Boy's counsel. However, the Federal Rules provide that discovery can only be made by electronic means, such as email, when the other party has consented to service in that manner. Fed. R. Civ. P. 5(b)(2)(E) ("A paper is served under this rule by … sending it by other electronic means that ***the person consented to*** in writing"). Here, Thiccc Boy has never consented to service of discovery by email, and therefore, Swindelles' method of service was improper. *See Cox v. Sherman Cap. LLC*, 2013 WL 2432148, at *2 (S.D. Ind. June 4, 2013) ("The Request for Admission was not properly served … the Defendants did not consent to electronic service in writing."); *Davis v. Elec. Arts Inc.*, 2017 WL 8948082, at *2 (N.D. Cal. Sept. 12, 2017) ("Service was also not properly effected by emailing the discovery to defense counsel. Rule 5(b)(2)(E) authorizes service by 'electronic means if the person consented in writing.' Plaintiffs do not present any evidence that Defendant consented to electronic service in writing."). Swindelles points to Local Rule 26(e), which provides that "[s]ervice of discovery by electronic means is permitted." But even if a Local Rule "permit[s]" electronic service, there is still the requirement of consent under the Federal Rules. Courts "cannot apply local rules 'inconsistent with applicable provisions of the

2

Federal Rules of Civil Procedure[.]'" *Blanchard v. Cortes-Molina*, 453 F.3d 40, 46 (1st Cir. 2006). Swindelles also points to Fed. R. Civ. P 5(b)(1), but that rule simply requires that a represented party be served through counsel, not directly. Because Swindelles did not—and still has not—properly served his discovery, Thiccc Boy was not required to respond.

Third, Swindelles contends that "[t]he previous filings have established that neither party possesses copies of the allegedly infringing videos[.]" It is unclear which previous filings supposedly "establish[]" this—Swindelles does not point to any—but, in any event, the statement is incorrect. Thiccc Boy has in its possession copies of the videos, and is prepared to serve these videos if and when Swindelles serves proper discovery requesting them.

Fourth and finally, Swindelles argues that his use of Thiccc Boy's works constitutes "lawful fair use." Swindelles' fair use defense fails for the reasons discussed in Thiccc Boy's Opposition to Swindelles' Motion for Summary Judgment (ECF No. 27).

There is no real dispute that a status conference should be held in this case; Thiccc Boy's Motion for a Status Conference should be granted.

DATED: January 17, 2023

*/s/ Robert E. Allen*
Robert E. Allen *(Admitted pro hac vice)*
GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
(310) 553-3000
rallen@glaserweil.com

and

Travis J. McDermott (#8738)
PARTRIDGE SNOW & HAHN LLP
40 Westminster Street, Suite 1100
Providence, RI 02903
(401) 861-8217
tmcdermott@psh.com