# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| THICC BOY PRODUCTIONS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 1:22-CV-00090-MSM-PAS |
| | ) |
| KYLE SWINDELLES, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

### I.    BACKGROUND

Before the Court are cross Motions for Summary Judgment by the plaintiff, Thicc Boy Productions, Inc. ("TBP") (ECF No. 21), and the pro se defendant, Kyle Swindelles (ECF No. 25).  The action alleges that Mr. Swindelles infringed TBP's copyright to four episodes of the podcast *The Fighter and the Kid* ("TFATK") in videos on his YouTube channel.  Mr. Swindelles asserts a fair use defense and has also filed a Motion for Sanctions against TBP (ECF No. 22) arguing that its complaint is frivolous and was filed solely to harass and intimidate him for reasons unrelated to its claim of copyright infringement.  For the reasons explained below, the Court DENIES without prejudice both TBP's Motion for Partial Summary Judgment and Mr. Swindelles' Motion for Summary Judgment.

Mr. Swindelles asserts that his use of TFATK clips in videos he posted to his YouTube channel constituted a "fair use" – specifically, criticism or comment – permitted by copyright law.  (ECF No. 25 at 5.)  *See Monsarrat v. Newman*, 28 F.4th 314, 321 (1st Cir. 2022) ("Fair use is a statutory limitation to the otherwise exclusive rights enjoyed by copyright holders."); *see also* 17 U.S.C. § 107 ("[T]he fair use of a copyrighted work … for purposes such as criticism [or] comment … is not an infringement of copyright.").   Fair use is an affirmative defense for which its proponent – here, Mr. Swindelles – bears the burden of proof.  *Campbell v. Acuff–Rose Music, Inc.*, 510 U.S. 569, 590 (1994).  Congress laid out these factors to assess a fair use defense:

> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work.

*Id.*  The First Circuit has instructed that these factors should be evaluated on a case-by-case basis and weighed "together in light of the purposes of copyright." *Monserrat*, 28 F4th at 321 (quoting *Núñez v. Caribbean Int'l News Corp.*, 235 F.3d 18, 21 (1st Cir. 2000)).

## II.   TBP's MOTION FOR PARTIAL SUMMARY JUDGMENT

TBP filed a Motion for Partial Summary Judgment on August 29, 2022.  TBP's Motion is based entirely on Mr. Swindelles' failure to respond to its requests for admissions, which track the requirements for establishing copyright.  (ECF No. 21.)  In its Motion TBP argues that, because of this failure to respond, its requests are

deemed admitted pursuant to Rule 36 of the  Federal Rule of Civil Procedure. (ECF No. 21.)  It is noteworthy that the Plaintiff filed the first request for admission on May 27, 2022 – before the operative pretrial scheduling order had been established by the court.[1]   There is also no indication in the record as to whether the parties conferred before issuing discovery requests.

While the failure to answer requests for admissions within thirty days of service ordinarily results in those requests being deemed admitted, that rule is not absolute.  Rule 36(b) permits a court to allow admissions, including those that were deemed admitted, to be withdrawn under certain circumstances.  *Fed. R. Civ. P. 36(b)*.  District courts enjoy considerable discretion over whether to allow withdrawal of admissions provided that they do so within the parameters established by Rule 36 (b).  *See FarrMan & Co. v. M/V Rozita,* 903 F.2d 871,876 (1st. Cir. 1990).   "In general, the standard for being relieved of a failure to respond in a timely fashion to a request for admissions is permissive: a court may allow withdrawal or amendment of an admission 'when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.'"  *Brook Vill. North Associates v. General Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982) (quoting Fed. R. Civ. P. 36(b)).

---

[1]  The original pretrial scheduling order was established on April 25, 2022.  However, the Plaintiff moved to Strike defendant's Answer (ECF No. 11) and the defendant was given more time to answer the complaint.  That Answer was received by the Court on May 9, 2022 and a Pretrial Scheduling Order was established on July 7, 2022.

Clearly the presentation of the merits of this action would be subserved by the court failing to permit the withdrawal of the answers deemed admitted and by failing to accept late filed responses to the plaintiff's requests for admissions. Since the defendant appears here pro se, the Court will treat the late filed response as a motion to withdraw and/or amend admissions. Further, the Plaintiff has not asserted any prejudice should the Court allow the withdrawal of the deemed admissions. Finally, the Plaintiff has chosen to file a Motion for Partial Summary Judgment while the time for discovery has not yet expired and without seeking a discovery dispute conference or moving to compel discovery as outlined in the Court's Pretrial Scheduling Order. (ECF No. 20.)   As the Plaintiff's Motion for Partial Summary Judgment is premised almost exclusively on the admissions, and those deemed admissions have been withdrawn, the Plaintiff's Motion is DENIED without prejudice.

### III.   SWINDELLES' MOTION FOR SUMMARY JUDGMENT

The Defendant has also moved for Summary Judgment, asserting the affirmative defense of "fair use." (ECF No. 25.)

