# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THICCC BOY PRODUCTIONS INC.<br><br>    Plaintiff,<br><br>    v.<br><br>KYLE SWINDELLES a/k/a YEW NEEK NESS; and DOES 1 through 10,<br><br>    Defendants. | Case No. 1:22-cv-00090-MSM-PAS<br><br>**PLAINTIFF THICCC BOY PRODUCTIONS INC.'S REQUEST FOR CLARIFICATION AND AUTHORIZATION TO FILE A NEW MOTION FOR SUMMARY JUDGMENT** |

Pursuant to Local Rule 56(c), Plaintiff Thiccc Boy Productions Inc. ("Thiccc Boy") respectfully requests clarification and authorization to file a new motion for summary judgment to address both recent factual developments in this case and the U.S. Supreme Court's May 18, 2023 decision in *Warhol v. Goldsmith*, No. 21-869, which addresses the issue of fair use.

Local Rule 56(c) provides that: "No party shall file more than one motion for summary judgment unless the Court otherwise permits for good cause shown." In *Saltzman*, this Court stated: "While it appears the First Circuit has not addressed this issue head-on, 'at least six circuits have held that district courts have discretion to permit successive motions for summary judgment.'" *Saltzman v. Whisper Yacht, Ltd.*, No. CV 19-285MSM, 2019 WL 5696688, at *3 (D.R.I. Nov. 4, 2019), *report and recommendation adopted*, No. 119CV00285MSMPAS, 2020 WL 874066 (D.R.I. Feb. 21, 2020) (citation omitted). The Court continued: "[T]he First Circuit has affirmed a district court's exercise of discretion to consider a fourth summary judgment motion when it 'reflected material changes in the posture of the litigation and was grounded on meritorious contentions.'" *Id.* (citing *F.D.I.C. v. Kooyomjian*, 220 F.3d 10, 16 (1st Cir. 2000)). The Court also found that "a successive motion should flow from developments in the record[.]" *Saltzman*, 2019 WL 5696688, at *3.

Since *Saltzman*, the First Circuit has reaffirmed that a "district court may entertain

2292933

successive motions for summary judgment." *Alston v. Town of Brookline*, 997 F.3d 23, 51 (1st Cir. 2021). While the First Circuit in *Alston* did not address the standards by which a district court may entertain such a motion, other courts have held: "[a] renewed or successive summary judgment motion is appropriate especially if one of the following grounds exists: (1) an intervening change in controlling law[.]" *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995) (citing *Kern–Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal.1986), *aff'd in part, rev'd in part on other grounds*, 828 F.2d 514 (9th Cir.1987)). At least one court in this Circuit has authorized a party to file a second motion for summary judgment to address new controlling authority from the U.S. Supreme Court. *See Santos-Santos v. Puerto Rico Police Dep't*, 63 F. Supp. 3d 181, 186 (D.P.R. 2014).

On August 29, 2022, Thiccc Boy filed its motion for summary judgment (ECF No. 21, the "Motion"). On February 15, 2023, the Court denied the Motion *without prejudice*, reasoning that "the time for discovery has not yet expired" and the Motion "is premised almost exclusively on the admissions, and those deemed admissions have been withdrawn" based on Mr. Swindelles' December 1, 2022 responses (ECF No. 37 at 4). Since that time, the parties have engaged in further fact discovery, including the production of the four Accused Videos to Mr. Swindelles, Mr. Swindelles' sending of responses to Thiccc Boy's requests for production and interrogatories, and the deposition of Mr. Swindelles. The period for fact discovery ended on May 15, 2023 (ECF No. 41 & 5/4/2023 Text Order).

On May 18, 2023, the U.S. Supreme Court issued its decision in *Warhol v. Goldsmith*, No. 21-869, the Court's first decision to fully address copyright fair use since *Campbell v. Acuff-Rose Music Inc.*, in 1994. The Court held, among other things, that minor alterations to a copyrighted work are not transformative under fair use where the infringing work was used for similar commercial purposes. The *Warhol* decision has significant impacts on this case, as Mr. Swindelles' only defense is fair use.

Thiccc Boy respectfully requests clarification that the Court's denial of Thiccc Boy's Motion for Summary Judgment without prejudice permits Thiccc Boy to file a new motion for

2292933

summary judgment, as it appears to indicate in the Court's order (ECF No. 37 at 4, 8). Alternatively, Thiccc Boy submits that there is good cause to file a new motion for summary judgment on the issues in this case relating to copyright infringement, fair use, and damages. Thiccc Boy's new motion intends to address "developments in the record" that have occurred since its initial motion was filed (*Saltzman*, 2019 WL 5696688, at *3), including testimony from Mr. Swindelles' deposition and his responses to Thiccc Boy's discovery requests. Thiccc Boy's intended motion is "grounded on meritorious contentions" (*id.*) as, with respect to the issue of infringement, Mr. Swindelles' responses indicate that he downloaded portions of Thiccc Boy's copyrighted Works and distributed them on YouTube without license or consent, and with respect to damages, Mr. Swindelles testified in deposition as to the gross receipts he received from the exploitation of the Accused Videos. Finally, Mr. Swindelles is relying on a defense of fair use. The U.S. Supreme Court's *Warhol* decision has significant impact on Mr. Swindelles' defense, and Thiccc Boy requests the opportunity to address these in a new motion for summary judgment. *See Santos-Santos*, 63 F. Supp. 3d at 186 (authorizing second motion for summary judgment based on new U.S. Supreme Court decision).

Thiccc Boy's request to file a new motion for summary judgment should be granted.

Respectfully submitted,

DATED: June 1, 2023

*/s/ Robert E. Allen*
Robert E. Allen *(Admitted pro hac vice)*
GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
(310) 553-3000
rallen@glaserweil.com

Travis J. McDermott (#8738)
PARTRIDGE SNOW & HAHN LLP
40 Westminster Street, Suite 1100
Providence, RI 02903
(401) 861-8217
tmcdermott@psh.com

2292933