IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THICCC BOY PRODUCTIONS INC.<br><br>Plaintiff,<br><br>v.<br><br>KYLE SWINDELLES a/k/a YEW NEEK NESS; and DOES 1 through 10,<br><br>Defendants. | Case No. 1:22-cv-00090-MSM-PAS<br><br>**PLAINTIFF THICCC BOY PRODUCTIONS INC.'S SECOND MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW** |

**TO THE COURT AND TO DEFENDANT:**

**PLEASE TAKE NOTICE** that at a date and time to be set by the United States District Court for the District of Rhode Island, located at 1 Exchange Terrace, Providence, Rhode Island, 02903, Plaintiff Thiccc Boy Productions Inc. will and hereby does moves this Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment on the issue of liability and damages for copyright infringement against Defendant Kyle Swindelles.

Plaintiff brings this motion on the grounds that, due to Defendant's admissions during his deposition and additional uncontroverted evidence produced in this case, all the facts necessary to establish the elements of copyright infringement are undisputed. Moreover, the uncontroverted evidence demonstrates that Plaintiff is entitled to judgment on Defendant's profits.

The facts and legal arguments upon which this motion is based are set forth in the accompany memorandum of law and statement of undisputed facts.

1

Respectfully submitted,

DATED: August 1, 2023

*/s/ Robert E. Allen*
Robert E. Allen *(Admitted pro hac vice)*
GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
(310) 553-3000
rallen@glaserweil.com

and

Travis J. McDermott (#8738)
PARTRIDGE SNOW & HAHN LLP
40 Westminster Street, Suite 1100
Providence, RI 02903
(401) 861-8217
tmcdermott@psh.com

## **TABLE OF CONTENTS**

Page

I. INTRODUCTION ............................................................................................................6

II. FACTS .............................................................................................................................6

III. ARGUMENT ...................................................................................................................6

    A. Summary Judgment Standard ..............................................................................6

    B. Summary judgment is appropriate on Defendant's liability for copyright infringement. ..........................................................................................................7

    C. Summary judgment is appropriate on infringer profits from Defendant's copyright infringement........................................................................................10

IV. CONCLUSION...............................................................................................................11

## **TABLE OF AUTHORITIES**

**Page**

**CASES**

*Bell v. Wilmott Storage Servs., LLC*,
   12 F.4th 1065 (9th Cir. 2021) .................................................................................... 10

*Bruce v. Weekly World News*,
   310 F.3d 25 (1st Cir. 2002) ........................................................................................ 11

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ..................................................................................................... 6

*Data Gen. Corp. v. Grumman Sys. Support Corp.*,
   36 F.3d 1147 (1st Cir. 1994) ...................................................................................... 11

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
   499 U.S. 340 (1991) ................................................................................................. 7, 9

*Feldman v. Twentieth Century Fox Film Corp.*,
   723 F. Supp. 2d 357 (D. Mass. 2010) .......................................................................... 8

*GoPro, Inc. v. 360Heros, Inc.*,
   291 F. Supp. 3d 1060 (N.D. Cal. 2017) ..................................................................... 10

*Grossman v. Martin*,
   566 F. Supp. 3d 136 (D.R.I. 2021) ............................................................................... 6

*Harper & Row Publrs. v. Nation Enters.*,
   471 U.S. 539 (1985) ................................................................................................... 10

*Iverson v. City Of Bos.*,
   452 F.3d 94 (1st Cir. 2006) .......................................................................................... 7

*Jalbert v. Grautski*,
   554 F. Supp. 2d 57 (D. Mass. 2008) ............................................................................ 7

*John G. Danielson, Inc. v. Winchester-Conant Props., Inc.,* 322 F.3d 26 (1st Cir. 2003) ........... 11

*Johnson v. Gordon*,
   409 F.3d 12 (1st Cir. 2005) ...................................................................................... 7, 8

*Lotus Dev. Corp. v. Borland Int'l, Inc.*,
   49 F.3d 807 (1st Cir. 1995) .......................................................................................... 8

*Lumos, Inc. v. LifeStrength, LLC*,
   No. 2:12-CV-1196-TC, 2014 WL 4355451 (D. Utah Sept. 3, 2014) ........................ 10

*Mag Jewelry Co. v. Cherokee, Inc.*,
   496 F.3d 108 (1st Cir. 2007) ........................................................................................ 9

*Range Rd. Music, Inc. v. E. Coast Foods, Inc.*,
  668 F.3d 1148 (9th Cir. 2012) .................................................................................. 8

