# EXHIBIT 14

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THICCC BOY PRODUCTIONS, INC., | : | Case No. 1:22-cv-00090-MSM-PAS |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KYLE SWINDELLES, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## DEFENDANT KYLE SWINDELLES' RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

Defendant Kyle Swindelles responds and objects to Plaintiff's Requests for Production as set forth below. The following responses are made solely for the purposes of this action. Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court.

No incidental or implied admissions are intended by these responses. The fact that Defendant has objected or responded to any Request shall not be deemed an admission that Defendant accepts or admits the existence of any facts set forth assumed by such Request or that such objection or response constitutes admissible evidence. The fact that Defendant has responded to part or all of any Request is not intended to and shall not be construed to be a waiver by Defendant of any part of any objection to any Request.

## GENERAL OBJECTIONS

1.    Defendant objects to the Requests to the extent that they require Defendant to produce information not within his possession, custody, or control.

1

2.      Defendant objects to the Requests to the extent they seek information or documents that are available to Plaintiff and are exclusive to Plaintiff.

3.      Defendant objects to the instructions, definitions or Requests that seek to impose obligations exceeding the scope of or inconsistent with the Federal Rules of Civil Procedure.

4.      Defendant objects to the Requests to the extent they call for production of documents related to his work product in preparing materials for discovery, motions, or trial in this action.

5.      Defendant objects to the Requests to the extent it purports to require an exhaustive response before completion of discovery.

6.      Defendant objects to the Requests to the extent they are argumentative, prejudicial, improper, incorrect, vague, and/or ambiguous.

7.      Defendant objects to the Requests to the extent they call for a legal conclusion.

8.      Defendant objects to the Requests to the extent that certain definitions imply legal conclusions.

9.      Defendant objects to the Requests to the extent they seek information that is neither relevant to the claims in this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to the Requests as overly broad, unduly burdensome, and disproportionate to the needs of the case.

10.      Defendant's failure to object to any Request on a particular ground or grounds shall not be construed as a waiver of the right to object on any additional ground(s) consistent with discovery.

## RESPONSES

**REQUEST NO. 1:** A native digital copy (with metadata) of each Work as it was originally obtained by Defendant.

***RESPONSE TO REQUEST NO. 1:*** It was never my practice to save the clips I used for my videos onto any storage device or service. I do not have possession of the Works.

**REQUEST NO. 2:** A native digital copy (with metadata) of each of the Works copied by Defendant, including, without limitation, as it appeared on any website owned, controlled, affiliated or sponsored by Defendant, or on which Defendant has or had an account.

***RESPONSE TO REQUEST NO. 2:*** It was never my practice to save the clips I used for my videos onto any storage device or service. I do not have possession of the Works.

**REQUEST NO. 3:** A native digital copy (with metadata) of each of the Infringing Materials.

***RESPONSE TO REQUEST NO. 3:*** Due to Plaintiff's strategy of filing multiple DMCA copyright claims to get my YouTube account deactivated, I do not have access to the requested records. Plaintiff has possession of the materials from when it previously downloaded them from my YouTube page.

**REQUEST NO. 4:** All documents and Communications with any person concerning the selection, copying, licensing, payment, use or infringement of each of the Works.

***RESPONSE TO REQUEST NO. 4:*** To the best of my knowledge, such records do not exist.

**REQUEST NO. 5:** All documents and Communications with any person concerning the selection, copying, licensing, payment, use or infringement of each of the Infringing Materials.

*RESPONSE TO REQUEST NO. 5:*  To the best of my knowledge, such records do not exist.

**REQUEST NO. 6:** All documents and communications with any person concerning the section, copying, licensing, payment, use or infringement of each of the Infringing Works

*RESPONSE TO REQUEST NO. 6:* To the best of my knowledge, such records do not exist.

**REQUEST NO. 7:**  All documents and communications sufficient to show all of the dates Defendant copied each of the Works, including, without limitation on a website.

*RESPONSE TO REQUEST NO. 7:*  To the best of my knowledge, such records do not exist.

**REQUEST NO. 8:** All documents sufficient to show the Copying of each of the Works, including, without limitation screenshots or printouts of any pages on a Website.

*RESPONSE TO REQUEST NO. 8:*  To the best of my knowledge, such records do not exist.

**REQUEST NO. 9:** All documents and communications sufficient to show the analytics or other tools used to measure, count, direct or otherwise manage web traffic to or from any Website that hosted any audiovisual work inclusive of one or more of the Works.

