# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THICCC BOY PRODUCTIONS INC.<br><br>          Plaintiff,<br><br>     v.<br><br>KYLE SWINDELLES a/k/a YEW NEEK NESS; and DOES 1 through 10,<br><br>          Defendants. | Case No. 1:22-cv-00090-MSM-PAS<br><br>**PLAINTIFF THICCC BOY PRODUCTIONS INC.'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

Pursuant to Local Rule 56(a)(1), Plaintiff Thiccc Boy Productions Inc. ("Plaintiff") hereby submits the following Statement of Undisputed Facts in support of its Motion for Summary Judgment.

***Plaintiff Thiccc Boy Productions Inc. and the Copyrighted Works***

1.     Plaintiff is a production company that produces episodes of the podcast titled *The Fighter and the Kid*, hosted by Brendan Schaub (the "Podcast").  Allen Decl., Ex. 12 (Thiccc Boy's Resp. to Interrogatory No. 13).

2.     The Podcast is recorded with audio and video, and audiovisual episodes are posted to YouTube for streaming, while audio episodes are posted to podcast hosting platforms such as Spotify and Apple Podcasts.  Ex. 12 (Plaintiff's response to Defendant's Interrogatory No. 13).

3.     Plaintiff is the copyright owner of four episodes of the Podcast identified in the Complaint at paragraph 7 (*The Fighter and the Kid*, Episodes 725, 726, 729, and 740, the "Works").  Plaintiff has registered the four Works with the U.S. Copyright Office: Registration

Nos. PAu-4-122-301, PAu-4-122-303, PAu-4-122-304, and PAu-4-122-306.  ECF No. 1 (Complaint) at ¶ 8; ECF No. 1-1 (Complaint Ex. A).

4.      Each of the Works is a creative expression and was unpublished at the time Defendant uploaded the Infringing Works.  ECF No. 47 (Defendant's motion for summary judgment) at 17; Allen Decl., ¶ 19.

5.      In each of the Works, Schaub is joined by co-hosts Bryan Callen and Shapel Lacey.  ECF No. 47 (Defendant's motion for summary judgment), Exs. A, B, C, D.


***Defendant Kyle Swindelles and the Infringing Works***

6.      Defendant is an online streamer and YouTuber who produces videos "on the worlds of gaming, comedy, radio, podcasts, and other forms of popular media."  ECF No. 22 (Defendant's motion for sanctions) at 2.

7.      Defendant operated and posted videos to two YouTube channels called "Yew Neek" and "Yew Neek Ness."  Allen Decl., Ex. 11 (Deposition of Kyle Swindelles ("Swindelles Dep.")) at 15:8-11.

8.      Defendant created two audio-visual works, "Video 1" (referred to by Defendant as "Reaction Video 1") and "Video 3" (referred to by Defendant as "Reaction Video 2"), and uploaded them to Defendant's "Yew Neek" channel.  Allen Decl., Exs. 1 and 2 (Swindelles Dep. Exs. 1 and 2); Ex. 11 (Swindelles Dep.) at 57:14-24, 110:12-16 (Video 1); 48:5-13 (Video 3).

9.      Defendant created two audio-visual works, "Video 2" (referred to by Defendant as "Short 1") and "Video 4" (referred to by Defendant as "Short 2") and uploaded them to Defendant's "Yew Neek Ness" channel.  Allen Decl., Exs. 3 and 4 (Swindelles Dep. Exs. 3 and 4); Ex. 11 (Swindelles Dep.), 60:9-11, 61:7-10 (for Video 2); 87:9-11 (for Video 4).

10.     Defendant did not have permission from Plaintiff, the copyright owner, to copy any portion of or make derivative works of the copyrighted Works.  Ex. 11 (Swindelles Dep.) at 91:7-12.

11.     Defendant copied portions of Plaintiff's copyrighted Works into Video 1, Video 2, Video 3, and Video 4 using a screen-recording software or by playing the copyrighted Work on Reddit or YouTube while streaming his computer screen.  Ex. 11 (Swindelles Dep.) at 46:4-9, 88:1-16, 90:15-18, 91:1-12, 110:14-111:8, 129:5-19.

12.     The videos that Defendant created (Video 1, Video 2, Video 3, and Video 4) play, unaltered and without interruption, a large segment of Plaintiff's copyrighted Works.  Ex. 11 (Swindelles Dep.) at 80:2-7.

13.     Defendant publicly performed (or caused the public performance of) Video 1, Video 2, Video 3, and Video 4 to his thousands of viewers on either of his two YouTube channels, Yew Neek or Yew Neek Ness.  Ex. 11 (Swindelles Dep.) at 15:8-11, 19:1-6, 35:9-16, 48:5-13, 59:16-19.

