IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THICCC BOY PRODUCTIONS, INC., | : | Case No. 1:22-cv-00090-MSM-PAS |
| Plaintiff, | : | |
| | : | **DEFENDANT'S STATEMENT** |
| | : | **OF DISPUTED FACTS IN** |
| v. | : | **OPPOSITION TO PLAINTIFF'S** |
| | : | **SECOND MOTION FOR** |
| | : | **SUMMARY JUDGMENT** |
| KYLE SWINDELLES, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## PRELIMINARY STATEMENT

Pursuant to LR Cv 56(a)(3), Defendant Kyle Swindelles, *pro se*, respectfully submits this statement of disputed facts in response to Plaintiff's additional statement of undisputed facts in opposition to Defendant's motion for summary judgment.

## RESPONSES AND OBJECTIONS

12. Disputed because the videos and Defendant's Second Motion for Summary judgment show where Kyle Swindelles interjected and added audio and visual elements not present in the original works. The clips are therefore not "unaltered and without interruption." *Defendant's Second MSJ*, **Exhibits E, F, G, H**.

13. Undisputed.

14. Undisputed.

15. Disputed because the list of alleged topics in the video are all just different ways to describe the same topic of MMA journalist Ariel Helwani, who often covers the UFC.

1

16. Disputed as irrelevant to a copyright analysis. Fair use and criticism/commentary as we know it would not exist if the law forced every critic or commentator to simply verbally describe the work they are referring to.

17. Undisputed.

18. Undisputed.

19. Undisputed.

20. Disputed because the list of alleged topics in the video are all different ways to describe the same topic of conversation. Howard Stern criticized Joe Rogan due to his COVID opinions, and then Schaub criticizes Stern. That the lawyers did not adequately prepare in order to understand the context is not this Court's concern.

21. Undisputed.

22. Disputed because Swindelles obviously comments on the video/work by commenting on its contents. These two concepts cannot be separated in a copyright analysis.

23. Disputed because statement was made without ability to reference the original work due to Plaintiff's coordinated cancel culture campaign.

24. Disputed in that Swindelles added audio elements not present in the original work, making it impossible for 100% of the audiovisual work to be made up of the original work. *Defendant's Second MSJ*, **Exhibit H**.

25. Undisputed.

26. Undisputed.

27. Disputed. The deposition showed that Video 2 was posted in late October/early November 2021, so it could not have been included in the YouTube payments from September that were issued in October. Swindelles Dep., p. 92.

28. Disputed. Video 2 may have been posted in early November, meaning it would not appear in YouTube payments until December. Swindelles Dep., p. 92.

29. Undisputed.

30. Undisputed.

31. Undisputed.

32. Disputed. Evidence has shown that Defendant's YouTube channel was deactivated and the Accused Videos demonetized in February 2022. This could mean that Defendant received no payment for the Accused Videos, and any previous payments related to the Accused Videos may have been charged to Swindelles' account balance prior to the March payment. *Memo in Opposition to P's Second MSJ*, **Exhibit C**.

33. Disputed. Defendant may have ended up receiving no net payments for the Accused Videos. *Memo in Opposition to P's Second MSJ*, **Exhibit C**.

34. Disputed. Defendant is able to make a "reasonable approximation" of the revenue generated by the Accused Videos, which was between zero and $64.00. **Exhibit C** in *Defendant's Memo in Opposition to Plaintiff's Second MSJ*.

35. Disputed. This allegation is supported by inadmissible hearsay and is irrelevant.

36. Disputed. Supported by inadmissible hearsay.

37. Disputed. Supported by inadmissible hearsay.

38. Disputed. Supported by inadmissible hearsay.

39. Disputed. Supported by inadmissible hearsay.

40. Disputed. Supported by inadmissible hearsay.

41. Disputed. Supported by inadmissible hearsay.

42. Disputed. Defendant is able to make a "reasonable approximation" of the revenue generated by the Accused Videos based upon "obervation and experience," which was between zero and $304.00. **Exhibit C** in *Defendant's Memo in Opposition to Plaintiff's Second MSJ*.

Respectfully submitted,

*Kyle Swindelles*

Kyle Swindelles, Defendant, *pro se*
41 Marietta Street, 2nd Floor, Unit 4
Providence, Rhode Island 02904
Phone: (401) 230-5061
e-mail: yewneekent@gmail.com