# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THICCC BOY PRODUCTIONS, INC., | : | Case No. 1:22-cv-00090-MSM-PAS |
| Plaintiff, | : | |
| v. | : | |
| KYLE SWINDELLES, *et al*., | : | **DEFENDANT'S REQUEST FOR LEAVE TO FILE BEYOND ORIGINAL TIMELINES** |
| Defendants. | : | |

Now comes Defendant Kyle Swindelles, *pro se*, and hereby requests this Court grant him leave to file his *Memo in Opposition to Plaintiff's Motion for Summary Judgment* and *Statement of Disputed Facts* past the original August 15, 2023, deadline. I am a caregiver for my four children, multiple of whom receive regular special needs services, and with the school year beginning, I was unable to file my legal responses within the original timelines.

Federal Rule of Civil Procedure 6(b)(1)(B) allows courts to extend filing deadlines "on motion made after the time has expired if the party failed to act because of excusable neglect." Courts have previously granted relief by finding that an inadvertent late filing can constitute "excusable neglect." *Pincay v. Andrews*, 389 F.3d 853, 860. (9th Cir. 2004). Rule 6(b)(1)(B) permits a post-deadline filing extension "for good cause," if the party failed to act because of "excusable neglect." *Lujon v. Nat'l Wildlife Fed'n*, 498 U.S. 871, 896 (1990). Excusable neglect requires "a demonstration of good faith … and some reasonable basis for noncompliance within the specified period of time." *Kimberg v. Univ. Of Scranton*, 411 Fed. Appox. 473, 477 (3rd Cir. 2010). Rule 6(b)(1)(B) should be

construed broadly. *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 187 (1st Cir. 2004).

In the current situation, I simply have a lot of life going on. My four children are the center of my world, and I usually have to be present for daily special needs services that are vital to their development. Add in that the school year is now upon us, and it is certainly "good cause" that I was intensely focused on my family. As a *pro se* defendant, it has been hard for me to keep up with the flood of paperwork and filings. I am doing my best, but it appears in this instance I dropped the ball. Nonetheless, I request that this Court allow me to submit my filings beyond the deadlines.

Rule 6(b) should be "liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983). Courts "should not mindlessly enforce deadlines." *Wong v. Regents of the Univ. Of Calif.*, 410 F.3d 1052, 1060 (9th Cir. 2005). The excusable neglect doctrine exists because federal litigation should be decided on the merits and not on technicalities. *Rodriguez v. Village Green Realty, LLC*, 788 F.3d 31, 47 (2nd Cir. 2015). Plaintiff has made it a theme of their case to avoid the merits and emphasize technicalities it can leverage against an unrepresented opponent, but the goal of litigation should always be about doing justice, not overwhelming defendants with unequal resources.

For the reasons set forth above, I respectfully request that this Court accept my late filings due to my excusable neglect.

Respectfully submitted,

*Kyle Swindelles*

Kyle Swindelles, Defendant, *pro se*
41 Marietta Street, 2nd Floor, Unit 4
Providence, Rhode Island 02904
Phone: (401) 230-5061
e-mail: yewneekent@gmail.com