IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THICCC BOY PRODUCTIONS INC.<br><br>Plaintiff,<br><br>v.<br><br>KYLE SWINDELLES a/k/a YEW NEEK NESS; and DOES 1 through 10,<br><br>Defendants. | Case No. 1:22-cv-00090-MSM-PAS<br><br>**PLAINTIFF THICCC BOY PRODUCTIONS INC.'S OBJECTIONS TO DEFENDANT'S (1) "STATEMENT OF KYLE SWINDELLES" (ECF NO. 54, EX. C); AND (2) STATEMENT OF DISPUTED FACTS (ECF NO. 55)** |

Plaintiff Thiccc Boy Productions Inc. ("Plaintiff") submits the following objections to Defendant's "Statement of Kyle Swindelles" (ECF No. 54, Ex. C) (the "Swindelles Statement") and Defendant's Statement of Disputed Facts ("Statement of Disputed Facts") (ECF No. 55) because, among other reasons, is not in compliance with Fed. R. Civ. P. 56(c)(4), which is mandatory.

**Objections to Swindelles Statement**

**Not Signed Under Penalty of Perjury:** The Swindelles Statement is not a proper affidavit signed under penalty of perjury as required by 28 U.S.C. § 1746. *See In re World Trade Center Disaster Site Litig.*, 722 F.3d 483, 488 (2d Cir.2013) (holding that § 1746 "requires that a certification of the truth of a matter be expressly made under penalty of perjury" and upholding rejection of an affidavit that failed to recite "under penalty of perjury"); *Nissho–Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1305–06 (5th Cir.1988) (holding that an affidavit could not be considered on summary judgment when it was notarized but did not declare its contents to be "true and correct"); *Ferrer Marrero v. Misey Rest., Inc.*, No. CV 17-1911 (MDM), 2019 WL 6833824, at *3 (D.P.R. Dec. 13, 2019) (the "unsworn declaration was not signed under penalty of perjury, thereby failing to satisfy the requirements of 28 U.S.C. § 1746. That alone is fatal to Plaintiff's proffered declaration by Carrión. Accordingly, because Carrión's unsworn declaration

1

does not comply with the applicable legal requirements, the Court cannot consider it as evidence in support of Plaintiff's opposition to both motions for summary judgment."); *Flowers v. Abex Corp.*, 580 F.Supp. 1230, 1233 n. 2 (N.D.Ill.1984) (merely notarizing signature does not transform document into affidavit that may be used for summary judgment purposes).

**Hearsay (Fed. R. Evid. 801):** The Swindelles Statement contains inadmissible hearsay that cannot defeat summary judgment (e.g., that the Infringing Videos were posted in February 2022, that the Infringing Videos were not monetized, and he made $16 per video per month). *Kenney v. Floyd*, 700 F.3d 604, 609 (1st Cir. 2012); *Hannon v. Beard*, 645 F.3d 45, 49 (1st Cir. 2011).

**Lack of Personal Knowledge:** The Swindelles Statement is not based on the Defendant's personal knowledge, but instead speculation (e.g., that the Infringing Videos were posted in February 2022, that the Infringing Videos were not monetized, and he made $16 per video per month). *Perez v. Volvo Car Corp.*, 247 F.3d 303, 316 (1st Cir. 2001).

**Contradictory to Other Evidence:** The Swindelles Statement, including ¶¶ 4, 6, 7, 8, 11, is inconsistent with actual evidence in this case, including Kyle Swindelles' sworn deposition testimony. "It is settled that when an interested witness has given clear answers to unambiguous questions, he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, but does not give a satisfactory explanation of why the testimony is changed." *Torres v. E.I. Dupont De Nemours & Co.*, 219 F.3d 13, 20 (1st Cir. 2000). The Statement contends that Swindelles did not receive any payment for the Infringing Videos, and that the Infringing Videos were first uploaded in February 2022. Statement, ¶¶ 4, 8. That is not consistent with Mr. Swindelles' deposition testimony and the statements he makes in the Infringing Videos. Ex. 17, 64:17-24, 92:12-14, 111:14-19, Tr., 130:3-5; Allen Decl., Exs. 19, 20.

