IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THICCC BOY PRODUCTIONS, INC., | : | Case No. 1:22-cv-00090-MSM-PAS |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KYLE SWINDELLES, *et al.*, | : | **DEFENDENT** |
| | : | **KYLE SWINDELLES'** |
| Defendants. | : | **MOTION FOR SANCTIONS** |

Now comes Defendant Kyle Swindelles, *pro se*, and hereby moves this Court for an entry of an Order of Sanctions in accordance with Federal R. Civ. P. 11 against counsel for Plaintiff Thiccc Boy Productions, Inc. In accordance with Rule 11(c)(2), Plaintiff's counsel is notified that this motion will not be filed with the Court if counsel shows written agreement to pay appropriate restitution within twenty-one (21) days. A brief in support of this motion is attached.

Respectfully submitted,

*[signature: Kyle Swindelles]*

Kyle Swindelles, Defendant, *pro se*
41 Marietta Street, 2nd Floor, Unit 4
Providence, Rhode Island 02904
Phone: (401) 230-5061
e-mail: yewneekent@gmail.com

1

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR RULE 11 SANCTIONS

Rule 11(b) of the Federal Rules of Civil Procedure states that an attorney or party, to the best of their knowledge, certifies in its pleadings that:

1) It is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

2) The claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or establishing new law;

3) The factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, and

4) The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or lack of information.

A failure of any one of these four criteria warrants a sanction that "suffices to deter repetition of the conduct or comparable conduct by others similarly situated." *Fed.R. Civ.P. 11(c)(4)*. In executing the current frivolous litigation, Plaintiff's counsel has managed to fail multiple criteria.

### I. **Plaintiff filed this action solely to harass, silence, and intimidate Defendant with expensive, prolonged litigation.**

Business records filed with the California Secretary of State show that podcaster Brendan P. Schaub is the principal executive of Plaintiff Thiccc Boy Productions, Inc. Previous filings have established that just prior to this litigation, Schaub boasted that

2

"[I'm] finally going after anyone who harasses [me] online, including comics. [I] have spent half a million dollars on monster lawyers and [I] have friends in dark places who are gonna get the job done."[1] On his audiovisiual podcast "The Schaub Show," Schaub admitted that his main motivation for initiating his lawsuit against Kyle Swindelles was to stop "defamation of character." Counsel Robert E. Allen and Travis J. McDermott (herinafter "the Thiccc Boy lawyers") then coordinated to ensure that this this litigation would be as harassing and damaging as possible for Defendant: concealing vital evidence from this Court and the opposing party, making outright misrepresentations of fact and law to the court, and conducting themselves in all aspects of this action in complete bad faith.

    a.  **Counsel intentionally refused to name the Accused Videos in its initial complaint to avoid a 12(b)(6) motion to dismiss and prolong the litigation.**

Obviously, the Thiccc Boy lawyers initiated this case assuming they could bully and overwhelm a *pro se* defendant into a easy settlement or default judgment. As admitted by Plaintiff, the entire goal of this copyright litigation was to stop "defamation of character," so keeping Defendant's YouTube channel shut down for a long period of time was a main priority. They knew I would not know how to respond or what objections to make to their inadequate filing. They also know that they had strategized to shut down my YouTube channel, meaning I would not have access to any of my previously posted videos. To hedge their bets, the Thiccc Boy lawyers left out the identifying information of the Accused Videos in their complaint to ensure a 12(b)(6) motion to dismiss could not be filed to end the suit early.

---

[1] https://youtu.be/QWfrsT9c8II at 0:31:59.

