**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| THICCC BOY PRODUCTIONS INC.<br><br>Plaintiff,<br><br>v.<br><br>KYLE SWINDELLES a/k/a YEW NEEK NESS; and DOES 1 through 10,<br><br>Defendants. | Case No. 1:22-cv-00090-MSM-PAS<br><br>**PLAINTIFF THICCC BOY PRODUCTIONS INC.'S OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS** |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ....................1

II. STATEMENT OF FACTS ....................1

III. ARGUMENT ....................6

A. Plaintiff Has Worked to Quickly and Efficiently Resolve this Case and Timely Produced the Infringing Videos. ....................7

B. Plaintiff Did Not Conceal Any Discovery And Did Not Make A Misrepresentation to the Court....................10

C. The Deposition of Swindelles Was Carried Out Properly. ....................12

D. Plaintiff Properly Relied on and Cited *Seuss* and *Warhol*. ....................13

E. Swindelles' Requested Sanction Award Is Not Appropriate Because Swindelles Has Continued to Earn Income from YouTube. ....................15

IV. CONCLUSION....................16

# TABLE OF AUTHORITIES

**Page**

**CASES**


*A.J. Amer Agency, Inc. v. Astonish Results, LLC*,
No. CA 12-351S, 2013 WL 9663951 (D.R.I. Feb. 25, 2013) .......... 11

*Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith*,
598 U.S. 508, 143 S. Ct. 1258, 215 L. Ed. 2d 473 (2023) .......... 14

*Andy Warhol Found. for Visual Arts, Inc. v. Goldsmith*,
11 F.4th 26 (2d Cir. 2021) .......... 14

Andy Warhol Found. for Visual Arts, Inc. v. Goldsmith,
142 S. Ct. 1412, 212 L. Ed. 2d 402 (2022) .......... 14

*Aponte-Navedo v. Nalco Chem. Co.*,
268 F.R.D. 31 (D.P.R. 2010) .......... 12

*Campbell v. Acuff-Rose Music, Inc.*,
510 U.S. 569 (1994) .......... 14, 15

*Cox v. Sherman Cap. LLC*,
2013 WL 2432148 (S.D. Ind. June 4, 2013) .......... 10

*Davis v. Elec. Arts Inc.*,
2017 WL 8948082 (N.D. Cal. Sept. 12, 2017) .......... 11

*Dr. Seuss Enterprises L.P. v. Penguin Books USA, Inc.*,
109 F.3d 1394 (9th Cir. 1997) .......... 13, 14

*Dr. Seuss Enterprises, L.P. v. ComicMix LLC*,
983 F.3d 443 (9th Cir. 2020) .......... 14

*Ellis v. Maine*,
448 F.2d 1325 (1st Cir. 1971) .......... 5

*In re Kunstler*,
914 F.2d 505 (4th Cir. 1990) .......... 8

*McGucken v. Pub Ocean Ltd.*,
42 F.4th 1149 (9th Cir. 2022) .......... 14

*Monsarrat v. Newman*,
28 F.4th 314 (1st Cir. 2022) .......... 9, 15

*Soc'y of Holy Transfiguration Monastery, Inc. v. Gregory*,
689 F.3d 29 (1st Cir. 2012) .......... 15

*Vogts v. Penske Media Corp.*,
2023 WL 7107276 (C.D. Cal. Aug. 30, 2023) .......... 14

**RULES**

Fed. R. Civ. P. 11 .......... 7

Fed. R. Civ. P. 12(b)(6) .......... 9

Fed. R. Civ. P. 30(a)(1) .......... 12

Fed. R. Civ. P. 36(a)(1) .......... 4

Fed. R. Civ. P. 37(a)(1) .......... 11

Fed. R. Civ. P. 5(b)(2) .......... 4

Fed. R. Civ. P. 5(b)(2)(E) .......... 11

## I. INTRODUCTION

Plaintiff Thiccc Boy Productions, Inc. ("Plaintiff") opposes Defendant Kyle Swindelles' ("Swindelles") Motion for Sanctions (the "Motion") and respectfully requests that the Court deny his Motion in its entirety. Swindelles already filed a motion for sanctions on September 13, 2022, and the Court soundly denied it. (ECF No. 22, 3/6/23 Text Order.) Swindelles' claim—that Plaintiff initiated this litigation in bad faith, and then delayed it, all in an effort to harass Swindelles—is not only false, but closely matches an argument that Swindelles already made in his first motion. Swindelles' other arguments are meritless on the facts and law. Plaintiff is entitled to its costs in having to oppose and respond to this baseless motion.