In support of his Motion, Mr. Swindelles submitted an affidavit providing descriptions of the accused videos. (ECF No. 31.) This affidavit comprises most of the actual substantive evidence available in this case.[2] TBP makes four arguments

---

[2] While both TBP's Motion for Partial Summary Judgment and its response to Mr. Swindelles' Motion for Summary Judgment are based overwhelmingly on Mr. Swindelles' prior failures to engage in the discovery process and timely respond to its requests for admissions, it is also notable that discovery has not yet closed in this

why Mr. Swindelles' affidavit should be considered inadmissible and, therefore, "not cognizable relative to the pending Motion for Summary Judgment." *Richardson v. Whitmarsh Corp.*, 2009 WL 107001125, at *3 (D.R.I. Dec. 8, 2009).  First, TBP argues that the affidavit was not properly sworn or signed under penalty of perjury as required by 17 U.S.C. § 1746.  (ECF No. 29 at 2-7.)  While Mr. Swindelles initially submitted an unsigned affidavit (ECF No. 26), he later corrected this error with a properly notarized version (ECF No. 31), so the Court will not exclude his evidence on these grounds.

Next, TBP argues that Mr. Swindelles' statements were not made with personal knowledge.  (ECF No. 29 at 2-7.)  Evidence can be excluded for lack of personal knowledge "only if in the proper exercise of the trial court's discretion it finds that the witness could not have actually perceived or observed that which he testified to." *United States v. Neal,* 36 F.3d 1190, 1206 (1st Cir. 1994).  Personal knowledge can include "inferences and opinions, so long as they are grounded in personal observations and experience." *Id.* (citation omitted).  Here, in Mr. Swindelles' words, he "used [his] personal knowledge of the works [he] made and gave testimony as to the specific elements [he] put in those videos." (ECF No. 30 at 2.)  These statements clearly meet the requirements of Fed. R. Civ. P. 56(c)(4).

Third, TBP argues that certain of Mr. Swindelles' statements describing his videos' critical and comedic approach to TFATK are not relevant, and that only

---

case.  TBP, which appears to be the entity with access to the videos in question, can certainly provide them in discovery.

statements about the specific accused videos meet the requirements of Fed. R. Evid. 401. (ECF No. 29 at 6-7.) "Relevancy is a very low threshold, requiring only that the evidence have '*any* tendency to make a fact more or less probable.'" *United States v. Cruz-Ramos*, 987 F.3d 27, 42 (1st Cir. 2021) (citing Fed. R. Evid. 401). In addition, "the evidence need not definitively resolve a key issue in the case," but rather "need only move the inquiry forward to some degree." *Bielunas v. F/V Misty Dawn, Inc.*, 621 F.3d 72, 76 (1st Cir. 2010). Even setting aside the fact that TBP has not named the specific videos that it claims infringe on its copyright, these statements regarding Mr. Swindelles' handling of TFATK content move the fair use inquiry forward to some degree.

Finally, TBP argues that one of Mr. Swindelles' descriptions of the accused videos violates Fed. R. Evid. 1002, the so-called "best evidence rule." (ECF No. 29 at 6.) The portion of Mr. Swindelles' affidavit at issue reads: "Defendant's YouTube videos featured audio-visual clips of Swindelles talking with short clips of TFATK video interspersed throughout. These videos were likely around fifty percent (50%) clips of Swindelles and fifty percent (50%) short clips of TFATK." (ECF No. 26 ¶ 14.) Mr. Swindelles alleges that he lost access to the accused videos when his YouTube page was deactivated. (ECF No. 35 at 2.) He assumed that TBP likewise did not have copies. *Id.* But TBP disclosed that it does have copies of the accused videos in its possession. (ECF N0. 36 at 3.) While a more experienced litigant would likely have requested that TBP produce the videos through discovery and not made Mr. Swindelles' mistaken assumption regarding their existence, the Court must "[be]

mindful of the special leniency extended to a *pro se* litigant." *De Barros v. From You Flowers, LLC*, 566 F. Supp. 3d 149, 152 (D.R.I. 2021).  Although fair use is an affirmative defense for which Mr. Swindelles bears the burden of proof, TBP – the only party in possession of the videos that it claims infringed its copyright – chose not to enter them into the record to provide substantive support to its objections to Mr. Swindelles' descriptions of his videos.  This creates a strong inference that the videos are as Mr. Swindelles describes them.  (ECF No. 29 ¶¶ 12-17.)  In combination, the Court finds that these factors – each closely related to one of the exemptions to the best-evidence rule – take this statement out of Fed. R. Evid. 1002 exclusion.

The doctrine of fair use is a mixed question of law and fact and is only appropriate for summary judgment if the moving party can show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed R. Civ. P. 56(a)*.  By moving for summary judgment, "the moving party in effect declares that the evidence is insufficient to support the nonmoving party's case." *United States v. Plat 20, Lot 17, Great Harbor Neck, New Shoreham, R.I.,* 960 F.2d 200, 204 (1st Cir. 1992).  The Plaintiff bears the burden of proving infringement, but the defendant bears the burden of proving his affirmative defense of fair use.  While the record, as it appears currently, does not show a material issue of fact, discovery has not yet closed.[3]  On this record, before the close of discovery, it cannot fairly be said that the defendant has dispelled any possible factual dispute to warrant

---

[3] Discovery is currently set to close on April 10, 2023.  These motions were both filed before the end of factual discovery.

dismissal based on an affirmative defense.  Accordingly, the Defendant's Motion for Summary Judgment is also DENIED without prejudice to his refiling it at the close of discovery after April 10, 2023.

_____
Mary S. McElroy,
United States District Judge

February 15, 2023