*Segrets, Inc. v. Gillman Knitwear Co.*,
  207 F.3d 56 (1st Cir. 2000) ................................................................................... 8, 9

*Sheldon v. Metro-Goldwyn Pictures Corp.*,
  309 U.S. 390 (1940) .............................................................................................. 11

*Society of Holy Transfiguration Monastery Inc. v. Gregory,*
  689 F.3d 29 (1st Cir. 2012) ..................................................................................... 8

*T-Peg, Inc. v. Vermont Timber Works, Inc.*,
  459 F.3d 97 (1st Cir. 2006) ..................................................................................... 9

*Updatecom, Inc. v. Firstbank P.R., Inc.*,
  2013 WL 12234631 (D.P.R. June 19, 2013) ........................................................ 11

**RULES**

Federal Rule of Civil Procedure 56 ............................................................................ 6

**STATUTES**

17 U.S.C. § 106 .......................................................................................................... 7

17 U.S.C. § 410(c) ..................................................................................................... 8

17 U.S.C. § 504(b) ................................................................................................... 10

**OTHER AUTHORITIES**

Goldstein on Copyright, § 9.3.1 ................................................................................. 9

Nimmer on Copyright § 1303[A] ............................................................................ 10

Nimmer on Copyright § 13D.04 ................................................................................ 9

U.S. Code Cong. & Ad. News 5659 (1976) ............................................................ 10

**MEMORANDUM OF LAW**

## I.    INTRODUCTION

This case is about Defendant Kyle Swindelles's ("Defendant") infringement of Plaintiff Thiccc Boy Productions Inc.'s ("Plaintiff") copyrighted works, namely, four episodes of the podcast *The Fighter and The Kid*—Episode 725, Episode 726, Episode 729 and Episode 740 (individually and collectively, the "Works"). The Court should find that Defendant committed copyright infringement of each of the Works and enter judgment in favor of Plaintiff in the amount of $13,629.86.

## II.   FACTS

The relevant facts are set forth in the statement of undisputed facts ("SUF") filed in conjunction with this motion and incorporated by reference herein.

## III.  ARGUMENT

### A.    Summary Judgment Standard

"Summary judgment is proper when the pleadings, discovery, and affidavits, show that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Grossman v. Martin*, 566 F.Supp.3d 136, 142 (D.R.I. 2021) (quoting Fed. R. Civ. P. 56).  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If this initial burden of production is met, then the nonmoving party must "go beyond the pleadings" and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324.  The nonmoving party "may defeat a summary judgment motion by demonstrating, through submissions of evidentiary quality, that a trialworthy issue persists. Withal, a measure of factual specificity is required; a conglomeration of conclusory allegations, improbable inferences, and unsupported speculation is insufficient to discharge the nonmovant's

burden." *Iverson v. City Of Bos.*, 452 F.3d 94, 98 (1st Cir. 2006) (internal citations and quotation marks omitted).

      **B.**    **Summary judgment is appropriate on Defendant's liability for copyright infringement.**

The Copyright Act grants the owner of an audiovisual work the following exclusive rights:

> (1) to reproduce the copyrighted work in copies or phonorecords;
>
> (2) to prepare derivative works based upon the copyrighted work;
>
> (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending; [and]
>
> (4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly;
>
> (5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly[.]

17 U.S.C. § 106.

To establish copyright infringement, a plaintiff need prove only two elements: (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. *Johnson v. Gordon*, 409 F.3d 12, 17 (1st Cir. 2005); *see also Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Jalbert v. Grautski*, 554 F.Supp.2d 57, 67 (D. Mass. 2008) ("For the purposes of federal copyright law, copying is a shorthand reference to the act of infringing any of the copyright owner's five exclusive rights set forth at 17 U.S.C. § 106.") (cleaned up).

Proof of wrongful copying is usually a two-step process. "First, the plaintiff must show that copying actually occurred. This showing entails proof that, as a factual matter, the defendant copied the plaintiff's copyrighted material." *Johnson*, 409 F.3d at 18. Second, "the plaintiff must establish that the copying is actionable by 'prov[ing] that the copying of the copyrighted material

was so extensive that it rendered the infringing and copyrighted works 'substantially similar.'" *Id.* (quoting *Segrets, Inc. v. Gillman Knitwear Co.*, 207 F.3d 56, 60 (1st Cir. 2000)).