*RESPONSE TO REQUEST NO. 9:* Due to Plaintiff's strategy of filing multiple DMCA copyright claims to get my YouTube account deactivated, I do not have access to the requested records, if they do exist.

**REQUEST NO. 10:**  All documents and communications sufficient to show the analytics or other tools used to measure, count, direct or otherwise manage web traffic to or from

any Website that hosted any audiovisual work inclusive of one or more of the Infringing Materials.

***RESPONSE TO REQUEST NO. 10:***  Due to Plaintiff's strategy of filing multiple DMCA copyright claims to get my YouTube account deactivated, I do not have access to the requested records, if they do exist.

**REQUEST NO. 11:** All communications between/among Defendant (including any communications conveyed anonymously) and Plaintiff.

***RESPONSE TO REQUEST NO. 11:***  Such records do not exist, or if Plaintiff previously sent me communications, I did not retain them.

**REQUEST NO. 12:** All communications between/among Defendant and Brendan Schaub.

***RESPONSE TO REQUEST NO. 12:***  Defendant objects to the Request as to the relevancy of communications between Defendant and a non-party. The request is also overly broad and unlikely to produce any admissible evidence within the scope of discovery. As Plaintiff has previously argued, Brendan Schaub is a non-party to this lawsuit and is not subject to the discovery process. Plaintiff has also not disclosed consulting with Brendan Schaub in doing its due diligence to answer Defendant's requests for discovery. This request may be proper in an individual's "defamation of character" lawsuit, but this action is a copyright infringement suit brought by a faceless Colorado/California corporation regarding its intellectual property rights. Plaintiff must produce evidence as to how Brendan Schaub has any involvement in this lawsuit to begin to justify dragging a non-party into this suit. Regardless, to the best of my knowledge, such records do not exist.

5

**REQUEST NO. 13:** All Communications between/among Defendant and any Third Party concerning any of the Works.

*RESPONSE TO REQUEST NO. 13:* To the best of my knowledge, such records do not exist.

**REQUEST NO. 14:** All Communications between/among Defendant and any Third Party concerning any of the Infringing Materials.

*RESPONSE TO REQUEST NO. 14:* Defendant objects to the request as irrelevant, overly broad and unlikely to produce admissible evidence within the scope of discovery. To the best of my knowledge, such records do not exist.

**REQUEST NO. 15:** All Communications between/among Defendant and any Third Party concerning Plaintiff.

*RESPONSE TO REQUEST NO. 15:* Defendant objects to the request as irrelevant, overly broad and unlikely to produce admissible evidence within the scope of discovery. To the best of my knowledge, such records do not exist.

**REQUEST NO. 16:** All Communications between/among Defendant and any Third Party concerning Brendan Schaub.

*RESPONSE TO REQUEST NO. 16:* Defendant objects to the Request as to the relevancy of communications between Defendant and others regarding a non-party. The request is also overly broad and unlikely to produce admissible evidence within the scope of discovery. As Plaintiff has previously argued, Brendan Schaub is a non-party to this lawsuit and is not subject to the discovery process. Plaintiff has also not disclosed consulting with Brendan Schaub in doing its due diligence to answer Defendant's requests for discovery. This request may be proper in an individual's "defamation of

6

character" lawsuit, but this action is a copyright infringement suit brought by a faceless Colorado/California corporation regarding its intellectual property rights. Plaintiff must produce evidence as to how Brendan Schaub has any involvement in this lawsuit to begin to justify dragging a non-party into this suit. Regardless, to the best of my knowledge, such records do not exist.

**REQUEST NO. 17:** Copies of all digital records used by Defendant to store copies or information concerning the Works, including, without limitation, the terms and scope of Defendant's rights in the Works, the terms of any license to any person concerning the Works or the copying or other use of the Works.

*RESPONSE TO REQUEST NO. 17:* To the best of my knowledge, such records do not exist.

**REQUEST NO. 18:** Copies of all digital records used by Defendant to store copies or information concerning the Infringing Materials, including, without limitation, the terms and scope of Defendant's rights in the Infringing Materials, the terms of any license to any person concerning the Works or the copying or other use of the Infringing Materials.

*RESPONSE TO REQUEST NO. 18:* To the best of my knowledge, such records do not exist.

**REQUEST NO. 19:** All Documents concerning the transfer, upload or download through file transfer protocol ("FTP") of any copy of the Works, including, without limitation, event logs.

*RESPONSE TO REQUEST NO. 19:* Due to Plaintiff's strategy of filing multiple DMCA copyright claims to get my YouTube account deactivated, I do not have access to the requested records, if they do exist.