14.     Defendant identically copied 7:32 of audio-visual content from Episode 725 into Video 1, which has a total duration (not including the logo introduction) of approximately 9:38 (i.e., 78.2 percent of Video 1 is made up of Episode 725).  ECF No. 47 (Defendant's MSJ) at 8 and Ex. E.

15.     In the copied portion of Episode 725 in Video 1, the hosts (Brendan Schaub, Bryan Callen, and Shapel Lacey) discuss Mr. Schaub's appearance on other podcasts, current issues in the UFC world, Mr. Helwani's career as a journalist, including Mr. Helwani's coverage of other UFC fighters, such as "Rampage" Jackson, and how Mr. Helwani had been reportedly

banned from UFC events because he broke a story about the UFC planning to have a fighter (Brock Lesnar) make a surprise fight appearance.  ECF No. 47, Ex. E.

16.    Defendant admitted that he was able to express his opinion on Mr. Helwani's and Mr. Schaub's respective views "without actually having to play [Mr. Helwani's] video" that Mr. Helwani posted in reaction to Mr. Schaub.  Ex. 11 (Swindelles Dep.) at 117:19-118:17.

17.    Defendant identically copied 0:39 of audio-visual content, and additionally 1:08 of visual content from Episode 726 into Video 2, which has a total duration (not including the logo introduction) of approximately 1:47 (i.e., 91.6 percent of Video 2 is made up of Episode 726).  ECF No. 47, Ex. F.

18.    In the copied portion of Video 2, Callen, Lacey, and Schaub "discuss a joke … that was edited out of another show."  ECF No. 47, Ex. F.  Callen then asks Schaub: "We're all good?," which Defendant alleges refers to Helwani's comments regarding Schaub.  ECF No. 47, 10.  Schaub replies to Callen: "I don't pay attention to any of that."  The hosts then transition to discussing football. ECF No. 47, Ex. F.

19.    Defendant identically copied 8:55 of audio-visual content from Episode 729 into Video 3, which has a total duration (not including the logo introduction) of approximately 11:22 (i.e., 78.5 percent of Video 3 is made up of Episode 729).  ECF No. 47, Ex. G.

20.    In the copied portion of Video 3, the hosts mention Howard Stern, Stern's opinions and current relevance, and Stern's statements regarding Joe Rogan relating to COVID.  Additionally, the hosts discuss the efficacy of the vaccine, vaccine mandates, lockdown policies, natural antibodies to COVID, horse dewormer, personal freedom, the War on Terror, and the rise of video cameras, GPS tracking, and facial recognition, including its use in China.  This discussion is led primarily by Bryan Callen.  ECF No. 47, Ex. G.

21.     In Video 3, Defendant provides no commentary or criticism on any of host Bryan Callen's statements.  Ex. 11 (Swindelles Dep.) at 77:14-17, 78:2-4.

22.     In each of Video 1, Video 2, Video 3, and Video 4, Defendant provided no commentary or criticism of Plaintiff's copyrighted Works *themselves* (including, without limitation, composition, lighting, or style), only the *content discussed* in the videos.  Ex. 11 (Swindelles Dep.) 78:15-79:5, 102:13-24, 119:10-16, 133:5-11.

23.     Contrary to Defendant's sworn statement in his DMCA counter-notice, Defendant did not "talk[] the majority of [Video 3]."  Defendant has admitted that statement was false.  Ex. 11 (Swindelles Dep.) at 81:7-9.

24.     Defendant identically copied 0:53 of audio-visual content and additionally 1:09 of visual content from Episode 740 into Video 4, which has a total duration (not including the logo introduction) of approximately 2:04 (i.e., 100 percent of Video 4 is made up of Episode 740).  ECF No. 47, Ex. H.

25.     In the copied portion of Video 4, Schaub announces the lineup for the show: Schaub, Callen, Chris D'Elia, and Josh Thomson.  Schaub explains that show will be "hilarious" because D'Elia "knows nothing about fighting."  Schaub and Callen further discuss D'Elia's opinions on one UFC fighter, Israel Adesanya.  ECF No. 47, Ex. H.

***Defendant's Monetization of the Infringing Works***

26.     Defendant received income from YouTube for Video 1, Video 2, Video 3, and Video 4.  Ex. 11 (Swindelles Dep.) at 133:20-135:9.

27.     On October 21, 2021, Defendant received $2,212.15 from YouTube for videos (inclusive of Video 1, Video 2, Video 3, and Video 4) that had been viewed in September 2021. Ex. 11 (Swindelles Dep.) at 139:3-8; Ex. 9.