**Not Supported by any Records or Documentation:** The Swindelles Statement contends that Swindelles received an average of $16 per video per month. Swindelles Statement, ¶ 11. There is no evidence to support such claims. Indeed, Defendant is not paid on the number of

2

views he uploads, but on advertising revenue generated from the views of those videos, and Defendant testified he has no idea how many views the Infringing Videos (or any other videos) received. Tr. 13:4-6; 15:16-17; 23:22-24; 139:3-141:5;141:10-21. *See Williams v. Arndt*, 626 F. Supp. 571, 582 (D. Mass. 1985) (rejecting income statements prepared by infringer as unsupported," "prepared for use in this litigation," and "completely unreliable").

**Does Not Set Out Facts That Would be Admissible in Evidence:** The Statement, including ¶¶ 4, 6, 7, 8, 9 and 11, would not be admissible in Evidence, including, without limitation, because of relevancy (Fed. R. Evid. 401) and hearsay (Fed. R. Evid. 801). More importantly, Defendant has already admitted that he has no information about the revenues earned by any of his videos, or any documents to support any calculation of damages. *See* Response to Interrogatory 7, Requests for Production 21, 24, 25, 26, 27, 28, 29. Accordingly, Defendant cannot now manufacture "evidence" that he previously admitted did not exist. *Torres v. E.I. Dupont De Nemours & Co.*, 219 F.3d 13, 21 (1st Cir. 2000) (rejecting affidavit that contradicted admissions in interrogatory responses).

**Does Not Show That Defendant is Competent to Testify on the Stated Matters**. The Statement contains no information that demonstrates he is competent to testify on any of the topics raised therein. For these reasons, the Statement should not be given any consideration.

**Objections to Statement of Disputed Facts**

**Failure to Cite Any Evidence (LR Cv 56(a)(4)):** Certain of Defendant's Responses and Objections do not cite any evidence in support (Nos. 15, 16, 20, 21, 22, 23, 35-41).

**Disputing the Relevance of a Fact, But Not it Veracity:** Certain of Defendant's Responses and Objections dispute the relevance of several facts, but does not dispute that they are true (Nos. 16, 35).

**Improper Legal Conclusions and Argument:** Certain of Defendant's Responses and Objections dispute the import of several facts, while relying upon improper legal conclusions or improper argument (Nos. 15, 16, 20, 22, 23, 24, 34, 42).

2321461

**Non-Responsive:** Certain of Defendant's Responses and Objections "dispute" certain facts, but does not challenge the actual factual allegations set forth. For example, Fact No. 24 is only referring to video content when it stated "100 percent of Video 4 is made up of Episode 740". Defendant's response to Fact No. 24 refers to additional "audio elements."

**Speculation and Lack of Evidence:** Certain of Defendant's Responses and Objections are speculative and lack of evidence, or even contradict other evidence. For example, Defendant speculates that Video 2 may have been posted in "early November." (Nos. 27, 28). That is not correct. The Video in question was not posted later than October 30, 2021, because Swindelles is discussing an upcoming Fight Companion episode that aired on October 30, 2021. Allen Decl., Ex. 19. As another example (Nos. 32-33), Defendant states that he "received no payment for the Accused Videos," but that contradicts his sworn deposition testimony stating that he received income from September 2021 to February 2022 for the Videos and his Responses admitting income for the Infringing Videos for December 2021 through February 2022. *See* Fact Nos. 29-31 (Response: Undisputed).

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED: August 24, 2023 | */s/ Robert E. Allen* <br> Robert E. Allen *(Admitted pro hac vice)* <br> GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP <br> 10250 Constellation Blvd., 19th Floor <br> Los Angeles, CA 90067 <br> (310) 553-3000 <br> rallen@glaserweil.com |
|  | and |
|  | Travis J. McDermott (#8738) <br> PARTRIDGE SNOW & HAHN LLP <br> 40 Westminster Street, Suite 1100 <br> Providence, RI 02903 <br> (401) 861-8217 <br> tmcdermott@psh.com |

2321461