Courts have often granted 12(b)(6) dismissals on copyright infringement claims due to fair use upon a comparison of the works involved. *See Monserrat v. Newman*, 28 F.4th 314 (1st Cir. 2022), *Yang v. Mic Network, Inc.*, 20-4097-cv (L) (2d Cir. Mar. 29, 2022). As a California Federal court made clear, "when the copyrighted work and the alleged infringement are both before the court, capable of examination and comparison, non-infringement can be determined on a motion to dismiss." *Mintz v. Subaru of Am. Inc.*, *Mintz v. Subaru of Am., Inc.*, Case No. 16-cv-03384-MMC (N.D. Cal. Oct. 11, 2016), at p. 4, *quoting Christianson v. West Publishing*, Inc., 149 F.2d 202, 203-04 (9th Cir. 1945).

If the Thiccc Boy lawyers truly believed they had meritorious copyright infringement claims that could withstand analysis, they would have named the Accused Videos in their complaint. Instead, they concealed them to ensure a 12(b)(6) motion to dismiss could not be filed and the litigation could drag on for as long as possible. Is it plausible that the "monster lawyers" simply forgot to include the information about the videos? Of course not. This was a bad faith strategy to ensure the lawsuit would take as long as possible to resolve, and their subsequent conduct only bolsters this notion.

> b. **Counsel intentionally concealed the Accused Videos from the Court and Defendant during discovery to prolong the litigation, and made a direct misrepresentation to the Court in an attempt to hide its bad faith.**

The Thiccc Boy lawyers filed this lawsuit on February 28, 2022, and refused to disclose the Accused Videos until ordered by this Court over a year later on March 21, 2023. They even filed for partial summary judgment on August 29, 2022, even though this Court and the Defendant still had no idea which videos were supposedly infringing their copyrights. I challenged their bad faith by submitting a sworn affidavit thoroughly describing my videos regarding TFATK on November 17, 2022. If the videos were not

4

available, the "best evidence rule" would apply and my direct recollections of the videos would control. This was the chance for the Thiccc Boy lawyers to really knock down my case by producing the videos and showing how wrong I was. Instead, they made generic procedural objections to my affidavit and still refused to produce the videos. This Court noted that this created an inference that I was right about the videos, and now that we have the videos, the Plaintiff's bad faith is abundantly clear. But the litigation dragged on and my YouTube page remained canceled, which was the point all along.

On November 18, 2022, I electronically served Plaintiff's counsel with a request to produce the Accused Videos. **Exhibit A**. I also electronically sent Interrogatories and Requests for Admission on December 4, 2022. **Exhibit B**. I did not know at the time that the rules require written permission from the other party for electronic service of discovery under Fed Rule Civ. P. 5(b)(2)(E). The Thiccc Boy lawyers waived those requirements, however, when they responded to my electronically served Requests for Admission on December 22, 2022. They still simply ignored my request for production of the Accused Videos as part of their strategy to conceal the evidence and obtain a default judgment. Parties in litigation do not get to pick and choose which discovery requests to fulfill and which to ignore, but the Thiccc Boy lawyers were aware that a *pro se* defendant would probably not know how to enforce discovery in court.

On January 6, 2023, I e-mailed Plaintiff's counsel and reminded him that I had requested production of the videos more than thirty days prior. **Exhibit C**. I attempted to confer about any issues with the request, asking if he intended to comply with the request, and if not, to explain why he would not. Once again, the Thiccc Boy lawyers simply ignored me, never offering any response. On January 17, 2023, however, the Thiccc Boy

5

lawyers filed a *Plaintiff's Reply in Support of Motion for a Status Conference* with this Court. In that filing, while discussing the Accused Videos, the Thiccc Boy lawyers stated "Swindelles has not attempted to initiate any meet-and-confer with Thiccc Boy to discuss his discovery requests." *Plaintiff's Reply* at page 2. That is a **<u>100% false statement</u>** made to this Court to conceal the fact that the Thiccc Boy lawyers were actively and intentionally trying to hide the Accused Videos from the Court's review and prolong the litigation. The Thiccc Boy lawyers ignored my attempt to confer about the discovery request and hoped to get away with it by lying to the court in a signed filing.