## II. STATEMENT OF FACTS

Plaintiff commenced this action against Swindelles on February 28, 2022. (ECF No. 1.) The complaint alleges that Swindelles committed copyright infringement by creating and uploading videos to YouTube that copy substantial portions of Plaintiff's podcast, *The Fighter and The Kid.* (*Id.*, ¶¶ 7, 17.) The complaint names the four audiovisual works that Swindelles copied and provides the dates each work was uploaded to YouTube (*Id.*, ¶¶ 7, 10). After receiving DMCA take-down notices for the videos, Swindelles sent DMCA counter-notices to YouTube in an attempt to reinstate the videos (*Id.*, ¶ 14; ECF 51-4, ¶¶ 74-79). The DMCA notices and counter-notices (which have been submitted into evidence as ECF Nos. 49-2, 49-3, 49-4, 49-5) provide unique hyperlinks to each of Swindelles' infringing videos. In the counter-notices, Swindelles provided descriptions of each of the infringing videos in an effort to show that they constituted fair use. (ECF Nos. 49-2, 49-3, 49-4, 49-5.) Moreover, because the original works were still available on YouTube (and he copied them extensively), Swindelles could have reviewed the original works to ascertain the infringing videos. Thus, Swindelles cannot credibly claim that he was ignorant of the identity of the four infringing videos that he created, uploaded to YouTube, and described in his counter-notices.

Swindelles received the DMCA take-down notices for his two YouTube channels ("Yew Neek" and "Yew Neek Ness") on February 15 and 16, 2022 (ECF No. 48, ¶ 5.) One day later, on

February 17, 2022, Swindelles created a new YouTube channel named "Yew Neek Entertainment" and immediately began posting videos critical of Plaintiff's podcast, and its host, Brendan Schaub. (ECF No. 51-4, ¶ 81.) From February 17, 2022 to December 11, 2023, Swindelles has posted a total of 374 videos to his new channel, approximately four videos each week.[1] As Swindelles admitted, the vast majority of these videos attack Mr. Schaub. (ECF No. 51-4, ¶ 83.) Thus, contrary to Swindelles' claims, this litigation has ***not*** cut off his source of income from YouTube or "silenced" him. (*Id.*, ¶¶ 83, 86, 87.)

From the outset, Swindelles demonstrated that he would not treat this case with any modicum of timeliness or professionalism. Swindelles filed two deficient answers to Plaintiff's complaint on April 14, 2022 and May 9, 2022. (ECF Nos. 8, 15.)[2] The Court struck the second answer and ordered Swindelles to file a proper answer no later than July 15, 2022. (6/2/22 Text Order.) Swindelles filed his answer on June 29, 2022—over four months after the complaint was filed. (ECF No. 18.) Due to Swindelles' delay, on July 7, 2022, the Court entered a new scheduling order setting the close of fact discovery as January 9, 2023 and the deadline for dispositive motions as May 10, 2023. (ECF No. 20.)

Swindelles also failed to meet his discovery obligations in a timely manner. On May 27, 2022, Plaintiff served interrogatories, requests for admission, and requests for production on Swindelles. (Allen Decl., Ex. 1, Ex. 2, Ex. 3.) Swindelles did not respond. On July 13, 2022, Plaintiff sent a letter to Swindelles regarding his failure to respond and explaining the consequences of such failure. (*Id.*, Ex. 4.) In the letter, Plaintiff offered Swindelles another opportunity to provide responses. Again, Swindelles did not respond. On August 18, 2022, Plaintiff sent a second letter to Swindelles informing him that if Plaintiff did not receive a prompt response, it would be filing a motion for partial summary judgment on liability for copyright infringement. (*Id.*, Ex. 5.) Once again, Swindelles did not respond.

[1] https://www.youtube.com/@YewNeekEnt/videos

[2] On April 25, 2022, prior to the filing of the second answer, the Court held a conference with the parties during which it explained to Swindelles how to file a proper answer and provided him with copies of the required forms to file. (ECF No. 13.)

Swindelles was certainly aware of the discovery requirements. He displayed and read from Plaintiff's letters describing the discovery requirements on his social media livestreams on July 13 and August 19, 2022, while issuing outrageous and derogatory attacks against Plaintiff and its lawyers. (ECF No. 21-3.)

Plaintiff, by contrast, moved forward in litigating this case to a resolution. On August 29, 2022, Plaintiff filed a motion for partial summary judgment. (ECF No. 21.) Plaintiff brought its motion on the grounds that, due to Swindelles's repeated failure to respond to the requests, all the facts necessary to establish the elements of copyright infringement and defeat Swindelles's defense of fair use were undisputed. Swindelles has never filed a response or opposition to Plaintiff's motion.

On September 13, 2022, Swindelles filed a motion for sanctions against Plaintiff. (ECF No. 22.) Swindelles falsely claimed—just as he does in this Motion—that "Plaintiff filed this action solely to harass, silence, and intimidate [Swindelles] with expensive, prolonged litigation." (ECF No. 22, 2.) Plaintiff responded on September 27, 2022, explaining that Swindelles' claims were meritless and that Plaintiff has a viable claim for copyright infringement. (ECF No. 23.) On March 6, 2023, the Court denied Swindelles' motion. (3/6/23 Text Order.)