However, copying can be shown without a substantial similarity analysis when a defendant admits that he in fact copied, or when a defendant has engaged in virtual duplication of a plaintiff's work. *See Society of Holy Transfiguration Monastery Inc. v. Gregory,* 689 F.3d 29, 49 (1st Cir. 2012) (no issue of material fact of the second copyright infringement element where the defendant conceded in deposition testimony that he had made identical reproductions of plaintiff's works and that they were available on his website); *Range Rd. Music, Inc. v. E. Coast Foods, Inc.*, 668 F.3d 1148, 1154 (9th Cir. 2012) (evidence of direct copying makes a substantial similarity analysis irrelevant).

Regarding the first element—ownership of a valid copyright—Plaintiff has obtained and attached to its Complaint registration certificates for each of the Works. ECF No. 1-1, Ex. A. "A certificate of copyright registration is prima facie evidence of ownership of a valid copyright." *Feldman v. Twentieth Century Fox Film Corp.*, 723 F.Supp.2d 357, 363 (D. Mass. 2010); 17 U.S.C. § 410(c) ("In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate."); *see also Lotus Dev. Corp. v. Borland Int'l, Inc.*, 49 F.3d 807, 813 (1st Cir. 1995), *aff'd,* 516 U.S. 233 (1996). Thus, the burden shifts to Defendant to demonstrate why the copyrights are not valid. *Lotus*, 49 F.3d at 813. Defendant has never contested the validity of Plaintiff's copyrights.

The second element of copyright infringement—"copying" of original elements of the works—is established through Defendant's deposition testimony and other uncontroverted evidence. First, Defendant admitted that he copied portions of each of the Works from either YouTube or Reddit, without authorization, using screen-recording software, each into an audio-visual work created by Defendant (Video 1, Video 2, Video 3 and Video 4 (collectively, the "Infringing Videos")). Plaintiff's Statement of Undisputed Facts ("SUF") ¶¶ 7-11. Next, Defendant admitted that the audio-visual works he created, the Infringing Videos, are each a

derivative works of one of the Works, in which large segments of the applicable Episode are played unaltered and without interruption in the applicable Infringing Video, thereby confirming that Defendant engaging in verbatim copying of the Works. SUF, ¶ 12. Defendant further admitted that he publicly performed (or caused the public performance) of the Infringing Videos to his thousands of viewers on either of his two YouTube channels, Yew Neek or Yew Neek Ness. SUF, ¶ 13. Defendant admitted that he monetized the Infringing Videos that he created on his YouTube channel. SUF, ¶ 26. In fact, inclusive of the Infringing Videos, his two channels generated $13,629.86 in gross income for Defendant during the relevant time frame. SUF, ¶ 33.

It Is undisputed that each of the elements for copyright infringement have been met here. Indeed, Defendant's recent motion for summary judgment admits that Defendant made "use of the works," but that his conduct constitutes "fair use." ECF No. 47, 20. Such admission confirms that Defendant copied protectible expression of the Works; otherwise, there would be no need for a fair use defense. *See* 4 Nimmer on Copyright § 13D.04.

Further, Defendant's copying of the Works in the Infringing Videos (ranging from 78.2 to 100 percent) was so extensive that "it rendered the infringing and copyrighted works 'substantially similar.'" *Segrets,* 207 F.3d at 60. In other words, Defendant's exact duplication of large segments of the Works constituted copying of "constituent elements of the work that are original." *See T-Peg, Inc. v. Vermont Timber Works, Inc.*, 459 F.3d 97, 108 (1st Cir. 2006) (quoting *Feist Pub"ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991)); *Mag Jewelry Co. v. Cherokee, Inc.*, 496 F.3d 108, 115 n.7 (1st Cir. 2007) ("the copyrighted work and the allegedly infringing item are essentially the same, [therefore,] the [substantial similarity] inquiry is unnecessary."); Goldstein on Copyright, § 9.3.1 ("[C]ases in which the defendant has literally copied all or part of the plaintiff's surface details are so straightforward for purposes of the protected expression test that courts in these cases will often not apply the test explicitly").

Indeed, the Supreme Court confirmed that where 13 percent of the defendant's work constituted verbatim quotes from the plaintiff's work, it "need not reach" the issue of whether the constituent elements that were copied were original to the plaintiff. *Harper & Row Publrs. v.*

*Nation Enters.,* 471 U.S. 539, 548-49 (1985). In cases involving identical copying of videos or photographs, courts have found substantial similarity as a matter of law. *Bell v. Wilmott Storage Servs., LLC*, 12 F.4th 1065, 1074 (9th Cir. 2021) ("[i]f such duplication is literal or verbatim, then clearly substantial similarity exists." (quoting 4 Nimmer on Copyright § 1303[A])); *Lumos, Inc. v. LifeStrength, LLC*, No. 2:12-CV-1196-TC, 2014 WL 4355451, at *12 (D. Utah Sept. 3, 2014); *GoPro, Inc. v. 360Heros, Inc.*, 291 F. Supp. 3d 1060, 1072–73 (N.D. Cal. 2017).