7

**REQUEST NO. 20:** All Documents concerning the transfer, upload or download through file transfer protocol ("FTP") of any copy of the Infringing Materials, including, without limitation, event logs.

**RESPONSE TO REQUEST NO. 20:** Due to Plaintiff's strategy of filing multiple DMCA copyright claims to get my YouTube account deactivated, I do not have access to the requested records, if they do exist.

**REQUEST NO. 21:** All documents sufficient to show Defendant's gross revenues earned from the exploitation of the Infringing Materials.

**RESPONSE TO REQUEST NO. 21:** Due to Plaintiff's strategy of filing multiple DMCA copyright claims to get my YouTube account deactivated, I do not have access to the requested records.

**REQUEST NO. 22:** Documents sufficient to show all linked Websites.

**RESPONSE TO REQUEST NO. 22:** Due to Plaintiff's strategy of filing multiple DMCA copyright claims to get my YouTube account deactivated, I do not have access to the requested records.

**REQUEST NO. 23:** Documents sufficient to show all products and services sold by or through any Linked Website.

**RESPONSE TO REQUEST NO. 23:** Due to Plaintiff's strategy of filing multiple DMCA copyright claims to get my YouTube account deactivated, I do not have access to the requested records, if the records even exist.

**REQUEST NO. 24:** All Documents sufficient to show Defendant's gross revenues earned both directly from the copying or licensing of the works and indirectly through the use of Works to advertise, promote, market or otherwise exploit other works, goods or

services, including without limitation, products or services sold by or through any Linked Website.

***RESPONSE TO REQUEST NO. 24:*** Due to Plaintiff's strategy of filing multiple DMCA copyright claims to get my YouTube account deactivated, I do not have access to the requested records, if they do exist.

**REQUEST NO. 25:** All Documents sufficient to show Defendant's gross revenues earned both directly from the copying or licensing of the Infringing Materials and indirectly through the use of Infringing Materials to advertise, promote, market or otherwise exploit other works, goods or services, including without limitation, products or services sold by or through any Linked Website.

***RESPONSE TO REQUEST NO. 25:*** Due to Plaintiff's strategy of filing multiple DMCA copyright claims to get my YouTube account deactivated, I do not have access to the requested records, if they do exist.

**REQUEST NO. 26:** All Documents sufficient to show Defendant's net revenues earned both directly from the copying or licensing of the works and indirectly through the use of Works to advertise, promote, market or otherwise exploit other works, goods or services, including without limitation, products or services sold by or through any Linked Website

***RESPONSE TO REQUEST NO. 26:*** Due to Plaintiff's strategy of filing multiple DMCA copyright claims to get my YouTube account deactivated, I do not have access to the requested records, if they do exist.

**REQUEST NO. 27:** All Documents sufficient to show Defendant's net revenues earned both directly from the copying or licensing of the Infringing Materials and indirectly through the use of Infringing Materials to advertise, promote, market or otherwise exploit

9

other works, goods or services, including without limitation, products or services sold by or through any Linked Website.

***RESPONSE TO REQUEST NO. 27:*** Due to Plaintiff's strategy of filing multiple DMCA copyright claims to get my YouTube account deactivated, I do not have access to the requested records, if the records even exist.

**REQUEST NO. 28:** All Documents that Defendant intends to rely upon to show whether Defendant's profits are attributable to factors other than infringement of the copyrights in the Works.

***RESPONSE TO REQUEST NO. 28:*** Due to Plaintiff's strategy of filing multiple DMCA copyright claims to get my YouTube account deactivated, I do not have access to the requested records, if they do exist.

**REQUEST NO. 29:** All Documents that Defendant intends to rely on in support of any calculation of damages.

***RESPONSE TO REQUEST NO. 29:*** Due to Plaintiff's strategy of filing multiple DMCA copyright claims to get my YouTube account deactivated, I do not have access to the requested records, if the records even exist.

**REQUEST NO. 30:** All Documents that Defendant intends to rely on in Defendant's claim that Defendant's use of the Works in the Infringing Materials constitutes fair use.

***RESPONSE TO REQUEST NO. 29:*** The videos will speak for themselves, leaving no issues of fact for trial, and ensuring this case is ripe for dismissal at summary judgment.

10

Respectfully submitted,

*Kyle Swindelles*

Kyle Swindelles, Defendant, *pro se*

41 Marietta Street, 2nd Floor, Unit 4

Providence, Rhode Island 02904

e-mail: yewneekent@gmail.com

11