28.     On November 21, 2021, Defendant received $3,562.51 from YouTube for videos (inclusive of Video 1, Video 2, Video 3, and Video 4) that had been viewed in October 2021. Ex. 11 (Swindelles Dep.) at 139:9-15; Ex. 9.

29.     On December 21, 2021, Defendant received $3,132.38 from YouTube for videos (inclusive of Video 1, Video 2, Video 3, and Video 4) that had been viewed in November 2021. Ex. 11 (Swindelles Dep.) at 139:16-23; Ex. 9.

30.     On January 21, 2022, Defendant received $2,172.33 from YouTube for videos (inclusive of Video 1, Video 2, Video 3, and Video 4) that had been viewed in December 2021. Ex. 11 (Swindelles Dep.) at 139:24-140:5; Ex. 9.

31.     On February 21, 2022, Defendant received $2,095.22 from YouTube for videos (inclusive of Video 1, Video 2, Video 3, and Video 4) that had been viewed in January 2022. Ex. 11 (Swindelles Dep.) at 140:6-12; Ex. 9.

32.     On March 21, 2022, Defendant received $455.27 from YouTube for videos (inclusive of Video 1, Video 2, Video 3, and Video 4) that had been viewed in February 2022. Ex. 11 (Swindelles Dep.) at 140:13-17; Ex. 9.

33.     For videos (inclusive of Video 1, Video 2, Video 3, and Video 4) that were viewed during the period of time from September 2021 to February 2022, Defendant received $13,629.86 in income from YouTube.  Ex. 11 (Swindelles Dep.) at 140:23-141:5.

34.     Defendant does not have any evidence regarding the number of views the Video 1, Video 2, Video 3, and/or Video 4 received, or the amount of revenue individually received for each of these videos.  Ex. 11 (Swindelles Dep.) at 141:6-20.

35.     In addition to the Podcast, Plaintiff has other channels on YouTube.  One of those channels is for highlights of the Podcast, entitled "TFATK Clip Channel Highlights" (the "Highlights Channel"), which can be found at

https://www.youtube.com/c/TheFighterandTheKidClips.  Santoli Decl., ¶ 5.

36.     Plaintiff started the Highlights Channel on or around July 9, 2018, well before Defendant started his YouTube channel.  Santoli Decl., ¶ 6.

37.     As of July 31, 2023, there are over 1,100 clips on the Highlights Channel.  Each clip is a short segment from the Podcast, most ranging between 2 and 12 minutes.  For the longer videos, there are typically chapter stops, allowing viewers to watch only the segment(s) they want.  Santoli Decl., ¶ 7.

38.     Around the time each episode to the Podcast is uploaded to YouTube, Plaintiff uploads clip(s) from that episode to the Highlight Channel.  Santoli Decl., ¶ 8.

39.     Plaintiff uploaded clips to the Highlight Channel for each of Episodes 725, 726, 729 and 740.  Santoli Decl., ¶ 9.

40.     One of the clips for Episode 725 uploaded to the Highlight Channel can be found at https://www.youtube.com/watch?v=jC7yPUaI9pk ("Highlight Clip 1").  Highlight Clip 1 has a total duration of 10:03.  Other than approximately the first 2:20 of Highlight Clip 1, substantially all of Highlight Clip 1's audio-visual content is incorporated in Video 1.  Santoli Decl., ¶ 10.

41.     One of the clips for Episode 729 uploaded to the Highlight Channel can be found at https://www.youtube.com/watch?v=QYEmgsFSWTo ("Highlight Clip 2").  Highlight Clip 2

has a total duration of 7:01. All of Highlight Clip 2's audio-visual content is incorporated in Video 3. Santoli Decl., ¶ 11.

42.     Defendant has no evidence regarding what portion of his revenue represents profits or what portion of his profits are not attributable to the infringement. Ex. 14 (Defendant's Responses to Plaintiff's First Set of Requests for Production Nos. 5, 6, 9, 10, 24, 25, 26, 27, 28, 29).

DATED: August 1, 2023

*/s/ Robert E. Allen* _____

Robert E. Allen *(Admitted pro hac vice)*
GLASER WEIL FINK HOWARD JORDAN &
SHAPIRO LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
(310) 553-3000
rallen@glaserweil.com

Travis J. McDermott (#8738)
PARTRIDGE SNOW & HAHN LLP
40 Westminster Street, Suite 1100
Providence, RI 02903
(401) 861-8217
tmcdermott@psh.com