On February 22, 2023, I sent via registered USPS mail a Request for Production of the Accused Videos to Plaintiff's counsel in accordance with Fed Rule Civ. P. 5(b)(2)(E). On March 21, 2023, this Court ordered Plaintiff to produce the Accused Videos no later than March 28, 2023. The Thiccc lawyers then finally produced the videos, but only after they were forced to by the Court. We do not know if they would have once again ignored my request and dared me to figure out how to force discovery through the Court, but it is obvious they they have been acting in bad faith faith due to the frivolousness of their claims and their intention to drag this litigation on for as long as possible.

    c. **The Thiccc Boy lawyers conducted a clownish deposition of Defendant solely to harass him and cause delays in the litigation.**

Throughout multiple conferences, this Court has warned the Thiccc Boy lawyers about their conduct toward a *pro se* defendant while still offering them wide latitude to conduct discovery. A particular point of contention was the Thiccc Boy lawyers' deposition of Defendant Kyle Swindelles. Over a year after filing their lawsuit and thirty-five days before the close of discovery, the Thiccc Boy lawyers decided that they needed

6

to conduct a live deposition of the unrepresented Defendant. This was on March 7, 2023; the Thiccc Boy lawyers had still not even disclosed the Accused Videos to myself or the Court. When I attempted to confer about the scope of the deposition and the hardship this would cause me (I am a father and caregiver of four school-age children, some with special needs), Robert E. Allen mostly ignored me and replied "[w]e are entitled to take your deposition and we are going to do so." While "entitled" is certainly a perfect way to describe the conduct on the Plaintiff's side of this case, the deposition that occurred on May 5, 2023, leaves no doubt that it was done only so "monster lawyers" could harass an unrepresented defendant.

First of all, the Thiccc Boy lawyers were inept and entirely unprepared for the deposition. The deposition transcript contains forty-one (41) instances of the word "sorry," mostly because the Thiccc Boy lawyers did not bother to learn how to properly use the remote telecommunications platform and kept apologizing for their avoidable gaffes. Swindelles Deposition, Glossary. Over the course of hours, the lawyers would pose a question, then botch the audiovisual associated with the question, then have to take several minutes to correct it before repeating the question. It was an embarrassing display.

Secondly, the Thiccc Boy lawyers had previously refused to answer most of my discovery if it mentioned Brendan Schaub (Thiccc Boy CEO), claiming he was a "non-party" not subject to any inquiry. When presented with videos of Schaub in Requests for Admission and asked to admit he said the things in the videos, each answer was that they "could not admit or deny" what he clearly said in the video. At the deposition, however, Robert E. Allen often just wanted to talk about Brendan Schaub. His name was mentioned over one hundred (100) times, mostly by Allen. Swindelles Dep., Glossary.

7

Well, maybe more if you count the numerous times Allen referred to his own client as "Bryan Schaub" during the deposition. Allen even referred to his own co-counsel, Travis McDermott, as "Kyle" on multiple occasions. Swindelles Dep., 95:24; 96:21. Again, the ineptitude and lack of preparation was entirely unprofessional and embarrassing.

Most importantly, the deposition was clearly conducted solely to give the "monster lawyers" a chance to harass a *pro se* opponent. Plaintiff has claimed that it only needs to prove two things: that it owns copyright to its videos and that I used them for my own videos. Then, obviously, they need to rebut my fair use defense. Let us now examine a sampling of some of Robert E. Allen's questions seeking evidence of copyright infringement in a deposition:

> Q*: What do you - - what is your understanding about case law related to transformative use?* Swindelles Dep., 146:1-2.
>
> Q*: Do you know what the factors are to determine whether something constitutes fair use under the law?* Swindelles Dep., 146:20-22.
>
> Q*: Can you give me an example of one document that you filed in this case that you drafted yourself?* Swindelles Dep., 148:5-7.
>
> Q*: Okay. Would you agree with me that any document that looks, in your words, legalese was not drafted by you?* Swindelles Dep., 148:10-12.
>
> Q*: So you would have a conversation with this person* [referring to an anonymous person who helped draft a filing] *and then what happened?* Swindelles Dep., 149:18-20.
>
> Q*: Do you have conversations with your girlfriend with respect to this mystery person?* Swindelles Dep., 150:9-10.