On October 31, 2022, Swindelles filed his own motion for summary judgment. (ECF No. 25.) Plaintiff responded on November 9, 2022, and Swindelles filed a reply on November 16, 2022. (ECF Nos. 27, 30.)

Having still not responded to Plaintiff's discovery requests, Swindelles began his own attempts to obtain discovery from Plaintiff. On November 18, 2022, Swindelles sent an email demanding production of the infringing videos. (Motion, Ex. A.) On December 4, 2022, Plaintiff received another email attaching requests for admission and interrogatories. (Motion, Ex. B; Allen Decl., Ex. 6, Ex. 7.) On December 23, 2022, less than three weeks later, Plaintiff served its objections and responses to Swindelles's requests for admission and interrogatories. (Allen Decl., Ex. 8, Ex. 9.) Plaintiff objected to the requests on several bases, including that they were

not properly served under Fed. R. Civ. P. 5(b)(2) and that the requests for admissions were addressed to a non-party in violation of Fed. R. Civ. P. 36(a)(1). (*See, e.g.*, Ex. 8 at 4, Ex. 9 at 5.) Swindelles never challenged these objections or filed a motion to compel. In fact, Swindelles now concedes that Plaintiff's objections regarding improper service were correct. (Motion, 5.)

On December 28, 2022, Plaintiff requested a status conference with the Court. (ECF No. 34.) On March 6, 2023, the Court denied the request. (3/6/23 Text Order.)

On February 15, 2023, the Court denied both parties' motions for summary judgment without prejudice (ECF No. 37.) On February 24, 2023, Plaintiff received a new round of interrogatories, including requests for production, and requests for admission from Swindelles. (Allen Decl., Ex. 10, Ex. 11, Ex. 12.) Unlike his previous requests, Swindelles served these by USPS mail. (*Id.*, Ex. 11 at 10.) Under the Federal Rules, the deadline to respond was 30 days later (i.e., March 27, 2023).

On March 21, 2023, the parties held a discovery dispute conference with Magistrate Judge Sullivan. (3/21/23 Text Entry.) Plaintiff requested the conference because Swindelles still had not responded to Plaintiff's May 27, 2022 interrogatories or requests for production, served 10 months previously.[3] Plaintiff also sought to depose Swindelles, who was attempting to block Plaintiff from taking his deposition. (ECF No. 38.)

The Court ordered that Plaintiff was entitled to take Swindelles' deposition and that all pending discovery responses must be provided by April 14, 2023. (3/21/23 Text Order). As to the infringing videos, Plaintiff explained to Judge Sullivan that the deadline to respond to Swindelles' February 24, 2023 discovery requests was March 27, 2023, and that Plaintiff would agree to produce the videos at that time. Swindelles did not dispute that timing.

On March 27, 2023, in accordance with the discovery deadline, Plaintiff served responses to Swindelles' requests for admission, interrogatories, and request for production. (Allen Decl., Ex. 13, Ex. 14, Ex. 15.) As discussed during the discovery conference, Plaintiff's responses

[3] In the summary judgment order, the Court permitted Swindelles to withdrew his admissions and respond to the requests for admission by filing a response on the docket, which was filed on December 1, 2022.

***agreed*** to produce the four infringing works. (*Id.*, Ex. 14 at 4.) The very next day, on March 28, 2023, Plaintiff produced the four infringing videos to Swindelles. (*Id.*, Ex. 16.)

On April 14, 2023, Swindelles sent his responses to Plaintiff's requests for production and interrogatories, as the Court had ordered him to do. On April 21, 2023, Plaintiff requested a second discovery conference with Judge Sullivan. Swindelles still had not provided a single document in discovery, including, for example, any documents showing the amount of income he received for the infringing videos. The parties held the second conference on April 25, 2023, during which Judge Sullivan reminded Swindelles to take his discovery obligations seriously. (4/25/23 Minute Entry.)

The parties agreed to hold the deposition of Swindelles on April 28, 2023. However, two hours before the deposition, Swindelles informed counsel that he would not be attending. The parties agreed to push back the fact discovery deadline to accommodate Swindelles. (ECF No. 41, 5/4/23 Text Order.) Swindelles' deposition would have to be held at a later date.