As will be discussed in Plaintiff's opposition to Defendant's motion for summary judgment, Defendant cannot meet his burden to prove fair use of any of the Works in the Infringing Videos. Accordingly, the Court should grant summary judgment on the issue of Defendant's liability for copyright infringement.

### C. Summary judgment is appropriate on infringer profits from Defendant's copyright infringement.

The Copyright Act sets out what a copyright plaintiff must prove in order to recover infringer profits:

> The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. ***In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.***

17 U.S.C. § 504(b) (emphasis added). The legislative history confirms that the burden is on the *infringer*, not the copyright owner, to prove which portion of its gross revenues and profits were not attributable to the infringing activity:

> The language of the subsection makes clear that only those profits 'attributable to the infringement' are recoverable; where some of the defendant's profits result from the infringement and other profits are caused by different factors, it will be necessary for the court to make an apportionment. *However, **the burden of proof is on the defendant in these cases; in establishing profits the plaintiff need prove only 'the infringer's gross revenue,' and the defendant must prove not only 'his or her deductible expenses' but also 'the element of profit attributable to factors other than the copyrighted work.***

H.R. Rep. No. 94-1476, at 161, *reprinted in* U.S. Code Cong. & Ad. News 5659, 5777 (1976) (emphasis added).

10

Here, Defendant admitted that his gross revenue from his channels that played the Infringing Videos during the relevant time frame was $13,629.86. SUF, ¶ 33. Plaintiff has thus satisfied its burden by presenting Defendant's gross revenues, thereby creating a rebuttable presumption that all such gross revenues were entirely attributable to the infringement. Indeed, "no further proof [is] required." *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 36 F.3d 1147, 1174 (1st Cir. 1994). The burden then shifts to Defendant to prove what portion of his gross revenues are not attributable to his infringement. *Id.* at 1173 ("In the context of infringer's profits, the plaintiff must meet only a *minimal burden* of proof in order to trigger a rebuttable presumption that the defendant's revenues are *entirely* attributable to the infringement; the burden then shifts to the defendant to demonstrate what portion of its revenues represent profits, and what portion of its profits are not traceable to the infringement."); *accord John G. Danielson, Inc. v. Winchester-Conant Props., Inc.,* 322 F.3d 26, 48-49 (1st Cir. 2003); *Bruce v. Weekly World News*, 310 F.3d 25, 31 (1st Cir. 2002); *Updatecom, Inc. v. Firstbank P.R., Inc.*, 2013 WL 12234631, at *1 (D.P.R. June 19, 2013).

Defendant, however, cannot meet his burden to demonstrate either what portion of its revenues represent profits, or what portion of its profits are not traceable to the infringement. Defendant admits that he has no evidence of either. SUF, ¶ 34, 42. When an infringer "has frustrated the task of apportionment by co-mingling profits" he is "responsible for the blending of the lawful with the unlawful" and has "to abide the consequences[]." *Data Gen.*, 36 F.3d at 1176 (quoting *Sheldon v. Metro-Goldwyn Pictures Corp.*, 309 U.S. 390, 401 (1940)). Accordingly, Defendant's inability to rebut this presumption means that Defendant's gross revenues of $13,629.86 is attributable to the infringement, represents infringer's profits and is payable to Plaintiff for Defendant's copyright infringement of the Works.

**IV.   CONCLUSION**

Plaintiff Thiccc Boy Productions, Inc. respectfully requests that the Court grant summary judgment its favor and against Defendant Kyle Swindelles on Plaintiff's claim for copyright

infringement for each of the Episodes, and that the Court enter judgment in favor of Plaintiff in the amount of $13,629.86.

                                          Respectfully submitted,
                                          Thiccc Boy Productions Inc.

DATED: August 1, 2023                */s/ Robert E. Allen*
                                          Robert E. Allen *(Admitted pro hac vice)*
                                          GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP
                                          10250 Constellation Blvd., 19th Floor
                                          Los Angeles, CA 90067
                                          (310) 553-3000
                                          rallen@glaserweil.com

                                                         and

                                          Travis J. McDermott (#8738)
                                          PARTRIDGE SNOW & HAHN LLP
                                          40 Westminster Street, Suite 1100
                                          Providence, RI 02903
                                          (401) 861-8217
                                          tmcdermott@psh.com