*Q: Okay. Well, and what advice has this person given to you?* Swindelles Dep., 150:15-16.

*Q: This mystery person communicates directly with your girlfriend?* Swindelles Dep., 151:8-9.

*Q: What did your girlfriend tell you about what you should be doing in this case?* Swindelles Dep., 153:4-5.

*Q: So what - - so what advice has your girlfriend conveyed to you regarding this case?* Swindelles Dep., 154:13-14.

*Q: And did you say those things that we just played about referring to my law firm as the big fancy Jewish law firm of Brendan Schaub?* Swindelles Dep., 157:9-11.

*Q: Is it funny to make fun of people because of their - - their race or religion?* Swindelles Dep., 157:15-16.

*Q: Why did you assume that Brendan Schaub's lawyers were Jewish?* Swindelles Dep., 158:9-10.

*Q: So you have no knowledge of whether or not, for example, that I'm Jewish - - whether I'm Jewish or not?* Swindelles Dep., 158:15-17.

*Q: So you were referring to me as a f\*\*king lawyer and a c\*\*ksucker and the lying piece of s\*\*t that I am, right?* Swindelles Dep., 160:3-5.

*Q: Is there a correlation between lying and Jews?* Swindelles Dep., 160:15-16.

*Q: I want you to explain why you calling someone a f\*\*king -- a f\*\*king liar like the Jew that you are is funny.* Swindelles Dep., 160:21-23.

*Q: I'm sorry, you're referring -- so you think making a bigoted racially anti-Semitic statement that results in emojis is okay?* Swindelles Dep., 161:10-12.

9

This Court is aware that Allen and McDermott even paused to call the Court in an attempt to force me to answer questions about my legal strategy in this case. Obviously, none of these questions have anything to do with proving copyright infringement. They serve only to humiliate me, to try to identify and attack anyone who has helped me with this case, and allow the Thiccc Boy lawyers to settle personal scores against me because they were offended by a joke I made online. I do not expect Robert E. Allen to understand anything about comedy (his client Brendan Schaub released one of the lowest-rated comedy specials of all time, a 30-minute YouTube video called "The Gringo Papi" where Schaub, who is white, tells insulting fake stories about Mexicans based upon old racist tropes), but I did expect him to have enough self-control to remain professional. This was not a surprise, though, as the only reason to even conduct the deposition was for maximum harassment. They even threatened to force my girlfriend into hours of questioning in a separate deposition. Swindelles Dep., 155:3-6. During a May 16, 2023, discovery hearing, the Thiccc lawyers announced their intention to amend their initial complaint (filed almost 15 months prior) to include new bogus claims that would only serve to prolong the litigation. The magistrate admonished them for their bullying conduct, and they abandoned those bad faith plans. This is a copyright case, but you would not know it by looking at how the Thiccc Boy lawyers conducted themselves during the deposition and the discovery hearings.

    **II.**    **The Thiccc Boy lawyers' claims and legal contentions are not warranted by existing law, and the lawyers have tried to conceal and obfuscate relevant portions of case law to support their frivolous case.**

Various professionalism rules in a multitude of jurisdictions require attorneys to disclose adverse authority to a court and to be honest with the court about the law. Unfortunately for the Thiccc Boy lawyers, the last century or so of copyright law in the United States is adverse to their claims. They still have a duty to accurately describe the case law, and they can distinguish adverse rulings to try to support their arguments. Instead of doing this, the Thiccc Boy lawyers have tried to trick the Court on the law, giving intentionally incomplete quotes from cases and making outright misrepresentations as to what the cases say.