On May 5, 2023, Plaintiff took the deposition of Swindelles. Swindelles testified that, although he had personally signed all of the pleadings filed in this case, he had not written, researched, or verified their contents, and that he had no understanding of the caselaw he was citing. (Allen Decl., Ex. 17, 142:11-17, 144:13-145:2, 162:6-8.) Swindelles further testified that the pleadings were written by a ghost-writer who Swindelles did not know, and that he did not know whether the person is an attorney. (*Id.*, 143:4-144:4.) Swindelles testified that his girlfriend communicates with this ghost-writer through a burner email account. (*Id.*, 151:7-152:7.) When asked what information his girlfriend had provided to the ghost-writer and to Swindelles, Swindelles refused to answer. (*Id.*, 153:4-9, 154:17-155:6.) In an abundance of caution, Plaintiff went off the record and attempted to contact Judge Sullivan to obtain a ruling on Swindelles' objections to providing testimony, but was unable to reach Judge Sullivan at that time. (*Id.*, 162:21-163:7, 163:19-164:3.)[4]

[4] Swindelles' use of ghost-writer violates First Circuit precedent. *Ellis v. Maine*, 448 F.2d 1325 (1st Cir. 1971).

On May 10, 2023, Plaintiff requested a third discovery conference with Judge Sullivan to discuss various issues raised by the deposition. At the May 16, 2023 conference, the parties and Court discussed Swindelles' use of a ghost-writer, Swindelles' refusal to answer questions about his girlfriend's communications with the ghost-writer, and Swindelles' responsibilities under the stipulated protective order. (5/16/23 Minute Entry.)

On July 10, 2023, the Court granted the parties' requests to file second motions for summary judgment, setting a deadline to do so of August 1, 2023. (7/10/23 Text Orders.) Both parties then filed motions for summary judgment addressing the issues of copyright infringement, fair use, and damages. (ECF Nos. 47, 49.) The parties' motions were fully briefed on August 24, 2023.

On September 23, 2023, Swindelles informed Plaintiff's counsel that he intended to file a motion for sanctions. Swindelles attached a copy of his draft motion, which is substantially the same as the motion he filed on November 28, 2023. (ECF No. 60.) On October 19, 2023, Plaintiff sent Swindelles a letter response refuting each of the points made by Swindelles in his draft motion for sanctions and informing him that bringing the motion may expose him to possible sanctions. (Allen Decl., Ex. 18.) Swindelles' motion for sanctions offers no response to the issues raised in Plaintiff's letter.

On November 30, 2023, Plaintiff filed a request for mediation before the Court's Administrator-Mediator Berry B. Mitchell, Ph.D. and for a continuation of all deadlines relating to Swindelles' motion for sanctions. (ECF No. 61.) Plaintiff's request remains pending.

## III. ARGUMENT

Swindelles seeks sanctions against Plaintiff, claiming that: (1) Plaintiff is seeking to "drag this litigation on for as long as possible" to "harass" Swindelles, (2) Plaintiff concealed and refused to produce the infringing videos, (3) Plaintiff made a misrepresentation to the Court regarding Swindelles' failure to initiate a meet-and-confer, (4) Plaintiff's counsel was unprepared for and experienced technical difficulties during the remote deposition of Swindelles, and (5) Plaintiff, in its first motion for summary judgment, did not properly cite two fair use

decisions. For these alleged "violations," Swindelles claims that he is entitled to all of the income he purports to have lost from YouTube since this litigation was filed. For the reasons detailed below, most of Mr. Swindelles' allegations are false. Plaintiff has done nothing wrong, and certainly has not violated Rule 11.

**A. Plaintiff Has Worked to Quickly and Efficiently Resolve this Case and Timely Produced the Infringing Videos.**

Swindelles' claims about prolonged and harassing litigation should be rejected, just as they were previously. (ECF No. 22, 3/6/23 Text Order.) As detailed in the Statement of Facts above, Plaintiff has not missed a single deadline in this case and has complied with the Court's scheduling orders (which have been pushed back due to Swindelles' failure to meet his deadlines). During the months in which the parties' motions for summary judgment were pending (August 2022 to February 2023, and July 2023 to present), there was little action the parties could take. At all other times, Plaintiff has diligently and timely responded to all of Swindelles' discovery requests, including for the infringing videos. In fact, Swindelles did not serve a proper discovery request for the infringing videos until February 24, 2023, as his motion concedes. (Motion, 6.)[5] In Plaintiff's responses served on March 27, 2023, Plaintiff agreed to produce the videos, and then served them the very next day, March 28, 2023. (Allen Decl., Ex. 14 at 4, Ex. 16.)

Plaintiff's professional conduct stands in stark contrast to Swindelles'. Without explanation, Swindelles did not respond to Plaintiff's May 27, 2022 discovery requests until December 2022 and April 2023, seven and eleven months later. Swindelles also made outrageous and derogatory attacks on Plaintiff's lawyers and mocked his discovery obligations on social media. (ECF No. 21-3.) Despite specific instructions from the Court on how to file an answer, Swindelles failed to do so until ordered by the Court. (ECF No. 13, 6/2/22 Text Order.) As a result of Swindelles' delays, the Court was forced to push back the deadlines in the

[5] Swindelles' Motion claims that the requests were mailed two days earlier, on February 22, 2023. The requests themselves are undated, but they were received at counsel for Plaintiff's offices on February 24, 2023.