The Thiccc Boy lawyers tried this in their filing in opposition to Defendant's first Motion for Summary Judgment. In arguing against Defendant's analysis of the fourth factor of fair use, they cited *Dr. Seuss*, 109 F.3d at 1400. Their objection quoted *most* of a full paragraph of this decision, but then left out the determinative language at the end. The true ending of the quote from *Dr. Seuss* is:

> …we conclude that 'it is impossible to deal with the fourth factor except by recognizing that a silent record on an important factor bearing on fair use disentitle[s] the proponent of the defense,' **Penguin and Dove, to relief from the preliminary injunction.** (emphasis added to show omitted language)

In *Dr. Seuss*, the court examined the factors under the standard for a preliminary injunction from *Big Country Foods, Inc. v. Board of Educ.*, 868 F.2d 1085 (9th Cir. 1989), which is not the same as the standard for summary judgment before this Court at the time. More importantly, that court also found the use of the copyrighted work to be "non-transformative," a significant distinguishing factor that the Thiccc Boy lawyers intentionally left out of their analysis since it aligned with Defendant's arguments.

In that same filing, the Thiccc Boy lawyers represented to this Court that the burden of proof on market harm falls solely on Defendant, offering an incomplete quote from *Andy Warhol Found. for Visual Arts, Inc. v. Goldsmith*, 11 F.4th 26, 53 (2d Cir. 2021). The first sentence of the Thiccc Boy lawyers' quote is shown below with the full quote from the decision below it.

> **Plaintiff's quote**: "we have never held that the rightsholder bears the burden of showing actual market harm."
> **What *Warhol* actually says**: "While our prior cases have suggested that the rightsholder bears some initial burden of identifying relevant markets, we have never held that the rightsholder bears the burden of showing actual market harm."

Obviously, the Thiccc Boy lawyers sought to conceal that court's acknowledgment of its burden to identify the relevant markets for its work. This is not candor toward the tribunal.

Worst of all, the Thiccc Boy lawyers seek changes to American copyright law that would essentially end many forms of critical works. This is not surprising since the whole point of their frivolous suit is to silence my criticism of their thin-skinned celebrity client. Instead of making clear that they seek changes in the law to benefit their client, they pretend that this is all merely following established precedent. This is simply more obfuscation and hiding the ball. The fair use analysis in copyright is a multi-factor balancing of the works, but they cherry-pick analysis from single cases and dishonestly present them as legal standards that apply to ALL copyright cases. Each court in every individual copyright case must approach the specific facts and apply the standards to the specific works in question. The Thiccc Boy lawyers seek to erase that discretion of the Court. Just as they have treated me with sneering condescension because I am not some

12

rich Hollywood celebrity, they treat this Court as if it is just another rube for them to trick and get what they want from. Just look at their previous responses to the accusations of bad faith. When confronted with the fact that they have concealed or destroyed evidence and attempted to capitalize off their bad faith, their responses to the Court about why they did so amounts to "because we can." The Court need not be a passive bystander to "monster lawyers" arrogantly trying to game the system in this way.

### III. The proper sanction to deter repetition of the Thiccc Boy lawyers' conduct is easily determined.

When a party has failed any of the Rule 11 criteria, the rules require a sanction that "suffices to deter repetition of the conduct or comparable conduct by others similarly situated." *Fed.R. Civ.P. 11(c)(4)*. These are "monster lawyers" who boast on their web site of previously representing celebrities like Quincy Jones, Justin Bieber, and Prince. I am just a guy who makes YouTube videos. If they so choose, the Thiccc Boy lawyers (or any other lawyer) could simply accept another "half million dollars" from another gullible celebrity and file more frivolous copyright actions against any of my hundreds of videos posted online. Then once again my YouTube channel would be canceled while I am entangled in court for another two years, unable to earn income from my channel. A sizable monetary sanction is appropriate to ensure the Thiccc Boy lawyers do not repeat their bad faith litigation, and that any other prospective Hollywood bullies are deterred from doing the same.