scheduling order. (ECF No. 20.) Swindelles' failure to meaningfully participate in the discovery process has required Plaintiff to repeatedly request discovery conferences with the Court. (3/21/23, 4/25/23, & 5/16/23 Minute Entries.) Swindelles even attempted to block Plaintiff from taking his deposition until the Court ordered him to appear. (3/21/23 Text Order.) Even then, on the scheduled date of the deposition, Swindelles informed counsel just two hours before the deposition that he would not attend, forcing the parties to hold the deposition at a later date and postpone the end of fact discovery. (ECF No. 41, 5/4/23 Text Order.) After Swindelles responded to the discovery, he failed to produce a single document. At Plaintiff's request, the parties held another discovery conference with the Court to compel Swindelles to turn over documents in his possession related to gross revenues. Swindelles eventually produced the documents. (ECF No. 49-10.) Any undue delay in the litigation is the result of Swindelles' actions, not Plaintiff's.

Swindelles points to statements that Mr. Schaub made prior to the litigation being filed, claiming these statements prove that Mr. Schaub's "motivation for initiating his lawsuit … was to stop 'defamation of character.'" (Motion, 3.) Mr. Schaub's statements hardly justify sanctions. *See In re Kunstler*, 914 F.2d 505, 518–19 (4th Cir. 1990) ("An opponent in a lawsuit, particularly a defendant, will nearly always subjectively feel that the lawsuit was brought for less than proper purposes; plaintiffs and defendants are not often on congenial terms at the time a suit is brought. However, a court must ignore evidence of the injured party's subjective beliefs and look for more objective evidence of the signer's purpose."). Swindelles pointed to the same statements in his first motion for sanctions, which was denied. (ECF No. 22, 3/6/23 Text Order.) Mr. Schaub, much like Swindelles, is neither a lawyer nor understood the proper legal position to take when he made that statement, which is why he hired counsel. There is no doubt that Plaintiff has a valid copyright infringement claim against Swindelles given that there is no dispute that Plaintiff has met the two elements to establish a prima facie case of copyright infringement: (1) it owns the four copyrighted works at issue that have been timely registered with the Copyright Office; and (2) Swindelles copied Plaintiff's copyrighted works in connection with the making of

Swindelles' videos and then posting them to his YouTube channels. Indeed, Swindelles admitted during his deposition to copying each of Plaintiff's works. (ECF 51-4, ¶ 41.)

Next, Swindelles claims that Plaintiff did not include the infringing videos in its complaint so as to prevent Swindelles from filing a Fed. R. Civ. P. 12(b)(6) motion. (Motion, 3-4.) Swindelles' argument fails for several reasons. First, the First Circuit has instructed that although "sometimes the defense of fair use is capable of vindication on a motion to dismiss," "given that burden allocation and the typical factual considerations," "a motion to dismiss pursuant to Rule 12(b)(6) generally provides an unaccommodating vehicle for adjudicating fair use." *Monsarrat v. Newman*, 28 F.4th 314, 321 (1st Cir. 2022). Here, the Court noted the various "factual disputes" in its summary judgment order, finding that Swindelles had not "dispelled any possible factual dispute to warrant dismissal based on an affirmative defense." (ECF No. 37 at 7-8.) Thus, it is doubtful that Swindelles would have met his burden of proving fair use on a motion to dismiss even with the infringing videos.

Second, Swindelles cannot reasonably plead ignorance as to which of his videos were infringing. Plaintiff's complaint expressly refers to which works were reposted by Swindelles, including the dates of the works. (ECF No. 1, ¶¶ 7-10.) Given that Swindelles copied these works extensively, Swindelles could or should have determined which videos were infringing by reviewing these original works. Swindelles also received a DMCA takedown notice that explicitly referred to and linked the ***exact*** videos being accused of infringement, and Swindelles submitted a counter-notification ***describing*** his videos. (ECF Nos. 49-2, 49-3, 49-4, 49-5.)

Finally, Swindelles refers to his Affidavit describing the infringing videos, suggesting that the infringing videos somehow vindicate his position. (Motion, 5.) The videos, however, actually undermine Swindelles' positions, as the Affidavit contains numerous inaccuracies, including that each of the videos was between four and eight minutes, that "fifty percent" of the videos consist of Swindelles talking, that Swindelles has never posted "lengthy clips" of the podcast. (ECF No. 31.) These sworn statements are directly refuted by the videos themselves.

(ECF No. 51-4, ¶¶ 36-56. Swindelles even admitted in deposition that similar statements in his sworn counter-notices were false. (*Id.*, ¶¶ 53, 79.)

**B. Plaintiff Did Not Conceal Any Discovery And Did Not Make A Misrepresentation to the Court.**

Swindelles argues that Plaintiff "concealed" discovery and made a "false statement" to the Court. (Motion, 3.) Swindelles is incorrect on both points.