Luckily, discovery has revealed monetary sums that should deter such future actions. Previous filings have shown that my YouTube channel was generating an average of $2,481.60 per full month in revenue while it was up and running. An

appropriate sanction would therefore be that average amount calculated for the length of this litigation. From the end of February 2022 to the end of September 2023, that would equal **$47,150.40**. This sanction should be payable to Defendant due to the circumstances of this litigation. If the Court finds that excessive, the amount could also be calculated for my YouTube channel's lowest-earning full month on record, which was $1,825.00. This would add to a total of **$34,675.00** for the amount of the sanctions. These amounts would be paid by Robert E. Allen through *Glaser Weil Fink Howard Jordan & Shapiro, LLP*, and by Travis J. McDermott through *Partridge Snow & Hahn, LLP*, serving to deter a repeat of their bad faith behavior.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court enter an Order of Sanctions against Plaintiff's attorneys and award to Defendant the reasonable costs and expenses incurred in responding to Plaintiff's frivolous claims, impose monetary sanctions appropriate to deter such future actions, and any other relief that this court deems just and proper.

Respectfully submitted,

*Kyle Swindelles*

Kyle Swindelles, Defendant, *pro se*
41 Marietta Street, 2nd Floor, Unit 4
Providence, Rhode Island 02904
Phone: (401) 230-5061
e-mail: yewneekent@gmail.com

# EXHIBIT A

---------- Forwarded message ---------
From: **Kyle Swindelles** <yewneekent@gmail.com>
Date: Fri, Nov 18, 2022 at 6:14 PM
Subject: Thiccc Boy v. Swindelles (1:22-cv-00090)
To: <rallen@glaserweil.com>, <tmcdermott@psh.com>, <tjm@psh.com>, <agiron@psh.com>

Mr. Allen:

Pursuant to Rule 34, I am requesting production of the following electronic items:
- The four allegedly infringing videos mentioned in Thiccc Boy Productions, Inc.'s initial complaint in Case No :22-cv-00090.

Because these videos are a foundation of your case, I assume you have them readily available and can produce them within five (5) days. As you know, under Rule 34(b)(2), we can agree to less than the thirty (30) days that is typical for fulfilling this kind of request, or the court can order a shorter time. If you are unwilling to produce the videos within five (5) days, I intend to petition the court to order a shorter period to expedite the resolution of this case.

You can send copies either electronically to this e-mail address, or if that is not possible due to technological constraints, via electronic storage methods mailed to my address filed with the Court. Please notify me if the files have been sent via mail. Thank you for your time.

Kyle Swindelles


Sender notified by
Mailtrack


Sender notified by
Mailtrack

# EXHIBIT B

 1 attachment(154 KB)

---------- Forwarded message ----------
From: **Kyle Swindelles** <yewneekent@gmail.com>
Date: Sun, Dec 4, 2022 at 2:46 PM
Subject: Case 1:22-cv-00090-MSM-PAS
To: <rallen@glaserweil.com>, <tmcdermott@psh.com>

Sender notified by
Mailtrack

Sender notified by
Mailtrack

# EXHIBIT C

---------- Forwarded message ---------
From: **Kyle Swindelles** <yewneekent@gmail.com>
Date: Fri, Jan 6, 2023 at 3:50 PM
Subject: Thiccc Boy v. Swindelles (1:22-cv-00090)
To: <rallen@glaserweil.com>, <tmcdermott@psh.com>


Mr. Allen:

On November 18, 2022, I sent a discovery request to you via e-mail seeking an expedited production of the four allegedly infringing videos that are the basis of your client Thiccc Boy Productions' lawsuit. You ignored that e-mail, but it was still a valid request for discovery. Though you did not agree to the expedited schedule I proposed, the typical 30-day window for a response has passed as well.

Do you intend to comply with this request for discovery? If not, please explain why you will not comply. Thank you for your time.

Kyle Swindelles


Sender notified by Mailtrack


Sender notified by Mailtrack