Regarding the alleged "concealed" discovery, there was no concealment by Plaintiff. In fact, Plaintiff ***disclosed*** that it possessed the infringing videos. As the Court noted in its summary judgment order, Plaintiff "disclosed that it does have copies of the accused videos in its possession." (ECF No. 37 at 6 (citing ECF No. 36 at 3).) The Court noted that "a more experienced litigant would likely have requested that [Plaintiff] produce the videos through discovery and not made Mr. Swindelles' mistaken assumption regarding their existence." (*Id.*) Thus, the Court recognized that the videos had not been produced yet because Swindelles did not serve a discovery request for them. Swindelles's Motion itself concedes that he did not serve a proper discovery request for the infringing videos until after the Court's summary judgment order, on February 24, 2023. (Motion, 6.) Thirty days later, on March 27, 2023, Plaintiff ***agreed*** to produce the videos in its discovery responses. (Allen Decl., Ex. 14 at 4.) One day later, on March 28, 2023, Plaintiff produced the videos. (*Id.*, Ex. 16.)

Swindelles argues that he served earlier requests for production, interrogatories, and requests for admission in November and December 2022. (Motion, 5.) Swindelles' position cannot be squared with his concession that "the rules require written permission from the other party for electronic service of discovery." (*Id.*) The "request for production" appears in the body of an email sent to Plaintiff's counsel. (Motion, Ex. A.) These interrogatories and requests for admission were included as attachments to another email. (*Id.*, Ex. B.) Plaintiff has never consented to service of discovery by email, and therefore, Swindelles' emails were not proper discovery requests. *See* Fed. R. Civ. P. 5(b)(2)(E); *Cox v. Sherman Cap. LLC*, 2013 WL 2432148, at *2 (S.D. Ind. June 4, 2013) ("The Request for Admission was not properly served …

the Defendants did not consent to electronic service in writing."); *Davis v. Elec. Arts Inc.*, 2017 WL 8948082, at *2 (N.D. Cal. Sept. 12, 2017) ("Service was also not properly effected by emailing the discovery to defense counsel. Rule 5(b)(2)(E) authorizes service by 'electronic means if the person consented in writing.' Plaintiffs do not present any evidence that Defendant consented to electronic service in writing."). Swindelles failed to properly serve these requests.

On December 22, 2022, Plaintiff responded to the requests for admission and interrogatories, objecting to the email discovery for failure to comply with the service requirement of Fed. R. Civ. P. 5(b)(2)(E). (*See, e.g.*, Allen Decl., Ex. 8 at 4, Ex. 9 at 5.) Swindelles argues that Plaintiff "waived" that objection by providing a response. (Motion, 5.) That is not correct. Each of the responses included this precise objection. (*See, e.g.*, Allen Decl., Ex. 8 at 4, Ex. 9 at 5.) Thus, there was no waiver by Plaintiff. Moreover, Swindelles never requested a discovery conference with the Court or filed a motion to compel.

Regarding the alleged "false statement," Swindelles is also incorrect. Swindelles refers to the following statement in Plaintiff's reply in support of its motion for a status conference: "Swindelles has not attempted to initiate any meet-and-confer with [Plaintiff] to discuss his discovery requests." (Motion, 6.) The statement is correct. Swindelles claims that he attempted a meet and confer via email dated January 6, 2023, but Swindelles' email is not a meet and confer or an attempt at one. Swindelles' email (Motion, Ex. B.) did not request a meet and confer or offer any times or availability to discuss his attempts to obtain discovery. Plaintiff's counsel responded to Swindelles' email, inquiring as to whether Swindelles had obtained legal representation. (Allen Decl., Ex. 19.) Swindelles did not respond.

Courts have found a failure to meet and confer in similar circumstances involving email communications. *See A.J. Amer Agency, Inc. v. Astonish Results, LLC*, No. CA 12-351S, 2013 WL 9663951, at *2 (D.R.I. Feb. 25, 2013) ("The meet and confer requirement in Rule 37(a)(1) is not an empty formality and cannot be satisfied merely by including copies of correspondence that discuss the discovery at issue, particularly when the correspondence only shows the movant threatening a motion to compel if all the requested discovery is not produced. ***Nor do hostile e-***

***mails back and forth that reiterate discovery demands satisfy the meet and confer requirement.***”). One court in this Circuit has held that to engage in a meet and confer, the parties should discuss the issues “either personally or through a telephone conference.” *Aponte-Navedo v. Nalco Chem. Co.*, 268 F.R.D. 31, 40 (D.P.R. 2010).

Plaintiff’s statement regarding the lack of a meet and confer was accurate. In any event, the Court denied the motion for a status conference, and the parties went on to hold several discovery conference with Judge Sullivan.

**C. The Deposition of Swindelles Was Carried Out Properly.**

Each of Swindelles’ arguments regarding his May 5, 2023 deposition should be rejected.

First, Swindelles claims that deposition was overly burdensome and should have taken place earlier in the case. (Motion, 6-7.) As the Court ordered, Plaintiff was entitled to take Swindelles’ deposition under Fed. R. Civ. P. 30(a)(1). (3/21/23 Text Order.) The deposition resulted in important testimony regarding the infringing videos used by Plaintiff as part of its summary judgment briefing. (*See, e.g.*, ECF No. 51-4, ¶¶ 41, 57-65.) If Swindelles wanted an earlier deposition, he should have participated in discovery in a timely manner. Plaintiff attempted to begin the discovery process much earlier in the case when it served discovery requests on May 27, 2022. (Allen Decl., Ex. 1, Ex. 2, Ex. 3.) Swindelles failed to respond to the requests for admission until December 2022, and the interrogatories and requests for production until April 2023 (when ordered to do so by the Court). Even then, Swindelles failed to produce any documents until Plaintiff sought Court intervention.

Second, that Plaintiff’s counsel experienced technical difficulties during the deposition hardly justifies sanctions. The deposition took place at the Providence offices of local counsel, and the attorney taking the deposition, Robert Allen, appeared remotely from Los Angeles via Zoom. During the deposition, Mr. Allen attempted to play the infringing videos for Swindelles as part of his questioning, but experienced issues with the audio. (Allen Decl., Ex. 17, 69:23-70:6.) The issue was eventually resolved by having Plaintiff’s local counsel, Travis McDermott, play the videos at the office. (*Id.*, 95:1-21.)

Finally, Swindelles contends that certain questions were harassing. (Motion, 8-9.) Not so. The vast majority of questions pertained specifically to Plaintiff's works, the infringing videos, and Swindelles' YouTube channels. (ECF No. 51-4, ¶¶ 37-65, 78-87.) Even some of the questions cited by Swindelles in his Motion obviously deal with fair use. (Motion, 8-9 (citing questions about fair use and transformative use).) Other questions relate to Swindelles' drafting of briefs in this case. (Allen Decl., Ex. 17, 142:11-17, 144:13-145:2, 162:6-8.) Swindelles never objected to this line of questioning.

During the deposition, Swindelles revealed that the pleadings signed by him were written by a ghost-writer who Swindelles did not know, and that he did not know whether the person is an attorney. (*Id.*, 143:4-144:4.) Swindelles testified that his girlfriend communicates with this ghost-writer through a burner email account. (*Id.*, 151:7-152:7.) When asked what information his girlfriend had provided to the ghost-writer, Swindelles refused to answer. (*Id.*, 153:4-9, 154:17-155:6.) In an abundance of caution, Plaintiff went off the record and attempted to contact Judge Sullivan to obtain a ruling on Swindelles' objections to providing testimony, but was unable to reach Judge Sullivan at that time. (*Id.*, 162:21-163:7, 163:19-164:3.) Another set of questions involved statements made by Swindelles about both this lawsuit and Plaintiff's lawyers. (ECF No. 21-3.)

Plaintiff was entitled to take Swindelles' deposition and did so in a professional manner.

**D. Plaintiff Properly Relied on and Cited *Seuss* and *Warhol*.**

Finally, Swindelles argues that Plaintiff should be sanctioned because it did not refer to certain language from the Ninth Circuit's decision in *Seuss* and the Second Circuit's decision in *Warhol*.[6] Swindelles' position ignores binding Supreme Court and First Circuit precedent. Specifically, Swindelles contends that Plaintiff inappropriately cited *Dr. Seuss Enterprises L.P. v. Penguin Books USA, Inc.*, 109 F.3d 1394, 1400 (9th Cir. 1997) regarding the fourth fair use factor in its November 9, 2022 opposition to Swindelles' first motion for summary judgment.

[6] Both of these arguments are essentially copy-and-pasted from Swindelles' summary judgment reply. (ECF No. 30 at 4, 6.) The Court denied Swindelles' motion. (ECF No. 37.)

Swindelles argues that Plaintiff should have mentioned that *Seuss* involved a preliminary injunction, not summary judgment. (Motion, 11.)

The language cited by Plaintiff applies with equal force to summary judgment. The statement in *Seuss* cited by Plaintiff cites the Supreme Court's decision in *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569 (1994). *Campbell* involved summary judgment, stating in unequivocal terms: "it is impossible to deal with the fourth factor except by recognizing that a silent record on an important factor bearing on fair use disentitled the proponent of the defense, 2 Live Crew, ***to summary judgment***." *Campbell*, 510 U.S. at 594. Supreme Court precedent thus confirms that Plaintiff was correct in citing this language and that Swindelles' position is wrong.[7]

In accord, other courts have repeatedly confirmed that the language from *Seuss* regarding the infringer's burden applies not just to preliminary injunctions, but also to summary judgment. *McGucken v. Pub Ocean Ltd.*, 42 F.4th 1149, 1163 (9th Cir. 2022) ( "Pub Ocean, 'as the proponent of the affirmative defense of fair use, must bring forward favorable evidence about relevant markets.'" (citing *Dr. Seuss*, 983 F.3d at 459) (reversing grant of ***summary judgment***)); *Dr. Seuss Enterprises, L.P. v. ComicMix LLC*, 983 F.3d 443, 459 (9th Cir. 2020) ("[s]ince fair use is an affirmative defense, its proponent would have difficulty carrying the burden of demonstrating fair use without favorable evidence about relevant markets.") (reversing grant of ***summary judgment***); *Vogts v. Penske Media Corp.*, 2023 WL 7107276, at *19 (C.D. Cal. Aug. 30, 2023) ("It is Defendant's burden, as the proponent of the affirmative defense of fair use, to bring forward favorable evidence about relevant markets.") (citing *Seuss*) (granting ***summary judgment*** that infringer was not entitled to fair use defense).

As for *Warhol*, Swindelles claims that Plaintiff violated its duty of "candor" by omitting certain language in a sentence from the decision about the copyright holder's "initial burden."[8]

---

[7] Defendant (or his ghost-writer) is well aware of *Campbell*. (*E.g.*, ECF No. 30.)

[8] The following underlined language was omitted: "While our prior cases have suggested that the rightsholder bears some initial burden of identifying relevant markets, we have never held that the rightsholder bears the burden of showing actual market harm. *Andy Warhol Found. for Visual Arts, Inc. v. Goldsmith*, 11 F.4th 26, 49 (2d Cir. 2021), *cert. granted*, 142 S. Ct. 1412, 212 L. Ed.

Swindelles' argument widely misses the mark. It is black-letter law in the First Circuit, like all of the other Circuits, that the alleged infringer bears the burden of proof on a fair use defense. *Soc'y of Holy Transfiguration Monastery, Inc. v. Gregory*, 689 F.3d 29, 59 (1st Cir. 2012) ("'[F]air use is an affirmative defense' for which its proponent bears the burden.") (citing *Campbell*, 510 U.S. at 590); *Monsarrat v. Newman*, 28 F.4th 314, 321 (1st Cir. 2022) (similar). Critically, neither *Gregory* nor *Monsarrat* mention any "initial burden" held by the copyright holder, and instead, state, as did Plaintiff, that the burden rests on the alleged infringer. Plaintiff's statement regarding the burden of proof resting on Defendant was correct.

### E. Swindelles' Requested Sanction Award Is Not Appropriate Because Swindelles Has Continued to Earn Income from YouTube.

As described in the proceeding sections, Plaintiff has conducted this lawsuit and treated Swindelles with respect and professionalism. Swindelles is not entitled to any sanctions, let alone an amount of $47,150.40 or $34,675.00, as he demands. (Motion, 14.) Swindelles argues that his YouTube channel generated "$2,481,60 per full month in revenue while it was up and running." (Motion, 3.) However, Swindelles has a new channel, Yew Neek Entertainment, which he set up the day after his previous channels were shut down. (ECF No. 51-4, ¶ 81.) On his new channel, the vast majority of videos attack Mr. Schaub and his family.[9] Swindelles' channel has generated hundreds of thousands of views and income for Swindelles. (ECF No. 51-4, ¶¶ 86-87.)

Thus, this lawsuit has ***not*** cut off his income from YouTube. If anything, this lawsuit has brought ***more*** attention and views for Swindelles and his videos. The Court should not award any sanctions to Swindelles.

---

2d 402 (2022), *and aff'd sub nom. Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith*, 598 U.S. 508, 143 S. Ct. 1258, 215 L. Ed. 2d 473 (2023).

[9] A sampling of Swindelles' recent videos: "Brendan Schaub's Wife Proves She's DUMBER Than Brendan!!!!" (https://www.youtube.com/watch?v=Izb_62e-REA); "Brendan Schaub Left His Wife And Newborn Daughter To Have Thanksgiving By Himself!!!" (https://www.youtube.com/watch?v=QXXSg2uU4Yg); "Brendan Schaub Exposed For Cheating On His Wife With Whitney Cummings!!!" (https://www.youtube.com/watch?v=38fgiCQvRMM).

## IV. CONCLUSION

The Court should deny Defendant's motion in its entirety and award Plaintiff its costs in having to prepare this response.

Respectfully submitted,
Thiccc Boy Productions Inc.

DATED: December 12, 2023

*<u>/s/ Robert E. Allen</u>*
Robert E. Allen *(Admitted pro hac vice)*
GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
(310) 553-3000
rallen@glaserweil.com

and

Travis J. McDermott (#8738)
PARTRIDGE SNOW & HAHN LLP
40 Westminster Street, Suite 1100
Providence, RI 02903
(401) 861-8217
tmcdermott@psh.com